UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KETURAH MIXON,

            Plaintiff,                                Hon. Janet T. Neff

v.                                          Case No. 1:18-CV-499

DAVID TROTT, et al.,

            Defendants.

_____/

## **REPORT AND RECOMMENDATION**

        This matter is before the Court on Plaintiff's Motion for Preliminary Injunction.   (ECF No. 23).   Plaintiff initiated this action alleging various federal and state causes of action related to the foreclosure of her residence.   Plaintiff now moves the Court for an injunction precluding Defendants "from presenting and/or submitting to this Honorable Court as evidence or for any other reason any document or any other form of evidence that is false, falsified, fabricated, backdated, fraudulent, illegally altered, void and/or invalid, untrue, that they cannot prove to be true, is not valid on its face and/or were not made on defendants personal knowledge, is hearsay, or is not admissible as evidence for any other reason pending trial on the merits."   (ECF No. 23 at PageID.342).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).   To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy."   *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).   If such is the case, the court must then examine several factors: (1) whether the

movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).   Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced.  *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)   Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118.

Plaintiff's request fails for several reasons.   First, Plaintiff has not alleged that she is threatened by an injury for which she has no adequate legal remedy.   When properly presented, admissibility of evidence issues are capable of judicial resolution.   Second, Plaintiff has failed to demonstrate that that Defendants have, or are likely to, admit or attempt to admit the type of evidence described in her motion.   Third, Plaintiff has not established that she would suffer irreparable injury in the event her motion is not granted.   Finally, while the Court does not take lightly Plaintiff's concerns, Plaintiff is essentially seeking a Court Order directing Defendants to not violate the law. Such "obey-the-law" injunctions are not proper.   *See, e.g., Koetje v. Norton*, 2014 WL 4705410 at *3 n.1 (E.D. Mich., June 17, 2014); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841-42 (7th Cir. 2013).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Preliminary Injunction</u>, (ECF No. 23), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).

2

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 18, 2018

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

3