# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KETURAH MIXON,

               Plaintiff,

v.

DAVID TROTT, TROTT LAW P.C.
(f/k/a Trott and Trott P.C.),
CARRINGTON MORTGAGE SERVICES,
LLC, (a/k/a Carrington Mortgage Holdings
LLC), and BANK OF AMERICA
(a/k/a Bank of America N.A.)

               Defendants.

Case No. 1:18-cv-499
Honorable Janet T. Neff
Honorable Ellen S. Carmody

---

> **DEFENDANT TROTT LAW,
> P.C.'S ANSWER TO
> PLAINTIFF'S VERIFIED
> COMPLAINT**

---

Keturah Mixon
243 Devon Road
Battle Creek, MI 49015
Telephone: (269) 339-9337
*In Pro Per*

Thomas G. Costello (P42973)
David G. Michael (P68508)
Attorneys for Defendant Carrington
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tcostello@lipsonneilson.com
dmichael@lipsonneilson.com

Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
Dickinson Wright, PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
Telephone: (248) 433-7200
agottlieb@dickinsonwright.com
*Attorneys for Defendant Bank of America,
N.A.*

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
Miller, Canfield, Paddock and Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098-6358
Telephone: (248) 267-3381
Fax: (248) 879-2001
Email: cranmer@millercanfield.com
allen@millercanfield.com
*Attorneys for David Trott*

Richard Welke (P44403)
Jeffrey R. Raff (P55761)
Trott Law PC
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334-5422
Telephone: (248) 723-5765
rwelke@trottlaw.com
jraff@trottlaw.com
*Attorneys for Trott Law P.C.*

## DEFENDANT TROTT LAW, P.C.'S ANSWER TO
## PLAINTIFF'S VERIFIED COMPLAINT

### JURISDICTION

1.      This Court has diversity jurisdiction because the corporations are incorporated in different states, and personal jurisdiction over the defendants because the defendants have transacted business in this District, and because the defendants have committed fraud in this district. This Court also has original federal question jurisdiction pursuant to 28 U.S.C. $\S$ 1331 because this action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. $\S$ 1341-1343, 1961-1968 and Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. $\S$ 1962(c) (d), alleging that Defendants created an association-in- fact enterprise designed to mislead and deceive plaintiff through use of the United States mail and wires. This court also has original federal question jurisdiction pursuant to 15 U.S.C. $\S$ 1692 (a)(c)(d)(e)(f)G)(k) under The Fair Debt Collection Practices Act (FDCPA) 28 U.S.C. $\S$ 1332. Diversity of citizenship; This court also has jurisdiction because the amount in controversy is more than $75,000, and because Defendants are all foreign companies.

**ANSWER:**

**The allegations appear to be opinion of the writer or call for a legal conclusion and, accordingly, require no response.  By way of specific response, deny diversity jurisdiction and admit federal question jurisdiction.  By way of further response and to the extent these allegations allege any wrongdoing by this Defendant; this Defendant denies any wrongdoing or violation and/or alternatively relies on any affirmative/special defense contained therein and in the common law interpreting same.**

### VENUE

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) (b) and (c) and (d) including all relevant subparts because the defendants are subject to personal jurisdiction in this district, and the events given rise to the claims alleged herein took place in this district. The nexus of the misconduct alleged herein occurred in this District.

**ANSWER:**

**The allegations appear to be opinion of the writer, or call for, a legal conclusion and, accordingly, require no response.  By way of further response venue appears to be appropriate.**

## PARTIES

3.      Plaintiff: Keturah Mixon resides at 243 Devon Road Battle Creek MI 49015. Defendant Bank of America, N.A., is a mortgage servicer and a debt collector with headquarters at 101 Tryon Street, Charlotte, North Carolina 28255. Bank of America, N.A., performs substantial business within the state of Michigan. Bank of America's address is 400 National Way, Simi Valley, CA 93065 with a corporate address of 100 North Tryon Street Charlotte, NC 28255. Defendant Bank of America Corporation is a diversified global financial services company, a bank holding company and a debt collector. It is a Delaware corporation headquartered in Charlotte, North Carolina. Defendant Bank of America, N.A. is a national banking association headquartered in Charlotte, North Carolina.

Carrington Mortgage Services LLC, aka Canington Mortgage Holdings LLC is a mortgage servicer and a debt collector. Carrington's address is1600 S. Douglass Road STE 200-A,B & STE 110 Anaheim, CA 92806.

David Trott is the CEO and 81% owner of Trott and Trott. Trott and Trott is a debt

collector and a foreclosure firm who misrepresents themselves as a Law Firm. Trott and Trott's address 31440 Northwestern Hwy Suite 200 Farmington Hills, MI 48334.

For this Complaint, Defendants Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services and all of their affiliated entities, during or prior to such time as they were affiliated, are referred to collectively as the "Defendants," and sometimes named in their individual capacity.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegations referring to this Defendant and, therefore, denies same. By way of further response and to the extent these allegations allege any wrongdoing by this Defendant; this Defendant denies any wrongdoing or violation and/or alternatively relies on any affirmative/special defense contained therein and in the common law interpreting same.**

## GENERAL ALLEGATIONS AND FACTS

4.    Plaintiff has paid for her home in full.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

5.    Bank of America N.A., BAC Home Loans or any of these other defendants NEVER have and NEVER WILL HAVE any legitimate interest in the Property which is the

subject of the present complaint.

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response.**

6. WHEREFORE, Plaintiff Keturah Mixon is entitled to the quiet use and enjoyment of the subject Property unaffected by illegally asserted rights and other FRAUDULENT interests allegedly in place with respect to the title to the Property.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

7. Upon information and belief, for a continuous period of more than 8 years before bringing this action, Plaintiff in title has used, occupied and claimed ownership of 243 Devon Road Battle Creek MI 49015, as legally described below under her Warranty deed dated January 28, 2010; and that her use and possession of the PROPERTY from that date, has been actual, continuous, visible, and against the adverse claims to her property by the defendants.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

8. The real property that is the subject of this case is located at 243 Devon Road

Battle Creek Mi., 49015 Parcel# 3320-07-079-2 LOTS 82 AND 83, Gage-Ingram Supervisors Plat Thereof, as Recorded in Liber 9 of Plats, Page 49 Calhoun County Records as more fully described in The Warranty Deed that is attached. As Recorded Uber 3522 Page 41 in land records.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, the document referred to speaks for itself.**

9.     The defendants as named above, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiffs title thereto are attempting to steal plaintiffs' home from her. These defendants, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to plaintiff's title; and their claims, and each of them, constitute a cloud on plaintiff's title to that property.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

10.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants whether such alleged interest is recorded or not, are being sued by Plaintiff. The allegations of this complaint have evidentiary support or are likely to have

evidentiary support after a reasonable opportunity for further investigation or discovery.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

11.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants were acting on their own behalf and as agents or employees of each of the other Defendants, and acting as an enterprise and the acts described hereinafter were done in and on behalf and operating in the enterprise as well as on their own behalf. Further, Defendants were authorized by Defendant principals in the doing and the manner of the acts alleged, and ratified said behavior. (Hereafter, unless otherwise specified, defendants will be referred to collectively as "Defendants").

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

12.  On January 28, 2010, Plaintiff in Pro Per Keturah Mixon purchased and acquired a fee simple title to the PROPERTY in question in the form of a Warranty Deed from Andrew A. Askler a married man, and Arthur J. Quinn, a married man.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as**

to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.

13. Plaintiff is informed and believes and on such information and belief alleges that Defendants claim an interest adverse to plaintiffs in the above-described properties as the holder of record title. Some of the defendants claim interests in the property adverse to plaintiffs' as assignees and successors of Defendants.

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

14. Plaintiff purchased the property at 243 Devon Road Battle Creek Michigan 49015, tax parcel No. 3320-07-079-2 on January 28, 2010, with a fee simple title. (Exhibit A).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. The document referred to speaks for itself.**

15. Plaintiff received a Warranty Deed for her property on January 29th 2010 that was recorded into her land records on February 1zth 2010. (Exhibit B).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies**

**same. The document referred to speaks for itself.**

16.    The Promissory note and mortgage on plaintiff's property has been paid in full and Plaintiff received her original promissory note with a paid stamp and dated as a receipt of her property payoff. (Exhibit C).

**ANSWER:**

**This Defendant, denies same.**

17.    Defendants (as to Bank of America), filed a fraudulent assignment of mortgage against plaintiffs' property on July 29, 2011. (Exhibit D) Defendants' fraudulent assignment of mortgage purports to assign a mortgage and a promissory note that has already been paid in full, over to themselves. Christopher Herrera who is the Vice President and Business Control Manager at Bank of America, signed the fraudulent Assignment of Mortgage as the Assistant Secretary of Mortgage Electronic Systems (MERS). Christopher Herrera, Vice President of Bank of America, assigned the fraudulent Assignment of Mortgage to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS, LP, the company that Bank of America acquired through a merger. The fraudulent assignment of mortgage was recorded into Plaintiff's land records so that Bank of America could misrepresent to Plaintiff that she owes them for a mortgage and so that Bank of America could blackmail Plaintiff, extort monies from Plaintiff, and ultimately steal Plaintiffs property through an illegal and fraudulent foreclosure. The assignment of mortgage is fraudulent in the following ways:

a.    Plaintiff has never entered into a mortgage with BAC HOME LOANS

SERVICING, LP FKA COUNTRYWIDE HOME LOANS, LP or with Bank of America. Bank of America has no beneficial or financial interest in plaintiffs home, thus giving Bank of America nothing to assign.

b.     The fraudulent mortgage assignment was to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, NEVER to Bank of America. These are two totally separate entities.

c.     The fraudulent mortgage assignment purported to assign plaintiff's already paid off mortgage and promissory note to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, as of July 21st 2011, this is after Plaintiff had already paid her obligation in full. BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ceased to exist as a company after their merger with Bank of America on July 1st 2011. This fact alone would make it impossible to assign plaintiff's note and mortgage to Bank of America or to anyone for that matter.

d.     The fraudulent mortgage assignment purported to assign an already paid in full mortgage and note in which BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS, LP or Bank of America never owned.

e.     BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP merged with Bank of America on June 28th 2011, with an effective date of July 1st 2011.  BAC Home Loan Servicing. LP FKA Countrywide Home Loans Servicing, LP did not survive the merger. The certificate of Merger between BAC

HOME LOANS SERVICING, LP FKA COUNTRYVIIDE HOME LOANS, LP and

Bank of America is attached as (Exhibit E).

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

18.     On October 6th 2010 Bank of America contacted plaintiff and misrepresented to her that they were the owners of her property and the servicer of her mortgage loan and that she needed to start sending them payments immediately. Plaintiff told them that they have some misinformation due to the fact that she had already paid her obligation in full. Bank of America insisted that they did not have in their records the fact that Plaintiff had paid her mortgage and promissory note in full. Bank of America told Plaintiff that if she did not start paying them a monthly mortgage payment that they would report negatively to the credit bureaus, and that they would eventually take her home in a foreclosure. Being that Bank of America is a giant powerful financial entity with the power to steal her home from her, Plaintiff justifiably believed Bank of America's misrepresentation and relied on it due to the fact that they were capable of and that they would take such actions against Plaintiff and her property if she did not start making the payments of extortion that were demanded of her. With that belief, Plaintiff started making payments to Bank of America (under the fraudulently assigned Bank of America loan number: 215356291) to keep Bank of America from stealing her home and to protect her credit while she spoke with lawyers and did

research on a legal remedy to deal with this matter. Plaintiffs partial payment history to Bank of America is attached as (Exhibit F).

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

19.     On February 8th 2012, Bank of America created and recorded into Plaintiffs land records a fraudulent Amended and Restated Note on plaintiffs property, and misrepresented to her that she was responsible for paying them $138,231.31 plus interest on the fraudulent loan, mortgage and note that they illegally attached to her property under an "Amended and Restated Note. Bank of America told Plaintiff that if she didn't pay them $138,231.31 plus interest that they would report negatively to her credit bureaus and they would steal her home from her in a fraudulent illegal foreclosure. On this Amended and Restated Note, Bank of America Illegally forged plaintiffs signature and misrepresented to her that she had actually signed the illegally forged document. Bank of America stamped a fraudulent allonge on their amended and restated note that says: Pay to the Order of Without Recourse Bank of America, N.A. Bank of America presented this document to Plaintiff and demanded that she make the payments on the amended and restated note. Plaintiff justifiably relied on Bank of America's misrepresentations and continued to pay $1105.00 per month to Bank of America that they were extorting from her under the fraudulent loan number of 215356291. The fraudulent amended and restated note is attached as (Exhibit G).

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

20.     On June 8, 2012 Defendants (As to Bank of America) fraudulently created and had recorded into Plaintiffs land records a Loan Modification Agreement. This fraudulent Loan Modification Agreement that was dated February 8th 2012, fraudulently and falsely states that Plaintiff entered into a Loan Modification Agreement with Bank of America on February 17th 2012. Plaintiff never entered into a Loan Modification Agreement with Bank of America. Bank of America again fraudulently signed plaintiffs name on this false document. The fraudulent Loan modification agreement purports to amend and supplement the fraudulent mortgage deed and fraudulent Promissory Note that Bank of America presented to Plaintiff that was dated February 1th 2010. This document is further evidence of Bank of America's fraudulent actions to extort Plaintiff out of money and to steal her home. Plaintiff has never had any mortgage agreement, loan, promissory note or loan modification agreement with Bank of America, or with BAC Home Loans fka Countrywide Home Loans. Plaintiff's mortgage and loan had previously been paid in full which she continuously expressed and conveyed to Bank of America. Bank of America insisted to Plaintiff that she owed them $138,231.31 plus interest and that the only way that she could keep her home or protect her credit was to pay them the requested amount. Plaintiff justifiably relied on Bank of Americas' misrepresentations, and she continued to pay them a monthly mortgage payment of $1105.00. The fraudulent Loan Modification Agreement that Bank of America recorded

into Plaintiffs property records is attached as (Exhibit H).

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

21.     On July 1st 2014, Plaintiff paid to Bank of America the amount of $212,986.78 which was the total principle and interest amount that Bank of America told plaintiff that she owed to them to cure the debt of the fraudulent mortgage, fraudulent promissory note and the fraudulent loan modification agreement that Bank of America created, misrepresented to her that she owed to them and that Bank of America recorded such interest to themselves fraudulently into plaintiff's land records. Plaintiff justifiably relied on Bank of America's misrepresentations and paid them in full the amount of $212,986.78 to cure the fraudulent debt. Bank of America recorded into Plaintiffs land records a Satisfaction of Mortgage and Satisfaction of Loan Modification. The satisfaction rendered the mortgage and loan modification agreement that Bank of America placed into Plaintiffs land records as satisfied, canceled, and paid in full. Satisfaction of Mortgage and Satisfaction of Loan Modification Agreement are attached as (Exhibit I).

**ANSWER:**

**The allegations in this paragraph are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal**

conduct. **To the extent a response is required, the allegations are denied.**

22.     Defendants Trott & Trott are and were a part of the RICO Enterprise with Bank of America in this conspiracy to extort money from Plaintiff, and to steal her property in an illegal, fraudulent foreclosure sale. In this RICO conspiracy, all of these defendants (Bank of America, Trott and Trott, David Trott, their employees, agents and their officers) worked and are working together to make Plaintiff believe that she has a mortgage loan with Bank of America and that Plaintiff owes mortgage payments to Bank of America . After this process these defendants (Bank of America, David Trott and Trott and Trott, their employees, agents and their officers) conspire together to forge the necessary paperwork and fraudulent assignments of mortgage to use for the future planned Sheriffs auction of Plaintiffs home and to record said fraudulent documents into Plaintiffs land records. After the defendants (As to Bank of America) convinced Plaintiff that they in fact own her property, the defendants (As to Bank of America) attempted to send Plaintiffs property to a foreclosure sale so that the defendants (As to Bank of America) could actually purchase the property at the foreclosure sale to become the true owners of the property. These defendants (As to Bank of America) have been sued by The United Sates Government for this exact illegal fraudulent behavior. On October 1st 2014, Plaintiff received a letter from defendants (As to David Trott and Trott & Trott), which are Bank of America's foreclosure firm). This letter informed Plaintiff that Trott & Trott will be having a foreclosure sheriffs sale of her property that is scheduled for October 30, 2014 at The Circuit Court in Calhoun County at 10:00 a.m. David Trott and Trott & Trott also had this same notice posted onto Plaintiff's front door that all of her neighbors have seen. David Trott and Trott & Trott also had this

information posted in Plaintiff's local newspaper of her local town for four consecutive weeks. Plaintiff has been HUMILATED by these actions, and shunned from her local society. Previous to this, plaintiff was a HIGHLY respected UPSTANDING citizen. David Trott and Trott & Trott assigned plaintiff a file number in their office of: 437985F03. In the foreclosure sale notice, David Trott and Trott & Trott misrepresented to Plaintiff and to the public that Plaintiff was at default in a mortgage. Plaintiff again justifiably relied on this fraudulent misrepresentation because she knew that David Trott and Trott and Trott are a powerful company that has the means to foreclose on her property, and had a mental breakdown. David Trott and Trott & Trott slandered Plaintiff's name and has cost her $5,000,000.00 in lost business opportunities in Plaintiffs community. Plaintiff owns an interior Design company that has lost several customers and sales directly due to David Trott and Trott & Trott's actions. David Trott and Trott & Trott have violated Plaintiff's rights under the Federal Debt Collection Practices Act (FDCPA) law with their actions. David Trott and Trott & Trott are liable for damages under the FDCPA due to the fact that The Sixth Circuit has held that attorneys that process foreclosures are considered debt collectors. Trott & Trott are debt collectors by their own admission also. Several sale notices are attached as (Exhibit J).

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

23.    Plaintiff contacted Jacqueline Kontry an attorney at Trott & Trott, and informed them that there has been a grave mistake. She informed Trott & Trott that her

mortgage obligation had already been paid in full TWICE at this point and that they should update their records accordingly. On October 18th 2014, David Trott and Trott & Trott sent Plaintiff a letter stating that the foreclosure sale of her property that was scheduled for October 30th 2014 had been postponed for loss mitigation evaluation. The letter advised Plaintiff that the new foreclosure sale date of her property was scheduled for December 4th 2014. The letter also informed plaintiff that a notice of the foreclosure sale would be posted each week in a public place from the current sale date of October 30th 2014 and the adjourned date of December 4th 2014. The letter also informed Plaintiff that Trott & Trott is a debt collector and that they are attempting to collect a debt from plaintiff. A debt that DID NOT EXIST. This letter is attached as (Exhibit K).

**ANSWER:**

**The allegations appear to be opinion of the writer, or call for, a legal conclusion and, accordingly, require no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct. The document referred to speaks for itself.**

24.     During this time period plaintiff was in CONSTANT contact with Trott & Trott's Attorney Jacqueline Kontry. Plaintiff continuously BEGGED Attorney Kontry to update Trott and Trott's records to reflect Plaintiffs paid in full status of her mortgage loan and to cancel the foreclosure sale. Attorney Kontry continuously expressed to plaintiff that she would do no such thing, and that the foreclosure sale is GOING to happen. On November 26th 2014, plaintiff received another letter from David Trott and Trott & Trott informing her that the foreclosure sale that was scheduled for December 4th 2014, would be rescheduled to

December 18th 2014 for loss mitigation evaluation. The letter also informed plaintiff that a notice of the foreclosure sale would be posted each week in a public place from the current sale date of December 4th 2014 and the adjourned date of December 18th 2014. The letter also informed Plaintiff that Trott & Trott is a debt collector and that they are attempting to collect a debt from her. A debt that DID NOT EXIST. This letter is attached as (Exhibit L).

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct. The document referred to speaks for itself.**

25.    Plaintiff informed Attorney Jacqueline Kontry of Trott & Trott of all of the ways in which the restated and amended note, and assignment of mortgage that Bank of America recorded into plaintiffs land records were fraudulent. Plaintiff informed Attorney Jacqueline Kontry that she is well aware of how they conspire as a RICO enterprise with Bank of America and create false documents and record them into land records and steal homes from homeowners. Plaintiff informed Attorney Jacqueline Kontry of Trott & Trott that their fraudulent efforts to steal her home would be exposed and rectified in a future lawsuit against all defendants involved. Plaintiff REPEATEDLY informed Jacqueline Kontry that she paid for her home in full and sold it. The defendants (As to Bank of America and David Trott and Trott & Trott) attempted to rectify their deficiencies that plaintiff pointed out to them by creating ANOTHER FRAUDULENT assignment of mortgage against Plaintiffs property. In efforts to further their conspiracy to extort money from Plaintiff and in a further attempt to steal plaintiffs home from her, defendants (As to Bank of

America, David Trott and Trott & Trott) on August 25th 2014, created a fraudulent Assignment of Mortgage against Plaintiffs property. The present Assignment of Mortgage is fraudulent in the following ways:

a.　The fraudulent assignment purports to assign a mortgage in Plaintiffs name on plaintiff's property from BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP over to Bank of America, N.A. It would have been impossible for BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP to assign a mortgage on August 25th 2014 due to the fact that they were NO LONGER IN EXISTENCE as of July 1st of 2011 because they did NOT SURVIVE the merger with Bank of America.

b.　The assignment of mortgage was also a misrepresentation and fraudulent because none of these defendants (Bank of America, David Trott or Trott and Trott) had any interest in Plaintiffs property., beneficial, financial, or otherwise to assign to anyone to begin with. Brian Yoho of Trott & Trott P.C. drafted this fraudulent assignment, and Luan Pham The Vice President of Bank of America signed the fraudulent assignment. David Grover of Dallas Texas notarized the assignment. After the fraudulent assignment was to be recorded into Plaintiffs land records, it was requested to be returned to Trott & Trott so that they may fraudulently foreclose on Plaintiffs property on October 30th 2014. In furtherance of and in trying to remedy the fact that plaintiff pointed out to Bank of America and Trott and Trott their fraud and the reasons that their fraudulent assignments of mortgage must FAIL, these defendants (As to Bank of America, David Trott and Trott & Trott) created and recorded this assignment of mortgage. This fraudulent assignment of Mortgage is attached as(Exhibit M).

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response and to the extent these allegations allege any wrongdoing by this Defendant; this Defendant denies any wrongdoing or violation and/or alternatively relies on any affirmative/special defense contained therein and in the common law interpreting same.**

26.     On October I$^{st}$ 2014 after receiving the sheriffs foreclosure sale notice from David Trott and Trott & Trott, Plaintiff called Bank of America explaining to them that they have made many errors and that they have caused plaintiff to have a mental breakdown due to their illegal actions. Plaintiff verbally told Bank of America and Trott & Trott to cease all telephone and written communication with her, and to cease and desist all foreclose activity against her property. Plaintiff also mailed the same requests to Bank of America and to Trott & Trott on October 1st 2014. Plaintiff also sent to Bank of America several Qualified Written Requests, and several Debt Validation Verification letters to remedy the situation as she was SURE that there was a mistake in Bank of Americas paperwork somewhere because she had already paid them the amount of $212,986.78, she had already paid her obligation in full once before sending that payment to Bank of America that they FRAUDULENTLY EXORTED and demanded that she pay them in order to keep her home. Bank of America's response (through their Attorneys Blank Rome) to Plaintiffs requests are attached as (Exhibit N).

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response and to the extent these allegations allege any wrongdoing by this Defendant; this Defendant denies any wrongdoing or violation and/or alternatively relies on any affirmative/special defense**

contained therein and in the common law interpreting same.

27.　　On or about December 10th 2014, Plaintiff contacted Attorney Jacqueline Kontry at Trott & Trott to ask her for an update on the fraudulent foreclosure sale that was scheduled against plaintiffs property for December 18th 2014. It was on that phone call that Jacqueline Kontry at Trott & Trott informed Plaintiff that her Trott & Trott file number 437985F03 had been closed, and that the fraudulent foreclosure sale that they had scheduled against plaintiff's property was PERMANANTLY adjourned. Plaintiff then asked Jacqueline Kontry for this information in writing, but of course Jacqueline Kontry refused to give to Plaintiff such paperwork.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

28.　　Plaintiff has had to go through and is still going through stress and heartache to try and remedy defendants' fraudulent acts, all to no avail. On October 13th 2014, plaintiff was forced by these defendants' Bank of America David Trott, and Trott and Trott's actions to sell her home for ONE DOLLAR through a Quit Claim Deed which was recorded into her land records on October 29th 2014. Plaintiff still resides in her home, but she has been unable to enjoy her property directly because of defendants' Bank of America David Trott, and Trott and Trott's fraudulence against her property. Plaintiff has and is still suffering irreparable damages caused directly by defendants' Bank of America, David Trott and Trott and Trott's illegal actions. Plaintiffs home that she has paid in full for TWICE is no longer in her name and her interest in her property has been extorted by defendants Bank of America. \v'hen the fraudulent foreclosure sale that these defendants (As to Bank of America, David

Trott and Trott & Trott) scheduled against Plaintiff's property was made public by these defendants' Bank of America, David Trott and Trott and Trott. People that were interested in purchasing Plaintiffs' property at the foreclose sale, would come onto her property, peer in plaintiffs windows, and even try TO BREAK INTO THE DOORS TO LOOK AROUND, ALL WHILE PLAINTIFF WAS HOME ALONE WITH HER THREE YOUNG DAUGHTERS!!!!! Plaintiff informed Bank of America and Trott and Trott that these things were happening and BEGGED them to update their records and cancel their fraudulent foreclosure sale. BANK OF AMERICA and TROTT AND TROTT REFUSED! Because of this, plaintiff has had SEVERAL mental breakdowns, she is no longer capable of running her business and she has been diagnosed with PTSD, anxiety, high blood pressure and other mental disorders. Due to these defendants' Bank of America, David Trott and Trott and Trott's actions, plaintiff needs to be in counseling for the rest of her life, and she can never work again. Quitclaim Deed is attached as (Exhibit 0).

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

29.     After Trott & Trott informed Plaintiff that their fraudulent foreclosure sale was permanently adjourned, plaintiff thought that this fraudulent nightmare was FINALLY over. MUCH to Plaintiffs dismay, defendants (As to Bank of America) started placing robo-calls once again to plaintiffs home and cell phone numbers at least 10 times per week at all hours

of the morning noon and night, starting on January 2nd 2015, telling her that she owes Bank of America for a mortgage and to contact them immediately or they would foreclose on her home. Plaintiff called Bank of America once AGAIN to remedy the situation and to inform them never to call plaintiff again, and to update their records that plaintiff paid them in full for an obligation that she NEVER OWED them in the first place. Defendants (As to Bank of America) CONTINUED to make robo-calls to plaintiffs phone lines, in violation of the Federal Law Telephone Consumers Protection Act (TCPA), in violation of Plaintiffs rights under the Federal TCPA law.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

30. On March 16th 2015, Defendants (As to Bank of America) continued with their conspiracy and mail fraud which is a violation of Plaintiffs rights under the Federal RICO law, and mailed to Plaintiff a FRAUDULENT mortgage statement that stated that she is delinquent on a mortgage loan that she owes them, and that this fraudulent loan that they have against her property records is in THE FORECLOSURE PROCESS. This causes Plaintiff to have a series of further mental breakdowns and several severe anxiety attacks on a DAILY basis. This notice also informed plaintiff that Bank of America has made their first notice of filing required by law for foreclosure. From that first statement date of March 16th 2015, to the most recent statement of April 1, 2018, every month Bank of America has sent plaintiff these statements with all of the above stated information with the only changes

being the date that the fraudulent payment is due and the fraudulent amount of the fraudulent NON EXISTENTENT debt. These fraudulent statements are attached as (Exhibit P).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

31.     Along with all of this fraudulent behavior Bank of America CONTINUES to harass plaintiff by sending their employees to plaintiff's home on a weekly basis to take pictures of plaintiffs' home, and to place hanging notices on plaintiffs' front door, DEMANDING that she call Bank of America, and FRAUDULENTLY informing plaintiff that she owes Bank of America payments for a mortgage that DOES NOT EXIST. This is a violation of Plaintiffs Privacy Rights. Notices are attached as (Exhibit Q).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

32.     Bank of America (c/o Safeguard Properties, LLC) also commits mail fraud by mailing to Plaintiff FRAUDULENT notices demanding that she contact Bank of America to confirm that her property is occupied. These notices also inform plaintiff that Bank of America is ILLEGALLY conducting a monthly audit to verify the occupancy of plaintiff's property. These illegal notices are attached as (Exhibit R).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

33. On November 16th 2015, Bank of America mailed to plaintiff a FRAUDULENT payoff statement. This statement informs plaintiff that she owes Bank of America for a mortgage loan and that this fraudulent loan is in foreclosure. The statement DEMANDS that Plaintiff pay Bank of America $174,393.91. Along with the mail fraud that Bank of America committed when they mailed plaintiff this fraudulent statement, Bank of America attempted to commit wire fraud AGAIN, by instructing plaintiff to wire, or to send by mail certified funds to cure this fraudulent non- existent debt. This statement is attached as (Exhibit S).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

34. On December 7th 2015, Bank of America committed mail fraud AGAIN when they mailed to plaintiff a notice entitled: IMPORTANT NOTICE. This notice informs plaintiff that time is running out to avoid foreclosure, but ifs not too late for her to apply for an alternative to foreclosure. The notice further notifies plaintiff that steps have been taken to begin the foreclosure process and that it is extremely important that she call Bank of America to discuss her options. The notice instructs plaintiff that she MUST apply for a

foreclosure alternative by mailing or faxing to them documents. This notice is attached as (Exhibit T).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

35.     On December 8th 2015, Bank of America mailed to plaintiff another FRAUDULENT payoff statement. This statement informs plaintiff that she owes Bank of America for a mortgage loan and that this fraudulent loan is in foreclosure. This statement DEMANDS that Plaintiff pay Bank of America $175,915.64. Along with the mail fraud that Bank of America committed when they mailed plaintiff this fraudulent statement, Bank of America attempted to commit wire fraud AGAIN, by instructing plaintiff to wire, or to send by mail certified funds to cure this fraudulent non- existent debt. This statement is attached as (Exhibit U).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

36.     On July 2ih 2016, Bank of America committed mail fraud once again by mailing to plaintiff a letter entitled: IMPORTANT INFORMATION ENCLOSED. This letter fraudulently and illegally informed plaintiff of the following:

A. The servicing of the fraudulent home loan number: 215356291 will

transfer to Carrington Mortgage Services, LLC on August 16th 2016.

B.      Plaintiff will no longer be receiving FRAUDULENT mortgage statements from Bank of America, instead she will begin receiving FRAUDULENT mortgage statements from Carrington Mortgage Services, LLC.

C.      Enclosed is a Notice of Servicing Transfer from Bank of America regarding the servicing of fraudulent loan number: 215356291.

D.      Bank of America informed plaintiff that they sold fraudulent mortgage loan number: 215356291 to FHA. The letter further informs plaintiff that FHA sold the fraudulent mortgage loan to Stanwich Mtg. Acq Co IV, LLC. The letter further informs plaintiff that Stanwich Mtg. Acq Co IV, LLC is now the new owner of the fraudulent mortgage loan number: 215356291 that Bank of America FRAUDULENTLY created in Plaintiffs name.

E.      The letter further informs plaintiff that the new servicer of the Fraudulent loan will be transferred, as set forth herein, to Carrington Mortgage Services, LLC.

F.      The letter further instructs plaintiff to continue to make monthly mortgage payments to Bank of America through August 15th 2016, and to begin making regular monthly mortgage payments to Carrington Mortgage Services, LLC on August 16th 2016.

G.      The letter further states that Plaintiff is hereby notified that the

servicing of the fraudulent mortgage loan number: 215356291, that is, the right to collect payments from plaintiff, will be assigned, sold or transferred from Bank of America, N.A., to Carrington Mortgage Services, LLC, effective September 01, 2016.

Bank of America has NEVER owned ANY rights to transfer a mortgage, servicing rights or anything else in plaintiff's name. This letter is attached as (Exhibit V).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

37.     On July 25th 2016, Carrington Mortgage Services, LLC joined defendants Bank of America and Trott & Trott in their illegal RICO Enterprise conspiracy to extort money from plaintiff and to steal her home along with all of the other illegal activities that are alleged in the above paragraphs. On July 25th 2016, Carrington Mortgage Services, LLC committed mail fraud and violated Plaintiff's rights under numerous other federal laws alleged herein in this complaint when they mailed to plaintiff a letter entitled: Notice of Sale of Ownership of Mortgage Loan. Carrington Mortgage Services, LLC (Carrington) informed plaintiff that they have assigned her a fraudulent loan number of: 7000089915. The letter states that Carrington is the new servicer of the fraudulent loan that is the subject of this present lawsuit. The letter further informs plaintiff that her new creditor for this fraudulent loan is Wilmington Savings Fund Society FSB as trustee for Stanwich Mortgage Loan Trust A. This letter further advises plaintiff of the address in which she is to send her extortion

payments and enlightens plaintiff of the fact that the transfer of the lien associated with this fraudulent loan is, or in the future may be, recorded in the public records of the local County Recorder's office for the county or local jurisdiction where her property is located. Lastly, this letter fraudulently misrepresents to plaintiff that the new creditor, Wilmington Savings Fund Society FSB as trustee for Stanwich Mortgage Loan Trust A, holds legal title to the fraudulent loan that was illegally put into her name, and that the trustee, on behalf of the new creditor, is authorized to receive legal notices and to exercise certain rights of ownership with respect to said loan. This letter is attached as (Exhibit W).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response and to the extent these allegations allege any wrongdoing by this Defendant; this Defendant denies any wrongdoing or violation and/or alternatively relies on any affirmative/special defense contained therein and in the common law interpreting same.**

38.     On August 26th 2016, Carrington mailed a letter to plaintiff entitled: Notice of Servicing Transfer. This letter advises plaintiff that the mortgage loan in question hereby referred to as "the loan", the servicing of the loan is being transferred, effective August 15th 2016. The letter states that after that date, Carrington will be collecting the loans mortgage payments. This letter further advises plaintiff that Carrington is the new servicer of the loan, and provides plaintiff with the address in which to send payments that they are attempting to EXTORT from her. This letter is attached as (Exhibit X).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

39.     On August 26th 2016, Carrington mailed a letter to plaintiff entitled: NOTICE Pursuant to Fair Debt Collection Practices Act 15 U.S.C. Section 1692 seq. This letter informs plaintiff that she owes a debt as of the date of this notice and that Carrington is a debt collector. The letter states that the amount of debt that plaintiff owes as of the date of this letter is, $184,760.50. The letter further advises plaintiff that she has 30 days after the receipt of this notice to dispute the validity of the above debt, or any portion thereof, and that if plaintiff did not dispute the debt, that Carrington would consider the debt to be valid. This letter is attached as (Exhibit Y).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

40.     Plaintiff mailed to Carrington a cease and desist letter and a debt validation and verification letter, demanding that Carrington and all other parties involved in this RICO Enterprise stop all of their contact with plaintiff, and demanding that all defendants as to Bank of America, Trott and Trott, Carrington, and all of their employees, agents, and officers cease all of their collection and foreclosure activity against plaintiff and her property. Plaintiffs letter was 25 pages long in total. The lengthy letter had multiple items of

evidence that plaintiff enclosed, proving to Carrington that they bought a fraudulent mortgage loan from Bank of America. Plaintiff attached her satisfaction of mortgage, along with all of the other pertinent information to prove to Carrington that plaintiff did not owe them for a mortgage loan. (Plaintiff's letter to Carrington will be attached in another paragraph below.) On September 23rd 2016, Carrington mailed a letter to plaintiff responding to her cease and desist letter that is referenced above. This letter states that Carrington will cease all telephone communication with Plaintiff and that they indeed received plaintiff's above referenced letter. This letter is attached as (Exhibit Z).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response and to the extent these allegations allege any wrongdoing by this Defendant; this Defendant denies any wrongdoing or violation and/or alternatively relies on any affirmative/special defense contained therein and in the common law interpreting same.**

41.    On September 23rd 2016, Carrington mailed to plaintiff a letter advising her that they are in receipt of her letter involving the loan and that plaintiff is receiving this letter from Carrington's Customer Service Research Department. This letter further advises plaintiff that they are currently reviewing their records in an effort to address plaintiffs concerns and the letter further states that Carrington will notify plaintiff shortly of the results. The letter goes on to again reiterate to plaintiff that she owes Carrington payment for the loan, informs her of the payment amount and advises her on where to mail the payments.

This letter is attached as (Exhibit 1).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

42.     On November 21st 2016, Carrington mailed a letter to plaintiff in reference to the validity of debt owed. This letter informs plaintiff that this is their response to her written correspondence that they have received in their Customer Service Research Department on September 13th 2016. This letter is Carrington's fraudulent attempt at a debt validation/verification for the fraudulent loan that is the subject of this present lawsuit. This letter further advises plaintiff that the owner of her mortgage note pursuant to 15 U.S.C. 1641 (f) (2) is Christiana Trust, A division of Christiana Trust, A Division of Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust Series 2016N6. This letter is attached as (Exhibit 2).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

43.     On November 23rd 2016, Carrington mailed to plaintiff a letter entitled: PAYOFF STATEMENT. This letter advises plaintiff that she is to pay the amount of $187564.76 to pay the loan off in full. This letter further advises plaintiff that she is to send $187564.76 to JP Morgan Chase Bank N.A. with an ABA# 021000021 and to the account#

758673552 before 2:00 pm EST. This letter is attached as (Exhibit 3).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

44.     On November 9th 2016, Carrington mailed to plaintiff a letter entitled: NOTICE OF INTENT TO FORECLOSE. This letter informed plaintiff that she was delinquent on loan number: 700089915, and that she needs to pay to Carrington the amount of $59,012.83 in certified funds within 30 days of the notice. The letter further advises plaintiff that if she does not cure the above default amount in 30 days of the date of this letter, it would result in acceleration of the sums secured by the Deed of Trust or Mortgage, and sale of plaintiff's property. This notice is attached as (Exhibit 4).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

45.     On November 12th 2016, plaintiff received a letter from Carrington stating that after an extensive review of her account, Carrington's records indicate the lien release provided with plaintiff's correspondence is NOT VALID. Plaintiff then started a chain of emails to Aram Hershenson, a supervisor at Carrington, and again plaintiff mailed to Carrington more correspondence and another cease and desist letter. Plaintiff's cease and desist letter that she mailed to Carrington SEVERAL times, will be evidenced below.

Plaintiff will also attach her email correspondence with Aram Hershenson below. The November lih 2016 letter from Carrington also advises plaintiff that her account with them is in default and that she needs to pay them an amount of $59,040.43. This letter is attached as (Exhibit 5).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

46.     On December 6th 2016, Carrington mailed a letter to plaintiff advising her that she is receiving this correspondence as the Customer Service Research Department of Carrington has received her inquiry regarding the loan. The letter informs plaintiff that Carrington is AGAIN reviewing their records in an effort to address plaintiff's concerns and that they will notify plaintiff shortly of the results. The letter further advises plaintiff that the payment now due under the loan is $60522.06. This letter is attached as (Exhibit 6).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

47.     On January 13th 2017, Carrington Mortgage Services, LLC sent a letter to plaintiff entitled: RE: CMS Loan Number 7000089915-Verification of Debt. This letter advises plaintiff of the following:

a.      This letter is Carrington's response to plaintiff's written correspondence received in their Customer Service Research Department on December 5th 2016. The letter states that Carrington is aware of her belief that she has been a victim of mortgage fraud.

b.      Carrington has been informed that plaintiff states that Bank of America accepted a payoff from her and then sold her account to Carrington Mortgage Services, LLC ("CMS") as an active, collectible account.

c.      Carrington is aware that plaintiff states that a Satisfaction of Mortgage is recorded with her County and that plaintiff is in possession of the original blue "wet-ink" note.

d.      Carrington is aware of that fact that plaintiff is demanding that CMS send her confirmation of the release of this mortgage and that plaintiff would also like an apology from Carrington Mortgage Services.

e.      According to Carrington's records, plaintiff has sent to them MULTIPLE debt validation letters and dispute letters.

f.      Carrington states that they are unable to entertain plaintiffs demands as they have no merit.

g.      Carrington informs plaintiff that any document that she may be in possession of which states the satisfaction of this debt would be erroneous as no such document has ever been drawn for this account.

h.      Carrington advises plaintiff that if she is trying to prove that she has satisfied her mortgage, a more effective approach would be to go to the financial institution which orchestrated the Transfer of Funds or issued the Certified Check and provide such evidence of an actual payment or monetary transaction.

i.      In this letter, Carrington also makes another fraudulent attempt at verifying the Debt.

j.      The letter also advises plaintiff that Carrington has thoroughly researched her claim and have found it to be in error.

k.      The letter advises plaintiff that as of the date of this correspondence, this loan is 53 months delinquent and is past due in the amount of $62,031.29.

l.      The letter also informs plaintiff that the delinquent amount does not include any pending foreclosure costs or attorney fees which have not yet posted to the account.

This letter is attached as (Exhibit 7).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

48.     On December 21st 2016, Plaintiff faxed the above referenced debt

verification/validation, cease and desist and notice of intent to sue that has previously been sent to Carrington MULTIPLE TIMES, along with all of the pertinent evidence along with plaintiff's satisfaction of mortgage to Kitty Dean, Research/Remediation Analyst at Wells Fargo Bank, N.A., as Trustee. Plaintiff faxed this to Kitty Dean at Wells Fargo because it was demanded that Plaintiff pay the loan to Wells Fargo. Plaintiffs notice along with all relevant evidence needed to correct Carrington's ILLEGAL behavior, is attached as (Exhibit 8).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

49.    On January 4th 2017, Wells Fargo mailed a letter to plaintiff informing her that they have received and reviewed her recent correspondence. The letter further informed plaintiff that Wells Fargo is forwarding her Notice of Intent to Sue to the Servicer of her fraudulent mortgage, Carrington, as the appropriate party to receive and respond to this type of request. This letter is attached as (Exhibit 9).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

50.    On April 7th 2017, Carrington mailed to plaintiff a letter entitled: NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS. This letter advises

plaintiff that the servicing of the loan number: 7000089915 is being assigned, sold or transferred, effective May 1ˢᵗ 2017. This letter further informs plaintiff that Carrington will stop accepting payments from her after April 30ᵗʰ 2017. The letter informs plaintiff that Bank of America N.A. will collect her payments going forward. The letter states that Bank of America N.A. \\-ill start accepting payments from her starting on May 1ˢᵗ 2017. The letter further instructs plaintiff to send all payments due on or after May 1ˢᵗ 2017 to Bank of America N.A. The letter also lists Bank of America N.A.'s contact information along with their Payment address. This letter is attached as (Exhibit 10).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

51.    On May 8ᵗʰ 2017, Carrington sent one of their employees to plaintiffs home to tell plaintiff to call Carrington, and to hang a notice on plaintiffs front door to Call Carrington immediately and that it is urgent for her to do so. This notice is attached as (Exhibit 11).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

52.    In further violation of The Federal Debt Collecting laws, during this entire period that Carrington informed plaintiff that they were "Servicing" this fraudulent loan,

Carrington sent a mortgage statement with an ever increasing amount due, to plaintiff EVERY MONTH. Even after Carrington received MULTIPLE cease and desist letters from plaintiff, they NEVER stopped committing mail fraud and attempted wire fraud, by fraudulently misrepresenting to plaintiff that she owed them money for a delinquent mortgage, demanding that plaintiff wire them a payment, and informing plaintiff that if she did not send the extortion money, that they would foreclose on her home. The latest mortgage statement that Carrington illegally mailed to plaintiff is dated with a due date of May 1st 2017. The mortgage statements from Carrington also include payment coupons, and a "notice of delinquency" on each mortgage statement. The mortgage statements from Carrington are attached as (Exhibit 12).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

53.     During the time frame that Carrington was involved in this illegal RICO conspiracy, plaintiff further attempted to remedy this matter by email with Aram Herschensohn the Special Servicing Team Lead at Carrington Mortgage Services, LLC. Plaintiff and Aram's email correspondence is attached as (Exhibit 13).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

54. On May 4th 2017, plaintiff received a notice from Bank of America, N.A. entitled: IMPORTANT LEGAL NOTICE. This letter informs plaintiff that Bank of America is required under the Notice of Servicing Transfer to inform plaintiff that the loan was recently transferred to Bank of America, N.A. The letter states that Bank of America is sending plaintiff this notice as a legal disclosure required by law. Bank of America admits in this letter that Under the Federal Debt Collections Practices Act and certain state laws, Bank of America N.A., is considered a debt collector. This makes Bank of America N.A. liable under the FDCPA for violations to plaintiff of her rights and to her property. The letter informs plaintiff that as of April 20th 2017, she owes Bank of America N.A., $194,272,22. The letter states that this debt is owed to the creditor: BANK OF AMERICA, N.A. The letter further advises plaintiff that if she disputes this letter or any portion thereof, to send her dispute to Bank of America N.A., and it also provides the address to send the dispute to. This letter is attached as (Exhibit 14).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

55. On May 4th 2017, Bank of America N.A. mailed to plaintiff a letter entitled: IMPORTANT INFORMATION ENCLOSED. The fraudulent illegal letter informs plaintiff of the following:

a. The servicing of the loan will transfer to Bank of America N.A., on May 1st 2017.

b. On May 1st 2017, the servicing of the loan will transfer from Carrington Mortgage Services, LLC to Bank of America. As of that date, Bank of

America will support all of the loan servicing including billing and payment processing.

c.      Plaintiff will no longer receive fraudulent mortgage statements from  Carrington Mortgage Services, LLC; instead, Bank of America will start sending plaintiff FRAUDULENT MORTGAGE STATEMENTS ONCE AGAIN!

d.      Enclosed is a Notice of Servicing Transfer from Bank of America regarding the fraudulent loan.

e.      Bank of America has fraudulently assigned  plaintiff a "new" loan number  of 215356291 which is EXACTLY  the  same as the  OLD FRAUDULENT   loan   number   that   Bank   of   America   N.A. FRAUDULENTLY AND ILLEGALLY a-ssigned  to  plaintiff and  her property.

f.      This letter instructs plaintiff that she MUST notify her insurance carrier to list Bank of America N.A. on her property insurance policy as the mortgagee.

g.      This letter further instructs plaintiff that the mortgagee clause in her insurance policy MUST READ AS FOLLOWS: Bank of America, N.A. Its Successors and/or Its assigns ATIMA Insurance Dept. P.O. Box 961291 Fort Worth, TX 76161-0291.

This FRAUDULENT letter is attached as (Exhibit 15).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

56.     On May 23rd 2017, Bank of America mailed to plaintiff a letter entitled: NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF OWNERSHIP OF MORTGAGE LOAN. This letter informs plaintiff of the following:

a.      The prior owner of the loan has assigned, sold or transferred the loan to Bank of America N.A., on May 8th 2017.

b.      Bank of America was the servicer of the loan on behalf of plaintiff's "prior" servicer (their words, not mine) and there are no actions that plaintiff needs to take at this time.

c.      The fraudulent letter informs plaintiff that the New owner's name is: Bank of America, N.A. and that the servicer's name is: Bank of America, N.A.

d.      The letter further informs plaintiff that the transfer of the loan is recorded in Bank of America N.A.'s, books and records, and additionally, the transfer of the loan associated with the illegal loan may be reflected, or in the future be reflected, in the public records of the local county recorder's

office where plaintiff's property is located. This letter is attached as (Exhibit 16).

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

57.   Bank of America mailed plaintiff a mortgage statement with a due date of June 1st 2017.   Bank of America continues to this day to Mail Plaintiff monthly extortion payment. This mortgage statement along with the rest of the correspondence that Plaintiff has received from Bank of America is attached to the rest of the Bank of America mortgage statements in the Exhibit section of this complaint. On June 1st 2017, plaintiff mailed to Bank of America ANOTHER debt validation/verification/dispute, cease and desist and notice to sue.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

58.   Bank of America and Trott and Trott are still working together in this RICO enterprise to conspire against Plaintiff and her Property to illegally foreclose on Plaintiff's home. On January 5th 2018, Trott and Trott again opened an illegal file number of 43798SF05 against Plaintiff and her property. The Attorney over this file number is Michael McDermott of Trott and Trott. Plaintiff has called Trott and Trott almost daily to remedy

this situation to no avail. Michael McDermott has informed Plaintiff that he agrees that Plaintiff does NOT have a mortgage on her property, and that he is corresponding with Bank of America concerning this matter.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## ADDITIONAL SCIENTER ALLEGATIONS

59.     As alleged herein, as set forth elsewhere herein in detail, defendants Bank of America, David Trott, Trott and Trott, and Carrington Mortgage Services along with their employees, agents and officers, are acting (As to Bank of America David Trott and Trott and Trott) and have acted (as to Bank of America, David Trott and Trott and Trott, Carrington Mortgage Services along with their employees, agents and officers )with scienter in that defendants (as to All Defendants) knew, or recklessly disregarded, that the documents and statements they issued and disseminated to Plaintiff in the name of the Companies or in their own name during the time frame alleged herein were materially false and misleading. Defendants (as to all defendants) knowingly and substantially participated in, and are participating in with the exclusion of Carrington, or acquiesced in the issuance or dissemination of such statements and documents in violation of Plaintiffs rights under the federal securities laws, and plaintiff's rights under all under Federal laws that are listed in this complaint. Defendants, acted (as to Bank of America, David Trott and Trott and Trott,

Carrington Mortgage Services along with their employees, agents and officers ) by virtue of their receipt of information reflecting the true facts regarding Plaintiff and her property, were and are (with the exclusion of Carrington) active and culpable participants in the fraudulent schemes alleged herein. The mortgage assignments that were created by Bank of America and Trott and Trott were *ultra vires.*

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

60.     Defendants (as to Bank of America, David Trott and Trott and Trott, Carrington Mortgage Services along with their employees, agents and officers ) knew and/or recklessly disregarded the falsity and misleading nature of the information which they caused to be disseminated to the plaintiff and to the public regarding plaintiff and her property. The fraudulent scheme described herein could not have been perpetrated during the time frame alleged herein without the knowledge and complicity of, or at least the reckless disregard by, personnel at the highest levels of the Companies, including the Individual Defendants.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

61.     Each Individual Defendant was provided with or had access to copies of the

documents alleged herein to be false and/or misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material public and non-public information, the Individual Defendants (As to All), knew or recklessly disregarded that the adverse facts specified herein had not been disclosed to and were being concealed from the plaintiff and that the positive representations that were being made were false and misleading. As a result, each of these defendants is responsible for and liable for the misrepresentations and falsities contained therein.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

62.   Defendants (As to All) have engaged in a pattern of unfair and deceptive practices and a pattern of racketeering in violation of Plaintiff's rights above and below that are alleged herein:

a.   commencing collection activities seeking to recover amounts on a debt that was never defendants debt to collect or attempt to collect on that has been paid and fully satisfied.

b.   wrongful and inaccurate allegations of loan default;

c. filing fraudulent documents that inaccurately or falsely represented they were signed by a person with direct knowledge of the matters alleged in the filing;

d.     filing fraudulent affidavits or other documents requiring notarization where the Defendants inaccurately or falsely represented that the documents were validly notarized;

e.     failing to promptly provide a reconciliation of payments received with respect to the plaintiff's obligations to the fraudulent loan and failing to appropriately update the defendants' systems of record

f.     using interstate commerce by mail, and wire to deceive plaintiff in a pattern of racketeering and extortion.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

63.     Plaintiff has been and is still currently being affected by such wrongful conduct have suffered and is suffering damages and is an aggrieved person. Bank of America N.A., David Trott and Trott and Trott Carrington Mortgage Services LLC, along with their agents, employees and officers engaged in and are still engaging in (with the exclusion of Carrington) the foregoing conduct in disregard of and in violation of the rights of Plaintiff.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. To the extent the allegations refer to damages, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore,**

denies same.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

64.  In connection with the acts alleged in this complaint, defendants, Bank of America N.A., David Trott and Trott and Trott Carrington Mortgage Services LLC, along with their agents, employees and officers directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails and interstate telephone communications all in violation of Plaintiff's rights.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## EQUITABLE TOLLING, DISCOVERY RULE RE: STATUTES OF LIMITATIONS

65.  Any applicable statutes of limitations have been tolled by Defendants' Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers illegal, deceptive, and fraudulent practices. Defendants Bank of America N.A., David Trott and Trott and Trott Carrington Mortgage Services LLC, along with their agents, employees and officers have concealed from Plaintiff the truth about their illegal, deceptive, and fraudulent practices described herein, thereby tolling the running of any applicable statutes of limitations.

**ANSWER:**

**This Defendant denies the allegations as stated.**

66.     Plaintiff had no knowledge and could not have reasonably discovered ALL of the Defendants' Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers illegal, deceptive, and fraudulent practices as alleged herein until recently.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

67.     Defendants Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers are estopped from relying on any statute of limitations defense because of their illegal, deceptive, and fraudulent practices as alleged herein.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

### DEFENDANTS FIDUCIARY DUTY TO PLAINTIFF (DEFENDENTS CREATED REALTIONSHIP BY ILLEGAL FORCE)

68.     The Individual Defendants, Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers as executive officers and/or directors and as controlling persons of the defendants' perspective corporations or companies, are publicly traded companies who are governed by federal laws had a fiduciary duty to plaintiff (relationship that plaintiff was forced into by all defendants) to promptly disseminate accurate and truthful information with respect to all of

the violations of plaintiff's rights that are herein alleged. The Individual Defendants' Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers misrepresentations and omissions to plaintiff have violated the specific requirements and obligations that are alleged herein in this present complaint.

**ANSWER:**

**The allegations appear to be opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

69.     The Individual Defendants Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers are liable as participants in a fraudulent scheme and conspiracy in a course of conduct that operated as a fraud or deceit on plaintiff by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme and conspiracy: (i) deceived plaintiff regarding defendant's Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers business, operations and management affected by defendants' Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers wrongful conduct in violation of plaintiffs rights under federal law complained of herein.

**ANSWER:**

**The allegations appear to be opinion of the writer or call for a legal conclusion and, accordingly, require no response. By way of further response, to the extent the allegations**

refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

70.     Defendants Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers violated, among other laws alleged herein, have violated Plaintiff's rights under the Unfair and Deceptive Acts and Practices and the Consumer Financial Protection Act of 2010 by deceiving plaintiff about a fraudulent loan and engaging in illegal foreclosure activities.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

71.     The defendants, Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers with the other allegations herein, gave plaintiff false and or misleading information, slandered her title to her home extorted her out of money and out of the enjoyment of her home and wrongly charged plaintiff fees. The statements made and or omitted by defendants Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers were each materially false and misleading when made.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal**

conduct.

72.     If any finding of fact herein is considered to be a conclusion of law, or any conclusion of law is considered to be a finding of fact, plaintiff asks for the courts' consideration that it be so.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer, or call for, a legal conclusion and, accordingly, require no response.   To the extent a response is required, the allegations are denied.**

73.     As described in the allegations herein, Defendants' (As to Bank of America) misconduct resulted in the issuance of an illegal, fraudulent and improper mortgage, premature and unauthorized attempts at foreclosure, violation of all of plaintiffs rights and protections as a homeowner.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

74.     Each of the allegations regarding Defendants Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with their agents, employees and officers contained herein applies to instances in which one or more, and in some cases all, of the Defendants engaged in the conduct alleged.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer, or call for, a legal**

conclusion and, accordingly, require no response.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.

75.    Plaintiff believes that substantial additional evidentiary supp01t will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

## FIRST CAUSE OF ACTION

### Violation of Racketeer Influenced and Corrupt Organizations

### Act RICO VIOLATIONS

**18 § U.S.C. 1333;1334, 18 U.S.C. §§ 1961 (1), 18 U.S.C. §1962(C), 18 § U.S.C.1961-1968;**

**18 § U.S.C. 1964(c)**

76.    Plaintiff Alleges and re-alleges paragraphs 1-75 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants (As to All) have violated Plaintiffs rights under RICO.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

77.    Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Servicers along with their employees, officers and agents, conducted and participated in the

affairs of this RICO enterprise through a pattern of racketeering activity that began in 2011 or shortly thereafter, and continues through the present and has consisted of hundreds of predicate acts including mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343 and in violation of RICO laws 18 § U.S.C. 1961-1968.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

78.     Defendants Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services and their agents, employees, and officer, are an association-in-fact enterprise comprised as the defendants and their agents and their employees.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

79.     Defendants (As to Bank of America N.A.), pressured plaintiff to make payments to them on a fraudulent loan that they created against her property for a debt that she did not and does not owe, under the constant threat of foreclosing on her property in what amounts to racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and in violation of Plaintiffs rights under RICO.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

80.     Defendants (As to All) are debt collectors, defendants (As to All) are an enterprise-in-fact. The defendants (As to Bank of America) received money from Plaintiff from a pattern of racketeering activity, (2) invested that money in an enterprise, (3) the enterprise affected interstate commerce, and (4) The defendants (As to All) have caused to Plaintiff, an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. The Defendant's (As to All) acted with malice, and with fraudulent intent. The defendants have caused Plaintiff RICO treble damages. Plaintiff was injured in her property by activity of this "enterprise"( a mechanism by which the group "conducted its affairs or made it's decisions) through a "pattern of racketeering activity, (Mail fraud, wire fraud, and securities fraud) Fraud and misrepresentation. (State National bank v. Farah Manufacturing Co) Facts were misrepresented or omitted by this enterprise to Plaintiff, and Plaintiff reasonably relied upon such misrepresentations or omissions to her detriment. (Sanchez-Corea v. Bank of America).

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  To the extent a response is required, the allegations are denied.**

81.     Plaintiff requests and qualifies for a civil penalty of up to $1 million dollars for each violation, plus such other relief as is in connection with each false entry or assignment, or such greater amount as provided by law.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

82.     The details of the fraudulent scheme that the defendants (As to All) have engaged and are (with the exclusion of Carrington) engaging in against Plaintiff are as follows:

1.     Bank of America found Plaintiffs address and created and recorded a fraudulent Assignment of Mortgage into Plaintiffs county records.

2.     Bank of America then contacted Plaintiff and told her that she owes them for a mortgage against her property that does not exist.

3.     Plaintiff informs Bank of America of their mistake and asks them to correct their records accordingly. Bank of America refuses and blackmails Plaintiff by telling her if she does not start paying them for the non-existent mortgage they will foreclose on her home.

4.     Bank of America successfully blackmails Plaintiff under the

belief that they definitely will steal her home from her and Plaintiff starts sending extortion payments to Bank of America. Plaintiff pays Bank of America extortion payments every month in the amount of $1105.00 until she pays off the entire fraudulent debt.

5.     Bank of America still threatens Plaintiff with foreclosure and David Trott and Trott and Trott sends Plaintiff a letter stating that they are foreclosing on her home. David Trott and Trott and Trott mails Plaintiff a letter stating that they are selling her home at a Sherriff's sale.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

83.     Trott and Trott then published the fraudulent sale information in a newspaper for four consecutive weeks and posted a foreclosure sheriffs sale notice on the front door of Plaintiff's home.

**ANSWER:**

**This Defendant, Trott, denies the allegations as stated.**

84.     Plaintiff informs Trott and Trott of their and Bank of America's mistake and asks them to correct their records. Plaintiff informs Trott and Trott that her home was paid for in full and that she also paid for her home a second time through an extortion payment to Bank of America. Plaintiff further informs Trott and Trott that there was never an assignment to Bank of America of a mortgage in her name. Plaintiff informed Trott and Trott

that they and Bank of America and their employees and their agents are breaking the law and that she will be suing them. Plaintiff told Trott and Trott that the "Assignment of Mortgage" that Bank of America recorded into Plaintiff's land records was fraudulent. Plaintiff informed Trott and Trott that the fraudulent Assignment of Mortgage purported to assign a mortgage in Plaintiff's name from Bank of America to Countrywide and BAC home loans with whom Bank of America merged with. Plaintiff informed Trott and Trott that even the attempt of Bank of America to make and assign a fraudulent assignment of mortgage was against the law. CountryVvide and BAC home loans did not survive the merger and that would make it impossible for Bank of America to assign a mortgage to a company that no longer existed. Bank of America attempted to assign a mortgage to Countrywide and BAC home loans so that they may in the future, assign the same non- existent mortgage over to themselves as the only surviving company out of the said merger.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

85.    Plaintiff informed Trott and Trott that besides that fact that her home was paid for in full, and the fact that she never had a mortgage that was assigned to Bank of America, in order to foreclose on her home under Michigan law, a chain of title must exist.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as**

**to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

86. Trott and Trott then took this information from Plaintiff and Brian Yoho of Trott and Trott then created another fraudulent assignment of mortgage in an attempt to assign Plaintiff's home from Countrywide and BAC home loans over to Bank of America in order to successfully create a chain of title to complete this RICO enterprises' fraudulent scheme. Countrywide and BAC home loans never existed as of 2011, yet on August 25, 2014 Brian Yoho of Trott and Trott drafted a fraudulent assignment of mortgage had it notarized and it was signed by Luan Pham Assistant Vice President of Bank of America. This fraudulent assignment of mortgage purported to assign a mortgage in Plaintiff's name over from Countrywide and BAC home loans over to Bank of America, and it was signed by Bank of America. The fact that Bank of America tries to assign a mortgage to Bank of America is fraudulent on it's face.

**ANSWER:**

**This Defendant, Trott, denies the allegations as stated.**

87. Plaintiff then sold her house for $1.00 to put an end to this RICO enterprises' fraudulent scheme and then Trott and Trott adjourned the foreclosure sale of her home.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies**

**same.   To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

88.     The entire RICO scheme that Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC participates and have participated in as an enterprise breaks down as follows:

(All of these things have been done by these defendants to Plaintiff as well) Bank of America finds a homeowner, in this case, Plaintiff. Bank of America then creates and assigns a fraudulent assignment of mortgage in the homeowners name over to Bank of America. Bank of America then contacts the homeowner, tells them that they owe Bank of America for a mortgage debt, then extorts and embezzles money from the homeowner through blackmail and under the guise that if the extortion payments are not made, Bank of America will steal the homeowners home through an illegal foreclosure. David Trott and Trott and Trott then sends the homeowner a letter and informs them that they are going to foreclose on their home, publishes the sheriff sale notice in the newspaper for four consecutive weeks, posts the sheriff sale notice on the homeowners front door, and then Brian Yoho of Trott and Trott creates another fraudulent assignment of mortgage purporting to assign the mortgage over to Bank of America. Bank of America then signs the fraudulent assignment of mortgage that is then notarized. Trott and Trott then gives the Sheriff the fraudulent assignment of mortgage and has the sheriff sale the home at a Sheriffs auction. Bank of America then purchases the home at the sheriffs auction and sells the home for an unjust profit. Bank of America David Trott and Trott and Trott then shares the proceeds

from the illegal sale, invests some of the profits back into the enterprise and continuously repeats the process on the next homeowner. Bank of America, David Trott, Trott and Trott their agents and employees have successfully conducted, managed and participated in this RICO enterprise scheme thousands of times and are still conducting, managing, participating in, and unjustly profiting from and re-investing profits from this scheme even today. Bank of America, David Trott, and Trott and Trott and their employees and agents are currently running this exact same scheme on Plaintiff under the Trott and Trott file number of 437985F05. The previous RICO enterprise scheme on Plaintiff was under Trott and Trott file number 437985F03. Both schemes are under Bank of America fraudulent loan number 215356291. Carrington Mortgage Services LLC briefly participated in this scheme under fraudulent loan number: 7000089915. Carrington's position in this enterprise is to aide Bank of America in attempting to extort and embezzle money from Plaintiff and other homeowners and then attempt an illegal fraudulent foreclosure when Bank of America are unfruitful in their foreclosure efforts.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

89.     Plaintiff suffered and is currently suffering economic loss, i.e., damages, under the federal RICO laws as a direct result of these defendants' fraudulent RICO enterprise scheme.

**ANSWER:**

This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.

90.     The injuries to Plaintiff were caused by the defendant's (As to All) commission of several of the predicate acts defined by 18 U.S.C. $ 1961(1)) and Plaintiff was the intended target of the defendant's conduct.

**ANSWER:**

This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.

91.     Defendants (As to All) are an enterprise that conspired and operated and does conspire and operate an enterprise through a pattern of racketeering in violation of RICO, and in violation of Plaintiff's rights under RICO and have caused and are causing injury to Plaintiffs property and business by reason of the predicate acts in violation of RICO. Plaintiffs damages are resulting and have resulted directly from the commission of several RICO violations by these Defendants. (As to All) Defendants 1.mlawfully engaged in and are continuously engaging in the management and operation as a racketeering enterprise through a pattern of racketeering activity in violation of federal and Michigan state law; committed theft and official misconduct under Michigan state law; and were unjustly enriched as a result of their actions to steal my home.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and,**

accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

92.     Defendants (As to All) materially misled plaintiff, thereby by publicly and privately issuing to her and against her property, false and misleading statements and omitting material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Such statements and omissions were materially false and misleading because they failed to disclose material adverse information and misrepresented the truth about the Companies and their business and operations, and the RICO enterprise as alleged herein.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

93.     At all relevant times, the material misrepresentations and omissions particularized in this complaint directly or proximately caused, or were a substantial contributing cause of, the damages sustained by plaintiff. As described herein, defendants (As to All) made or caused to be made a series of materially false or misleading statements about their business, the RICO enterprise and operations. These material misstatements and omissions had the cause and effect of Defendants' materially false and misleading statements resulted in plaintiff making payments on the fraudulent mortgage, thus causing

the damages complained of herein.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

94.     The defendants (As to All) are members of an illegal enterprise and the defendants are members of "association-in-fact enterprise" and is continuing in such. This enterprise is more than a corporate entity and its agents conducting their regular business. This enterprises pattern of racketeering is based upon separate predicate acts, that are separate and apart from their regular business practices. There are threats of future illegal activity from all defendants and this enterprise and the association in fact enterprise. This criminal conduct has affected and is affecting Plaintiff.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

95.     All of these defendants are perpetrators of and have agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

96.     From at least July 1st 2011 or soon thereafter, to the present, the affiliation between Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, their employees and agents constituted and do constitute an enterprise. Defendants (As to All) do conduct and have conducted and participate in and have participated in that enterprise's affairs individually and as members of the enterprise.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

97.     All defendants, through a pattern of racketeering activity consisting of numerous and repeated uses of the interstate mails and wire communications to execute a scheme to defraud, Plaintiff out of money and out of her property all in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (D).

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal**

conduct.

98.     The RICO enterprise, which engaged in, and does engage in, and whose activities affected interstate and foreign commerce, was comprised and is comprised of an association-in-fact of entities and individuals that included and includes Bank of America, N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, along with several of their respective employees, agents and officers, including Jacqueline Kontry and Brian Yoho of Trott and Trott.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

99.     The members of the RICO enterprise all had a common purpose: to fraudulently deceive plaintiff into believing they she owes them for a mortgage loan, collecting money on the fraudulent loan and convincing plaintiff that they own her home.  Defendants  also had a purpose of defrauding plaintiff of her property.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  To the extent a response is required, the allegations are denied.**

100.    This RICO enterprise uses and have used The U.S. mail or wire services, including internet, telephone and email were used in furtherance of the scheme. The use of

the mail or wire services were either known to Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC and their employees and agents, and or it was reasonably foreseeable that they would be used for this purpose.

**ANSWER:**

**The allegations appear to be opinion of the writer, or call for, a legal conclusion and, accordingly, require no response. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

101. Defendants' repeated violations of the federal mail and wire fraud statutes, which have all occurred in the last few years, and currently (with the exclusion of Carrington Mortgage Services LLC) include and have included: Sending fraudulent documents with instructions to Plaintiff by mail, fax, email or internet directing Plaintiff to provide illegal payments and other information to: Bank of America, Trott and Trott, Wilmington Savings Fund Society, FSB, d/b/a/ Christiana Trust ("Christiana"), not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-11, Stanwich Mortgage Trust Loan Series 2012-11, a securitzed trust, with Christiana acting as Trustee. having an address of: c/o Carrington Mortgage Services, LLC, as servicing agent.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal**

conduct.

102.  The scheme to defraud that was perpetrated by Defendants (As to All) and their employees and was at the center of the racketeering activity. These hundreds of violations constitute a pattern of racketeering. They are related in that they share the same purpose of defrauding, and blackmailing Plaintiff, involve the same participants, victim, and methods of commission. And because defendants' large-scale criminal activities occurred over a period of several years and are continuing unabated, they amount to or pose a threat of continued criminal activity. These fraudulent documents constituted and constitute numerous and repeated violations of the federal mail and wire fraud statutes in violation of 18 U.S.C. $\S\S$ 1341, 1343, as well as a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961 (1), 1962 (D) and 18 $\S$ U.S.C. 1961-1968. Defendants knew, or at a minimum were reckless in not knowing, that the documents were misleading, deceptive, and/or false when sent, as a result of the actions of their officers and employees pursuant to the fraudulent RICO enterprise scheme outlined in this Complaint.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

103.  Each of the defendants associated with the RICO enterprise knew of and do know of the existence of the enterprise and its related activities. The defendants Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC and their

employees and agents formed an ongoing organization, formal or informal, and defendants functioned and are functioning as a continuing unit and the organizations are separate from the pattern of racketeering activity in which they engage and have engaged in. There is a chain of command in this enterprise.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

104.    Defendants have engaged and are engaged in underlying predicate acts:

The defendants (As to All) have and are (with the exclusion of Carrington Mortgage Services LLC) participating and participates in this scheme and defendants (As to All) also have participated in the operation or management of the enterprise itself.

The Defendants had engaged in improper fee sharing arrangements with foreclosure attorneys and/or law firms, including, but not limited to, undisclosed contractual arrangements for impermissible legal fee splitting, which are camouflaged as various types of fees;

Defendants are debt collectors, defendants are an enterprise.

The Defendant's acted and are acting with malice and fraudulent intent. The injury was caused by the defendant's commission of several of the predicate acts defined by 18 U.S.C. $ 1961(1)) and Plaintiff was the intended target of the defendant's conduct.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

105.   As a direct and proximate result of defendants' wrongful conduct, plaintiff has suffered and is suffering damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

## SECOND CAUSE OF ACTION COMMON AW FRAUD

106.   Plaintiff Alleges and re-alleges paragraphs 1-106 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under Common Law Fraud.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

107.   Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their employees, officers and agents and Brian Yoho of Trott and

Trott, committed common law fraud against Plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

108.    All defendants committed common law fraud upon Plaintiff in that they made false statements of fact it knew were false for the purpose of inducing Plaintiff to rely on those statements. Defendants, by making these misrepresentations, profited by keeping Plaintiffs payments for profit and/or applying those funds to fraudulent inspection fees. Plaintiff relied on defendants' false statements and acted on those false statements and as a result suffered actual damages as described in this Complaint.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

### THIRD CAUSE OF ACTION
### 29 u.s.c.§ 1109
### (Breach of Fiduciary Duty)

109.    Plaintiff Alleges and re-alleges paragraphs 1-109 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights by breaching their fiduciary duties to Plaintiff.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as**

stated.

110.    At all times relevant, Defendants, as to Bank of America illegally forced, created, accepted and acted in a fiduciary relationship of great trust and acted for and were the servicers of the fraudulent mortgage loan and fraudulent mortgage loan modification that they as to Bank of America N.A., illegally and fraudulently put into plaintiff Keturah Mixon's name.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

111.    Defendants (As to All) further placed themselves in a position of trust by virtue of the expertise represented by and through their employees.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

112.    Defendants (As to All) have breached their fiduciary duties owed to Plaintiff Keturah Mixon as they have acted and continue to act (with the exclusion of Carrington Mortgage Services LLC) for their own benefit and to the detriment of Plaintiff Keturah Mixon.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

113.    Among other things, Defendants, as to Bank of America have created a fraudulent loan, a fraudulent assignment of mortgage and a fraudulent loan modification in Plaintiff Keturah Mixon's name, accepted payment for same, and then have sought and are seeking to foreclose on Plaintiff Keturah Mixon's home, illegally and fraudulently without due care to the best interests of Plaintiff Keturah Mixon or for the protection of her rights.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

114.    As a consequence and proximate result of the Defendant's (As to All) breaches of fiduciary duties, Plaintiff Keturah Mixon has suffered mental illness, economic damages, loss of funds and payment of fees improperly incurred in an amount to be proven by trial.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## FOURTH CAUSE OF ACTION

### Fraudulent Misrepresentation

115.    Plaintiff Alleges and re-alleges paragraphs 1-115 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if

set forth herein in full. Defendants have violated Plaintiff's rights by and through Fraudulent Misrepresentation.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

116.    By virtue of the acts described above, Defendants as to Bank of America N.A., knowingly presented or caused to be presented to Plaintiff fraudulent claims for payment or approval, and received such payments from plaintiff.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

117.    In so doing, the Defendants as to Bank of America acted knowingly; that is, the Defendants possessed actual knowledge that the claims for payment were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the claims for payment; or acted in reckless disregard of the truth or falsity of the claims for payment.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

118.   By virtue of the acts described above, the Defendants as to Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their agents, employees and officers made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim against Plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

119.   By virtue of the acts described above, the Defendants as to Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their employees, agents and officers acted knowingly; that is, the Defendants possessed actual knowledge that the information, statements and representations were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the information, statements and representations.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

120.   By virtue of the acts described above, the Defendants as to Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their employees, agents and officers made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to themselves from

plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

121. By virtue of the acts described above, the Defendants as to Bank of America and Trott and Trott acted knowingly; that is, that they possessed actual knowledge that the information, statements and representations were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the information, statements and representations.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

122. By virtue of the acts described above, the Defendants as to Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their employees, agents and officers conspired together with one or more persons: to present or cause to be presented to Plaintiff false or fraudulent claims for payment or approval; to make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim; and, to make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the defendants, Bank of America. Plaintiff obliged and suffered and is suffering damages from these direct illegal acts.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

## FIFTH CAUSE OF ACTION EXTORTION AND BLACKMAIL
## 18 U.S. Code Chapter 41 § 880 and 873 and 875(d)

123.    Plaintiff Alleges and re-alleges paragraphs 1-123 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights by Blackmailing and Extorting Monies from her.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

124.    By virtue of the acts described above, Defendants as to Bank of America N.A., knowingly presented or caused to be presented to Plaintiff fraudulent claims for payment or approval, and received such payments from plaintiff.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

125.    Defendants as to Bank of America, David Trott, Trott and Trott, (And Carrington Mortgage Services LLC when they did participate) have and are orally and maliciously threatening to steal Plaintiff's home from her and have published and are threatening to publish false and illegal information publicly in the newspapers if Plaintiff does not pay them money that she does not owe to them in an attempt to extort money from Plaintiff. Defendants as to Bank of America, David Trott and Trott and Trott have and are

orally and maliciously threatening to file and have filed false, fraudulent and misleading documents in the newspaper and in Plaintiff's property records threatening to take plaintiff's home if she does not pay them money that she does not owe to them. In so doing, the Defendants as to Bank of America, David Trott and Trott and Trott acted knowingly; that is, the Defendants possessed actual knowledge that the claims for payment were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the claims for payment; or acted in reckless disregard of the truth or falsity of the claims for payment.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

126.    By virtue of the acts described above, the Defendants *as* to Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to a false or frm1dulent claim blackmailing and extorting and attempting to extort more money from Plaintiff and threatening to steal Plaintiff's home.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

127.    By virtue of the acts described above, the Defendants as to Bank of America, David Trott and Trott and Trott acted knowingly; that is, the Defendants possessed actual knowledge that the information, statements and representations were false or fraudulent;

acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the information, statements and representations.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

128.    By virtue of the acts described above, the Defendants as to Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to themselves from plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

129.    By virtue of the acts described above, the Defendants, as to Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their agents, employees and officers conspired with one or more persons: to present or cause to be presented to Plaintiff false or fraudulent claims for payment or approval; to make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim; and, to make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the defendants plaintiff obliged and suffered and is suffering damages as a direct result of these defendants' illegal actions,

**ANSWER:**

The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  To the extent a response is required, the allegations are denied.

## SIXTH CAUSE OF ACTION

### For Violation of §10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants (as to plaintiffs' promissory note)

### The Securities Exchange Act of 1934

### FOR VIOLATION OF §10(B) OF THE 1934 ACT AND RULE 10B-5 AGAINST ALL DEFENDANTS

130.    Plaintiff Alleges and re-alleges paragraphs 1-130 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under the exchange and securities exchange acts.

<u>ANSWER:</u>

To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.

131.    Defendants as to Bank of America, David Trott, Trott and Trott, and Carrington Mortgage Services LLC along with their employees, agents and officers disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and

failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

132. Defendants violated §IO(b) of the 1934 Act and Rule lOb-5 in that they:

(a) employed devices, schemes and artifices to defraud;

(b) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; (c) engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff as to all things alleged above.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

133. By virtue of the foregoing, the Individual Defendants have each violated §I Ob of the 1934 Act, and Rule 1Ob-5 promulgated thereunder.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

134. As a direct result and proximate result of defendants' wrongful conduct, Plaintiff is suffering and has suffered damages in connection with defendants unlawful

conduct.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

135. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein. During the time frame alleged herein, defendants disseminated to the public and to plaintiff or approved the materially false and misleading statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

136. Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements made not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon Plaintiff and to the public.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the**

allegations as stated.

137. Plaintiff has and is suffering damages in that, in her reliance on the defendants' misrepresentations and falsities, she paid twice for her mortgage note, and Plaintiff had to sell her home for one dollar.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

138. As a direct and proximate result of defendants' wrongful conduct, plaintiff has suffered damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

### SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

139. Plaintiff Alleges and re-alleges paragraphs 1-139 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights and have negligently inflicted emotional distress on Plaintiff.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

140. By doing the acts as described above, Defendants as to Bank of America, David Trott, Trott and Trott and Carrington Mortgage Services LLC along with their employees, agents and officers have caused and is causing the plaintiff direct and personal harm, and or permitted the violation of Plaintiffs rights, thereby entitling Plaintiff to recover damages. The Defendants' (As to All) negligence have caused and is causing Plaintiff to have mental, physical and emotional harm as a direct result of their illegal actions. It was foreseeable to the defendants' that their negligent conduct would cause and have caused the Plaintiff harm. Defendants' actions have made Plaintiff suffer emotional and mental distress that is so severe that it causes her severe physical symptoms and physical manifestations of headaches, weight gain, severe nervousness, and nightmares along with a list of other physical symptoms. Plaintiffs symptoms started immediately after defendants' actions started and they continue through this present day.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

### EIGHTH CAUSE OF ACTION
### Violation of MCL 600.3204

141. Plaintiff Alleges and re-alleges paragraphs 1-141 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if

set forth herein in full. Defendants have violated Plaintiffs rights under MCL 600.3204.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

142.   Defendants (As to All) have attempted to and are (with the exclusion of Carrington) attempting to illegally and fraudulently foreclose on Plaintifrs property and violate Plaintiff's rights in violation of the Michigan Foreclosure Law that is listed below, all in violation of PlaintifPs rights, and in doing so have cause Plaintiff to suffer damages: Under MCL 600.3204, all of the following have to be in place in order to legally foreclose on a Michigan homeowner:

**600.3204 Foreclosure by advertisement; circumstances; installments as separate and independent mortgage; redemption; chain of title.**

Sec. 3204.

(1)   A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a)   A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b)   An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.

(c)   The mortgage containing the power of sale has been properly recorded.

(d)   The party foreclosing the mortgage is either the owner of the

indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

(2)    If a mortgage is given to secure the payment of money by installments, each of the installments mentioned in the mortgage after the first shall be treated as a separate and independent mortgage. The mortgage for each of the installments may be foreclosed in the same manner and with the same effect as if a separate mortgage were given for each subsequent installment. A redemption of a sale by the mortgagor has the same effect as if the sale for the installment had been made upon an independent prior mortgage.

(3)    If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

143.    Plaintiff has paid for her home in full, therefore Defendant's have and are violating MCL 600.3204 and Defendants have and are violating Plaintiffs rights under MCL 600.3204. Defendants have caused and is causing Plaintiff to suffer as a direct result of their violations of MCL 600.3204 and in violation of Plaintiffs rights under MCL 600.3204.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

**TENTH CAUSE OF ACTION**

**Breach of Contract (Tort) (illegally forced fraudulent contract)**

144.    Plaintiff Alleges and re-alleges paragraphs 1-144 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights under the Breach of Contract Tort laws.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

145.    Bank of America has illegally and fraudulently forced Plaintiff into a contract with them and they have breached the contract causing Plaintiff damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

146.    During numerous times during the time frame alleged herein, through the present date, Defendants Bank of America N.A., has failed and refused to properly credit amounts as against the alleged fraudulent mortgage and/or indebtedness of Plaintiff Keturah Mixon.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as**

to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.

147. Bank of America N.A., received and accepted by extortion, monthly payments in the amounts that were demanded of her and Bank of America has received a payment that was extorted from Plaintiff for the total amount demanded to cure the fraudulent debt.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

148. Based upon the contract (by force) and the implied and express warranties which would thereby have been created, together with implied covenants of good faith and fair dealing, Bank of America N.A., breached the contract in effect by, inter-alia, failing to properly credit payments, failing to provide for proper credit reporting as to the status of the fraudulent loan as such appeared and does still appear on the personal credit report of Plaintiff Keturah Mixon, and making inaccurate representations upon which Plaintiff Keturah Mixon relied with respect to alleged mortgage while at the same time directing its personnel and legal counsel to foreclose on Plaintiffs Property without a valid assignment of mortgage while Bank of America N.A.,was falsely reporting to the public that the Property was in foreclosure. Bank of America N.A., has breached their implied and express obligations pursuant to the alleged assigned contract and/or other obligations for the collection of any indebtedness or any right to foreclose upon the Property.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

149.    Bank of America and Trott and Trott have no valid legal authority to foreclose on the Property and they never have, or will have any valid legal authority to do such.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

150.    As a result thereof, Plaintiff has sustained substantial damages, including but not limited to, the loss of her home due to the fact that she had to sell it for $1.00, damages to her person as a result of a hypertensive crisis, mental and psychological damages resulting in several mental diagnoses including PTSD among others, damages to her reputation and credit, losses and damages resulting from the effects of the wrongful foreclosure attempts, including a diminution of the fair market value of the Property and amounts that might be achieved as to sales price, but for the wrongful foreclosure attempts, losses and damages experienced as a result of the expenditure of attorney's fees and costs associated herewith, and damage and losses sustained as a result of the false negotiations of the subject mortgage on the Property undertaken by Bank of America irrespective of the fact that Plaintiff had already paid her mortgage in full, and the fact that Plaintiff has never owed Bank of America any money.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

151.    Plaintiff has suffered and is suffering damages as a direct result of Defendants illegal and fraudulent actions.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## ELEVENTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

152.    Plaintiff Alleges and re-alleges paragraphs 1•152 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under the Breach of Covenant and Fair Dealing laws.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as**

stated.

153.    The covenant of good faith and fair dealing is incorporated into and made a part of all contracts made under the laws of the State of Michigan.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  To the extent a response is required, the allegations are denied.**

154.    All of these defendants were motivated by greed and selfishness, and intentionally made the various misrepresentations to Plaintiff Keturah Mixon as set forth directly above and below.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

155.    At all times relevant hereto, Defendants knew or should have known that Plaintiff Keturah Mixon would rely on their misrepresentations as alleged directly above and below as made to Plaintiff Keturah Mixon.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

156.    At all times relevant hereto, Plaintiff Keturah Mixon relied on the misrepresentations of All of these defendants, and paid Bank of America funds that were not properly or timely credited

to the fraudulent mortgage loan and the fraudulent modification that these defendants created and collected payments on from Plaintiff. These defendants sent out misleading statements which did not reflect the timing and amount of payments actually made; among other misrepresentations as to the status of the fraudulent loan.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

157.   Bank of America received the wrongfully acquired payments, sought under duress and threat, and has expended the proceeds in an effort to keep this illegal enterprise going and to continue with its illicit activities.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

158.   Plaintiff has suffered and is suffering damages as a din::ct result of these defendants fraudulent and illegal actions.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any**

wrongdoing or illegal conduct.

## TWELVETH CAUSE OF ACTION

### (Negligence)

159.    Plaintiff Alleges and re-alleges paragraphs 1-159 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights through negligence.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

160.    Defendants Bank of America N.A., owed a duty to Plaintiff Keturah Mixon to 1) timely and accurately process payments made as against the alleged fraudulent indebtedness of Plaintiff Keturah Mixon to Bank of America N.A., 2) (Defendants As to All) to properly report to Plaintiff Keturah Mixon the status of the property and her credit to third parties and not make representations that the property would be foreclosed upon; 3) to be truthful with Plaintiff Keturah Mixon as to the fact that Bank of America NEVER owned ANY interest beneficial, financial or otherwise in Plaintiffs' property, and that Plaintiff NEVER owed ANY money to Bank of America N.A., for ANY reason and ESPECIALLY not for a mortgage or modification that was FRAUDULENTLY put into Plaintiffs name by Bank of America N.A.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and,**

accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

161. Plaintiff Keturah Mixon justifiably relied upon the negligent actions and misrepresentations made by Defendants.

**ANSWER:**

This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

162. Bank of America N.A., breached the duty of due care owed by Defendants Bank of America N.A., with respect to, inter-alia, the above noted duties and 1) its wrongful failure to accurately report payments as having not been made when, in fact, they had; 2) (Defendants as to Bank of America, David Trott and Trott and Trott) notifying potential buyers and the public at large that Plaintiffs' Property was in foreclosure.

**ANSWER:**

To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.

163. As a result of the fraudulent and illegal actions of Bank of America N.A., David Trott, Trott and Trott and Carrington Mortgage Services LLC, their employees, agents and officers, Plaintiff Keturah Mixon has sustained substantial damages, including but not limited to, damages to her personal reputation and credit, losses and damages

resulting from the effects of the wrongful foreclosure attempts, including a diminution of the fair market value of the Property and amounts that might be achieved as to sales price, but for the wrongful foreclosure attempts, losses and damages experienced as a result of the expenditure of attorney's fees and costs associated herewith, and damage and losses sustained due to Plaintiff spending YEARS going back and Fotth with Bank of America N.A., Trott and Trott, and Carrington Mortgage Services LLC, trying to proved to them that she has paid her home off in full, and that NONE of these Defendants were ever owed an indebtness by plaintiff, and back and forth for YEARS concerning the validity of the existence of the FRAUDULENT mortgage or payments either made thereon or to be made thereon.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

164.   As a direct result of defendants illegal and fraudulent actions, Plaintiff has suffered and is suffering damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## THIRTEENTH CAUSE OF ACTION INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

**(Conversion)**

165.    Plaintiff Alleges and re-alleges paragraphs 1-165 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights through intentionally inflicting emotional distress on Plaintiff.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

166.    By doing the acts as described above and below, Defendants (As to All) have caused and is causing Plaintiff direct and personal harm, and or permitted the violation of Plaintiff's rights, thereby entitling Plaintiff to recover damages. The Defendants' negligence have caused and is causing Plaintiff to have mental, physical and emotional harm as a direct result of their illegal actions. It was foreseeable to the defendants' that their negligent conduct would cause and have caused the Plaintiff harm. Defendants' actions have made Plaintiff suffer emotional and mental distress that is so severe that it causes her severe physical symptoms and physical manifestations of headaches, weight gain, severe nervousness, and nightmares along with a list of other physical symptoms. Plaintiff's symptoms started immediately after defendants' actions started and they continue to this present day.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the**

allegations as stated and by way of further response, this Defendant denies any wrongdoing or illegal conduct.

167.    From time to time, Bank of America N.A., would threaten foreclosure on the Property in order to coerce unreasonable and unconscionable payments from Plaintiff Keturah Mixon which were NEVER owed by Plaintiff.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

168.    Defendants were and are motivated by greed and selfishness, and intentionally made the various misrepresentations to Plaintiff Ketuah Mixon as set forth directly above to cause ILLEGAL amounts to be paid to them by Plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

169.    At all times relevant hereto, Defendants knew or should have known that Plaintiff Keturah Mixon would rely on their representations as alleged directly above as made to Plaintiff Keturah Mixon.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies any**

**wrongdoing or illegal conduct.**

170.   At all times relevant hereto, Plaintiff Keturah Mixon relied on the representations of Bank of America N.A., and paid them monies that were not properly or timely credited to the FRAUDULENT loan. And defendants sent out misleading and FRAUDULENT statements which did not reflect the timing and amount of payments actually made; among other misrepresentations.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

171.   Bank of America N.A., received the wrongfully acquired payments, sought under duress, threat, and under fraudulent demands and has expended the proceeds in an effort to keep the fraudulent enterprise going, to receive illegal payments from Plaintiff and to steal Plaintiffs' home from her, to continue with their illicit activities.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and by way of further response, this Defendant denies any wrongdoing or illegal conduct.**

172.    Plaintiff had a force-placed Confidential relationship with the defendants. A force-placed fiduciary relationship. The Defendants inequitably abused that confidence by wrongfully using its position of authority in order to obtain an unconscionable advantage over Plaintiff. Defendants gained an unconscionable advantage by abusing the relationship. The defendants knew or had reason to know of Plaintiffs trust and confidence under the circumstances exceeding an ordinary commercial transaction. The defendants breached their fiduciary duty to Plaintiff. Defendants' controlled and dominated Plaintiff. The defendants exercised their control over plaintiff. Defendants made bad faith threats to exercise remedies under the false mortgage creation and assignments of the same.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and by way of further response, this Defendant denies any wrongdoing or illegal conduct.**

173.    As a direct result of defendants' illegal and fraudulent actions, defendants have intentionally inflicted emotional distress on Plaintiff and Plaintiff has suffered and is suffering damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## FOURTEENTH CAUSE OF ACTION

## (Violation of 15 U.S.C § 1692 (2)(A) 15 U.S.C § 1692 (D) (E) (4) (5) (F)

## (10) 1692(all) FAIR DEBT COLLECTION PRACTICES ACT

174.    Plaintiff Alleges and re-alleges paragraphs 1-174 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under The Fair Debt Collection Practices Act.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

175.    By legal definition and by their own admission, defendants are "Debt Collectors" either acting for themselves or through agents as that term is used in the United States Code.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

176.    Defendants have violated the F.D.C.P.A by creating, and presenting to The Calhoun County Register of Deeds Office, and to Plaintiff a fictitious Assignment of Mortgage claiming interest in Plaintiff's property exclusively for the benefit of embezzling and extorting monies from Plaintiff and to foreclose on Plaintiff's property with full knowledge that not only did Plaintiff not have a mortgage, but Plaintiff had actually previously paid Bank of America for a mortgage that

she never had.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

177. Defendants have used false, deceptive, and misleading representations or means in connection with the collection of an illegal debt that does not exist. Defendants have used false representation of the character, amount and legal status of this illegal debt that does not exist. Defendants have and are representing to Plaintiff that nonpayment of this illegal debt will result in the sale of her property.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

178.    Plaintiff Keturah Mixon on MULTIPLE occasions duly and properly requested validation of the "debt" under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA). Defendants have NEVER responded to Plaintiffs' demands in such a way as to meet the requirements of the Act.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

179.    Defendants (with the exclusion of David Trott and Trott and Trott) made threatening and obnoxious telephone cails to Plaintiff Keturah Mixon, to attempt to prompt Plaintiff to disburse funds to them that were NEVER owed to them.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

180.    Defendants (with the exclusion of David Trott and Trott and Trott) have sent to Plaintiff Keturah Mixon MULTIPLE notices on MULTIPLE occasions that were entitled: NOTICE OF INTENT TO FORECLOSE," which represented that plaintiff was "AT RISK OF LOSING [HER] HOME TO FORECLOSURE," and stated that it was a "notice ofintent to foreclose if the default under the Fraudulent mortgage is not resolved."

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as**

to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.

181.   15 U.S.C. § 1692e and§ 1692f apply to unfair or deceptive communications "in connection with" the collection of any debt. The "NOTICE OF INTENT TO FORECLOSE" constitutes both "a threat to take an action that cannot legally be taken," in violation of 15 U.S.C. § 1692e(5), and "unfair or unconscionable means" of collecting a debt, in violation of 15 U.S.C. § 1692f.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  To the extent a response is required, the allegations are denied.**

182.   Plaintiff Keturah Mixon "reasonably relied" on alleged misrepresentations or omissions by defendants that they could illegally pursue foreclosure and collection activities in the State, thereby suffering damages in the form of "sums collected directly and indirectly by Bank of America N.A., to which it had no legal right to collect."

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

183.   In reliance on Bank of America N.A.,'s illegal conduct, Plaintiff Keturah Mixon incurred expenses in the form of attorney's fees to contest its collection efforts, and suffered emotional distress and mental and physical damages as a direct result of the collection activities.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

184.   Trott and Trott are Debt collectors but their letters to Plaintiff represents themselves as a Law Firm. This misrepresentation is also a violation of Plaintiffs rights under the FDCPA.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

185.   Plaintiff has never owed this debt, so all of these defendants attempt to collect this fraudulent from Plaintiff are violations of Plaintiff's rights under the FDCPA.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and this Defendant denies any wrongdoing or illegal conduct.**

186.   As a direct result of Defendants illegal and fraudulent actions, Plaintiff has suffered and is suffering damages and Plaintiff Keturah Mixon is entitled to statutory damages under the FDCPA.

**ANSWER:**

To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.

## FIFTEENTH CAUSE OF ACTION

(For Declaratory Relief)

187.    Plaintiff Alleges and re-alleges paragraphs 1-187 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full.

**ANSWER:**

To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.

188.    A dispute has arisen between and among Plaintiff Keturah Mixon and Defendants and each of them as to duties and obligations of the respective parties with regard to the fraudulent loan and illegal attempts to foreclose on Plaintiffs' property.

**ANSWER:**

To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

189.    These disputes concern, but are not limited to, the ownership rights and the validity of the illegal foreclosure attempts on Plaintiffs' property by these defendants.

**ANSWER:**

To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and by way of further response, this Defendant denies any wrongdoing

or illegal conduct.

190.    A declaration of the rights and duties of the parties herein is essential to detennine the actual status and validity of the FRAUDULENT loan, beneficiaries, loan servicers instituting ILLEGAL foreclosure proceedings and related matters.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.    To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

191.    Wherefore, Plaintiff requests that the courts find in her favor as to the ownership of her property.

**ANSWER:**

**This Defendant, Trott, request the Court deny Plaintiff's request for declaratory relief.**

## SIXTEENTH CAUSE OF ACTION

### (Claim for Injunctive Relief)

192.    Plaintiff Alleges and re-alleges paragraphs 1-174 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full.

**ANSWER:**

To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.

193. Plaintiff Keturah Mixon respectfully notes that irreparable harm and injury has come about as a result of the Defendants conduct as alleged herein, as real Property is unique and monetary damages are not sufficient to compensate the Plaintiff Keturah Mixon for the illegal foreclosure attempts of these defendants and the subsequent sale of Plaintiffs' home for ONE DOLLAR as a result of these defendants ILLEGAL conduct.

**ANSWER:**

The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.

194. Defendants claim that they are the lawful beneficiary of Plaintiffs home, and they are NOT.'

**ANSWER:**
To the extent the allegations refer to this Defendant, this Defendant denies any property interest in the real property at issue in this Complaint

195. Wherefore, Plaintiff requests that the courts find in her favor as to the ownership of her property.

**ANSWER:**

The allegations appear to be comment or opinion of the writer or call for a legal

conclusion and, accordingly, require no response.  To the extent a response is required, the allegations are denied.

196.    WHEREFORE, Plaintiff Keturah Mixon respectfully requests that this Honorable Court:

1.    Issue a PERMANANT RESTRAINING ORDER enjoining the Defendants Bank of America N.A., Trott and Trott and all of these other defendants along with their agents,employees, representatives, attorneys and any other person acting on its behalf, from taking any measure whatsoever, including the act of foreclosing on Plaintiff Keturah Mixon's Property to attempt to transfer title from Plaintiff Keturah Mixon to any other party.

2.    Issue a PREMLIMINARY INJUNCTION 1) enjoining the Defendants Bank of America N.A., Trott and Trott and all of their agents, employees, representatives, attorneys and any other person acting on its behalf, from taking any measure whatsoever, including the act of foreclosing on Plaintiff Keturah Mixon's Property, to attempt to transfer title from Plaintiff Keturah Mixon to any other party.

<u>ANSWER:</u>

This Defendant, Trott, requests a dismissal of all claims against it and an award of costs and reasonable attorney fees.

## SEVENTEENTH CAUSE OF ACTION

## VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT OF 2010 12 U.S.C. § 5481 ET SEQ. (CFPA) WITH RESPECT TO LOAN SERVICING

197.    Plaintiff Alleges and re-alleges paragraphs 1-197 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights under the Consumer Financial Protection Act with respect to loan servicing.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

198.    The loan servicing conduct of the Servicers, (As to Bank of America and Carrington Mortgage Servicing LLC) as described above, constitutes unfair and deceptive acts or practices in violation of Plaintiffs rights under Sections 103l(a) and 1036 of the CFPA, 12 USC§§ 5531(a) and 5536.

**ANSWER:**

**The allegations stated above appear to be directed at Defendants other than this Defendant and, therefore, no response I required from this Defendant.**

199.    Plaintiff has been and is being damaged by Defendants' illegal conduct and she requests compensation.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

## EIGHTEENTH CAUSE OF ACTION

## VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT OF 2010 12 U.S.C. §5481 ET SEQ. (CFPA) WITH RESPECT TO FORECLOSURE PROCESSING

200.    Plaintiff Alleges and re-alleges paragraphs 1-200 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights under the Consumer Financial Protection Act with respect to the foreclosure process.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

201.    The attempted foreclosure processing conduct of the Defendants, as described above, constitutes unfair and deceptive acts or practices in violation of Sections 1031(a) and 1036 of the CFPA, 12 USC§§ 5531(a) and 5536.

**ANSWER:**

**The allegations appear to be opinion of the writer, or call for, a legal conclusion and, accordingly, require no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

202.    Plaintiff has been and is being damaged by Defendants' illegal conduct and she requests compensation.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the**

allegations as stated.

## NINTEENTH CAUSE OF ACTION VIOLATION OF 12 U.S.C. § 5565
### Unjust Enrichment

203.    Plaintiff Alleges and re-alleges paragraphs 1-203 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under the Unjust Enrichment Laws.

### ANSWER:

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

204.    Plaintiff Keturah Mixon asserts a claim for unjust enrichment, on the grounds that defendants as to Bank of America are not and were not entitled to receive any benefit or payments from Plaintiff and as a result of the collection actions that defendants successfully both pursued and received, directly and indirectly against the Plaintiff, constitutes Unjust enrichment. Unjust Enrichment and quantum meruit, both 'quasi-contract' causes of action, are remedies to provide relief for a plaintiff when an enforceable contract does not exist but fairness dictates that the plaintiff receive compensation for services provided. Awards for actual damages are provided and requested by Plaintiff for emotional distress due to the mental health treatment has been obtained by Plaintiff and because the emotional distress has concretely affected Plaintiffs personal and professional life as a DIRECT result of these defendants illegal conduct.

### ANSWER:

**The allegations stated above appear to be directed at Defendants other than this**

**Defendant and, therefore, no response I required from this Defendant.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

205.    In connection with the acts alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications. Defendants issued materially false and misleading statements regarding the Defendant's business practices. Specifically, defendants failed to disclose that the Companies are and have been engaging in deceptive and improper document execution and preparation related to foreclosure proceedings on Plaintiffs property in which the true facts, which were known by the defendants but concealed from Plaintiff were as follows:

(a)    The Defendants failed to disclose that they had engaged in improper and deceptive business practices;

(b)    The Defendants subsidiary Docx had been falsifying documents through the use of robo signers;

(c)    The Defendants had engaged in improper fee sharing arrangements with foreclosure attorneys and/or law firms, and with each other including, but not limited to, undisclosed contractual arrangements for impermissible legal fee splitting, which are camouflaged as various types of fees;

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

206.    Due to this illegal conduct, Plaintiff has suffered and is suffering damages and

requests compensation.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

207.    The defendants have been unjustly enriched at the expense of plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

208.    The defendant is required to make restitution to plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

209.    That it is inequitable for defendant to retain the benefit.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated.**

## TWENTIETH CAUSE OF ACTION

### Tortious Breach of Implied Covenants

210.    Plaintiff Alleges and re-alleges paragraphs 1-210 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if

set forth herein in full. Defendants have violated Plaintiff's rights under the Tortious Breach of Implied Covenants.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

211.    Generally, a breach of the implied covenants is a contract-based claim. *Hilton Hotels Corp.* 808 P.2d at 923. However, a breach of the implied covenants can give rise to tort liability when there is a special relationship between the contracting parties. *Id.* (stating that a tort action for an implied covenants claim requires a special element of reliance or fiduciary duty); *see also Sutton,* 103 P.3d at 19 (Tort liability for breach of the implied covenants of good faith and fair dealing is appropriate where "the party in the superior or entrusted position has engaged in grievous and perfidious misconduct."); *Max Baer Prods., Ltd v. Riverwood Partners, LLC,* 2010 U.S. Dist. LEXIS 100325, at *14 (D. Nev. 2010) ("Although every contract contains an implied covenant of good faith and fair dealing, an action in tort for breach of the covenant arises only 'in rare and exceptional cases' when there is a special relationship between the victim and tortfeasor."). A special relationship is "characterized by elements of public interest, adhesion, and fiduciary responsibility." *Id.* Under a tortious breach, "a successful plaintiff is entitled to compensation for all of the natural and probable consequences of the wrong, including injury to the feelings from humiliation, indignity and disgrace to the person." *Sutton,* 103 P.3d at 19. Here, the court finds that there is a special relationship between the parties sufficient to support tort liability in this action. First, the parties are in drastically different and unequal bargaining positions.

*Max Baer Prods., Ltd.,* 2010 U.S. Dist. LEXIS 100325, at *9 (holding that courts allow tort liability where one party holds ··vastly superior bargaining power"). Bank of America N.A., and Carrington Mortgage Servicing LLC, as the servicers of Plaintiffs fraudulent residential loan, held all of the bargaining power of the fraudulent agreement as well as dictating the terms of the agreement, as Bank of America N.A., and Carrington Mortgage Servicing LLC, controlled the decisions of whether to fraudulently attempt to foreclose on plaintiffs home and they held the power to break all of the other laws that they have broken as it pertains to plaintiff that are alleged herein in this complaint.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

212. In contrast, Plaintiff had limited bargaining power as a homeowner. The fraudulent loan and fraudulent modification agreement is an adhesion contract as Bank of America N.A., completely dictated the terms of the fraudulent loan and :fraudulent modification agreement with no input by Plaintiff and offered those agreements to Plaintiff with no option to agree to or refuse the agreement. The parties' relationship necessarily shares "a special element of reliance" sufficient for the court to find a special relationship between the partie:s for tort liability. *Id.* at* 15. In such relationships, courts have routinely recognized that "there is a need to 'protect the weak from the insults of the stronger' that is not adequately met by ordinary contract damages." *Id.*

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

213.     Further, the same conduct that supports a claim for contractual breach of the implied covenants also supports a claim for tortious breach of the implied covenants. Plaintiff seeks general tort damages pursuant to Federal Law. Federal Law allows for a party to receive compensation for "loss of reputation, shame, mortification and hurt feelings." Further, under a tortious breach of the implied covenants claim, "a successful plaintiff is entitled to compensation for all of the natural and probable consequences of the wrong, including injury to the feelings from humiliation, indignity and disgrace to the person."

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

214.     Plaintiff herein alleges and has proven by a preponderance of the evidence that she suffered and is suffering from a loss of reputation, shame, mortification, indignity and disgrace as a direct result of Bank of America N.A.s, and Carrington's tortious breach of the implied covenants. Plaintiff has suffered and is suffering both a Joss in personal and business reputation as a proximate result of All of the Defendants, improper collection efforts, illegal attempts of foreclosure, along with all of the other allegations alleged herein. For example, defendants as to Bank of America N.A and Carrington had multiple door hanger collection notices and (As to Bank of America, David Trott and Trott and Trott )

foreclosure sale notices placed on plaintiffs' front door of plaintiffs' property and at the local court in plain sight that were visible to her neighbors and guests to the property. Plaintiff received various e-mails, letters, and comments from former clients and former spouses of former clients. In those various communications, Plaintiff was chastised and her professional skills as an interior designer were questioned as she, herself, was portrayed to be suffering financial difficulties and facing potential foreclosure upon her personal residence.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

215. Further, Plaintiffs interior design business suffered and is suffering monetary losses because former clients deemed plaintiff to have a lack of creditworthiness, as a result of Bank of America N.A.'s, David Trott, and Trott and Trott's past and pending foreclosure attempts. Additionally, Plaintiff has suffered from increasing feelings of frustration, worthlessness, shame and sleeplessness in not being able to resolve or even confront her purported financial difficulties because of the dispute with Bank of America N.A. Plaintiff has presented by a preponderance of evidence that she suffered and is suffering a loss of reputation, shame, indignity and disgrace, and other general damages as a proximate cause of Bank of America N.A., David Trott and Trott and Trott's conduct.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

216.    Plaintiff has proven to the court through the preponderance of evidence, that she has suffered general damages as a result of Bank of America N.A., David Trott and Trott and Trott's conduct. Plaintiff requests compensatory damages to her in the amount of $500 per day during the critical time periods from July 21st 2011, through this present day, that defendants' actions have damaged plaintiff and has caused and is still causing her suffering. Plaintiff reaches the $500 per day figme based upon the reasonable amount of time spent by Plaintiff in the many contacts, conversations, and other uneventful communications she had with Bank of America N.A., and Trott and Trott concerning the fraudulently executed loan and fraudulently executed modification agreement that was recorded into plaintiffs land records. These uneventfol contacts resulted in great stress and frustration to Plaintiff as well as adverse effects upon Plaintiffs standing in the community, business reputation and credit worthiness. In support of the damages amount, Plaintiff asks the court to take judicial notice that the hourly billing rate for an experienced Interior Designer of similar skills as Plaintiff in this district would have been a minimum of $300 per hour and there is no question that Plaintiff spent at least one to two hours a day, and on some days much longer, either directly responding to or communicating with Bank of America N.A., and Trott and Trott and its representatives, or attempting to understand Bank of America N.A., David Trott and Trott and Trott's inconsistent and contradictory positions concerning Plaintiffs' fraudulent

mortgage account and fraudulent loan modification. Plaintiff also asks that the court also take into consideration that any homeowner whose home represented his or her most significant asset, would undergo such frustration, feelings of worthlessness and shame which should be reasonably and fairly compensable at a daily rate of $500.00 per day during this critical time period.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

## TWENTY FIRST CAUSE OF ACTION

### Tortious interference with Plaintiffs business relationships

217.   Plaintiff Alleges and re-alleges paragraphs 1-217 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights through Tortious interference with Plaintiffs business relationships.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

218.   Plaintiff herein alleges and has proven by a preponderance of the evidence that she has suffered and is suffering a loss of reputation, shame, mortification, indignity and disgrace as a direct result of Bank of America N.A., David Trott and Trott and Trott's,

tortious breach of the implied covenants. Plaintiff has suffered and is suffering both a loss in personal and business reputation as a proximate result of Bank of America N.A., David Trott and Trott and Trott's improper collection efforts, illegal attempts of foreclosure, along with all of the other allegations alleged herein. For exan1ple, defendants as to Bank of America N.A., David Trott and Trott and Trott, had door hanger collection and foreclosure notices placed on plaintiffs' front door of plaintiffs' property and at the local court in plain sight that were visible to her neighbors and guests to the property. Plaintiff received various e-mails, letters, and comments from former clients and former spouses of former clients. In those various communications, Plaintiff was chastised and her professional skills as an interior designer were questioned as she, herself, was portrayed to be suffering :financial difficulties and facing potential foreclosure upon her personal residence.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

219.    Further, Plaintiff's interior design business suffered and is suffering monetary losses because former clients deemed plaintiff to have a lack of creditworthiness, as a result of Bank of America N.A., Trott and Trott and Trott and Trott's pending foreclosure. Additionally, Plaintiff has suffered and is suffering from increasing feelings of frustration, worthlessness, shame and sleeplessness in not being able to resolve or even confront her purported :financial difficulties because of the dispute with Bank of America N.A., David

Trott and Trott and Trott. Plaintiff has presented by a preponderance of evidence that she suffered and is suffering a loss of reputation, shame, indignity and disgrace, and other general damages as a proximate cause of Bank of America N.A., David Trott and Trott and Trott's conduct.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

220.    Plaintiff has proven to the court through the preponderance of evidence, that she has suffered and is suffering general damages as a result of Bank of America N.A., David Trott and Trott and Trott's conduct. Plaintiff requests compensatory damages to in the amount of $500 per day during the critical time periods from July 21st 2011, through this present day: that defendants' actions have damaged plaintiff and has caused and is still causing her suffering.  Plaintiff reaches the $500 per day figure based upon the reasonable amount of time spent by Plaintiff in the many contacts, conversations, and other uneventful communications she had with Bank of America N.A., and Trott and Trott and Carrington concerning the fraudulently executed loan and fraudulently executed modification agreement and the fraudulently recorded assignments of mortgage that was recorded into plaintiffs land records By Bank of America and Trott and Trott. These uneventful contacts resulted in great stress and frustration to Plaintiff as well as adverse effects upon Plaintiffs standing in the community, business reputation and credit worthiness. In support of the

damages amount, Plaintiff asks the court to take judicial notice that the hourly billing rate for an experienced Interior Designer of similar skills as Plaintiff in this district would have been a minimum of $300 per hour and there is no question that Plaintiff spent at least one to two hours a day, and on some days much longer, either directly responding to or communicating with Bank of America N.A., and Trott and Trott and Carrington and its representatives, or attempting to understand Bank of America N.A., Carrington and Trott and Trott's inconsistent and contradictory positions concerning Plaintiffs' fraudulent mortgage account and fraudulent loan modification. Plaintiff also asks that the court also take into consideration that any homeowner whose home represented his or her most significant asset, would undergo such fmstration, feelings of worthlessness and shame which should be reasonably and fairly compensable at a daily rate of $500.00 per day during this critical time period.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

### TWENTY SECOND CAUSE OF ACTION VIOLATION OF TCPA
### (As to Bank of America)
### 47 U.S.C.§ 227 47 U.S.C. § 227(c)(5)(B)

221.    Plaintiff Alleges and re-alleges paragraphs 1-221 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under TCPA.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

222.   Bank of America violated the TCPA and Plaintiff's rights under such by autodialing Plaintiff's cell phone hundreds of times without her prior express consent.

**ANSWER:**

**The allegations stated above appear to be directed at Defendants other than this Defendant and, therefore, no response I required from this Defendant.  This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

223.   Defendants' business is debt collection from consumers. Defendants are debt collectors. Defendants use a predictive dialer to make telephone calls to cellular telephone numbers without the prior express consent of the persons using those cellular telephone numbers. This practice violates the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA"). Plaintiff asserts a claim under the TCPA.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

224. Below, Plaintiff alleges defendant Bank of America or their agents made certain telephone calls to Plaintiffs' cellular telephone number. Each of these telephone calls violated 47 U.S.C. § 227(b)(l). 20. Cellular Telephone Numbers: Defendants made each of the calls alleged below to one to Plaintiffs' cellular telephone. Plaintiffa' cellular telephone number was assigned to a cellular telephone service. Plaintiff has sustained actual injury and lost property from Defendants' actions, because Defendants have wasted and unlawfully appropriated Plaintiffs' cellular phone airtime through unauthorized telephone calls. Plaintiffs' actual injuries also include emotional distress from Defendants' invasion of her prival:::y. Defendants' Calls Were Made With a Predictive Dialer: On information and belief, Defendants placed each and every call alleged below using A Proactive Contact Dialer and/or another predictive dialer ("Predictive Dialers"). The Predictive Dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Furthermore, no human manually entered Plaintiffs' cellular telephone number at issue when Defendants made the calls alleged below. Rather, the Predictive Dialer electronically dialed Plaintiffs' cellular telephone in an automated fashion.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

225.    The Predictive Dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(l). 22. None of the telephone calls alleged below constituted calls that for emergency purposes as defined by 47 U.S.C. § 227 (b)(l)(A)(i). 23. Defendants frequently use skip-tracing services to locate telephone numbers used by consumers whom Bank of America wishes to call. Defendants do not obtain such numbers from the original creditor.  When Defendants obtain such numbers from a skip tracing service, they do not obtain prior express consent to call those numbers.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and by way of further response, this Defendant denies any wrongdoing or illegal conduct.**


226.    During 2011--2017, Plaintiff received a series of automated telephone calls from Defendant Bank of America to her cell phone. Defendants made at least the following calls to Plaintiff: a. December 8, 2011 at 1:56pm  b. December 14, 2011 at 8:46am    c. December 23, 2011 at 4:15pm        d. December 29, 2011 at 8:39am    e.    December    29, 2011 at 12:10pm      f. January 3, 2012 at 7:22pm        g. January 5, 2012 at 4:20pm

h. January 7, 2012 at 10:08am                i. January 7, 2012 at 8:37am j.  January  9, 2012 at 6:27pm        k. January 10, 2012 at 1:22pm      l. January 12, 2012 at 11:16am

m. January 12, 2012 at 6:54pm      n. January 13, 2012 at 2:34pm        o. January 14, 2012 at 3:58pm  p. January 16,2012 at 3:30pm                q. January 17, 2012 at 1:22pm

r. January 17, 2012 at 2:23pm        s. January 18, 2012 at 10:36am

t. January 19, 2012 at 2:03pm and hundreds of other similarly situated calls consistently for the next 5 years after. Defendant Bank of America called Plaintiffs cellular telephone number without prior express consent. Defendant Bank of America has been attempting to collect a fraudulent consumer debt from Plaintiff, who did not authorize the automated placement of calls to her cell phone. Plaintiff did not furnish her cell phone number to defendant or the putative creditor. Defendant Bank of America obtained plaintiff's cell phone number via skip-tracing. Bank of America makes outgoing calls to consumers and others in the regular course of its business.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

227.    Plaintiff seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Bank of America. WHEREFORE, Plaintiff Prays that the Court enter judgment and orders in her favor and against Bank of America as follows: a. Judgment against Bank of America, and in favor of Plaintiff in the amount of $1,500 per violation of the TCPA as proven at trial; b. Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA; and c. Such other and further relief as this Court may deem appropriate.

**ANSWER:**

This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.

## TWENTY THIRD CAUSE OF ACTION

### Violation of 18 U.S. Code§ 1038 - False information and hoaxes

228.    Plaintiff Alleges and re-alleges paragraphs 1-228 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff's rights under The False information and hoaxes laws.

<u>ANSWER:</u>

To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.

229.    Defendants Bank of America, David Trott and Trott and Trott wrongfully and willingly created and filed fraudulent and false documents against Plaintiff's property on the front door of her home, in the newspaper, in her land records, and at the courthouse causing damages to Plaintiff for which Plaintiff asserts a claim under 18.U.S. Code§ 1038.

<u>ANSWER:</u>

To the extent the allegations refer to this Defendant, this Defendant denies the

**allegations as stated and denies any wrongdoing or illegal conduct.**

230.    By virtue of the acts described above, the Defendants Bank of America, David Trott and Trott and Trott acted knowingly; that is, the Defendants possessed actual knowledge that the information, statements and representations were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the information, statements and representations.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

231.    By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to themselves from plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

232.    By vhtue of the acts described above, the Defendants Bank of America, David Trott and Trott and Trott conspired with one or more persons and with each other: to present or cause to be presented to Plaintiff false or fraudulent claims for payment or approval; to make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim; and, to make, use, or cause to be made or used, a false record or statement material to an obligation

to pay or transmit money or property to the defendants plaintiff obliged and suffered and is suffering

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

233.   Defendants Bank of America, David Trott and Trott and Trott have violated Plaintiffs rights under18 U.S. Code§ 1038 which states the following: Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter J, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C.

2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3)

or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

234.   Due to Defendants Bank of America, David Trott and Trott and Trott's illegal actions, the following is available to Plaintiff:

**(c) REIMBURSEMENT.-**

(2)    **LIABILITY.-** A person ordered to make reimbursement under this subsection shall be jointly and severally liable for such expenses with each other person, if any, who is ordered to make reimbursement under this subsection for the same expenses.

(3)    **CIVIL JUDGMENT.-**

An order of reimbursement under this subsection shall, for the purposes of enforcement, be treated as a civil judgment.

**ANSWER:**

**The allegations appear to be comment or opinion of the writer or call for a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

235.    As a direct result of Defendants Bank of America and Trott and Trott's illegal actions, Plaintiff has suffered and is suffering damages. Plaintiffs damages include: Pain and suffering, mental pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and anxiety. Plaintiff is suffering significant mental pain and suffering, severe anger, appetite gain, significant weight gain, diagnosed PTSD, lack of energy, mood swings, and sleep disturbances that all present Plaintiff with physical symptoms. Plaintiff has suffered and is also suffering damages including impairment to the Plaintiffs reputation and standing in the community, personal humiliation, shame, and disgrace. Plaintiff has lost work; was shunned by neighbors, friends, or family members. Defendants were unprivileged in their actions.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the**

allegations as stated and denies any wrongdoing or illegal conduct.

## TWENTY FOURTH CAUSE O:F ACTION DEFAMATIONOF CHARACTER(Libel)
## 28 U.S. Code§ 4101

236.    Plaintiff Alleges and re-alleges paragraphs 1-236 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full Defendants have violated Plaintiffs rights under the Defamation of Character laws.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates all prior denials to the allegations as stated.**

237.    By virtue of the acts described above, Defendants as to Bank of America N.A., knowingly presented or caused to be presented to Plaintiff fraudulent claims for payment or approval, and received such payments from plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and by way of further response, this Defendant denies any wrongdoing or illegal conduct.**

238.    In so doing, the Defendant Bank of America acted knowingly; that is, Bank of America possessed actual knowledge that the claims for payment were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the claims for payment; or acted in reckless disregard of the truth or falsity of the claims for payment.

**ANSWER:**

**The allegations stated above appear to be directed at Defendants other than this**

**Defendant and, therefore, no response I required from this Defendant.  To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

239.    A plaintiff in a defamation case is entitled to receive damages for any actual injuries that he/she incurred *as* a result of the defamatory statement. This includes lost earnings and lost earning capacity suffered *as* a result of the statement, as well as pain and suffering, impairment to reputation and standing in the community, personal humiliation, shame, and disgrace. By virtue of the acts described above, the Defendants Bank of America David Trott, Carrington and Trott and Trott made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant.  To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same this Defendant denies any wrongdoing or illegal conduct.**

240.    As a direct result o:f Defendants Bank of America, David Trott, Carrington and Trott and Trott's illegal actions, Plaintiff has suffered and is suffering damages. Plaintiffs damages include: Pain and suffering, mental pain and suffering, mental anguish, emotional distress, loss of enjoyment oflife, and anxiety. Plaintiff is suffering significant mental pain and suffering, severe anger, appetite gain, significant weight gain, diagnosed

PTSD, lack of energy, mood swings, and sleep disturbances that all present Plaintiff with physical symptoms. Plaintiff has suffered and is also suffering damages including impairment to the Plaintiffs reputation and standing in the community, personal humiliation, shame, and disgrace. Plaintiff has lost work; was shunned by neighbors, friends, or family members. Defendants were unprivileged in their actions.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant. To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same this Defendant denies any wrongdoing or illegal conduct.**

241.    By virtue of the acts described above and below, the Defendants Bank of America and Trott and Trott acted knowingly; that is, the Defendants possessed actual knowledge that the information, statements and representations were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the information, statements and representations.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant. To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and,**

therefore, denies same this Defendant denies any wrongdoing or illegal conduct.

242.   By virtue of the acts described above, the Defendants Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to themselves from plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

243.   By virtue of the acts described above, the Defendants Bank of America, David Trott and Trott and Trott conspired with one or more persons: to present or cause to be presented to Plaintiff false or fraudulent claims for payment or approval; to make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim; and, to make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the defendants plaintiff obliged and suffered and is suffering.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

244.   By virtue of the acts described above, the Defendants Bank of America, David Trott and Trott and Trott have defamed Plaintiffs character and Plaintiff requests compensation.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

**TWENTY FIFTH CAUSE OF ACTION SLANDER OF TITLE**

245.   Plaintiff Alleges and re-alleges paragraphs 1-245 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights through slandering her title.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

246.   Defendants as to Bank of America filed a fraudulent lien against Plaintiff's property. By vitiue of the acts described above and below, Defendants as to Bank of America N.A., knowingly presented or caused to be presented to Plaintiff fraudulent claims for payment or approval, and received such payments from plaintiff and slandered her title.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

247.   Defendants Bank of America acted knowingly; that is, the Defendants possessed actual knowledge that the claims for payment were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the claims for payment; or acted in reckless disregard of the truth or falsity of the claims for payment.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

248.    The defendants Bank of America, David Trott and Trott and Trott published false and fraudulent statements about the plaintiff's property on her front door, in the newspaper, in Plaintiffs land records and at the courthouse.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct. With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

249.    The statements were untrue and are and were damaging to Plaintiff and her property. The defendants Bank of Ami::rica, David Trott and Trott and Trott knew or should have known the statements were untrue. The statements were of a disparaging nature that could foreseeably impair the value of Plaintiff's property in the estimation of others. The plaintiff suffered and is suffering damages as a direct result of Bank of America, David Trott and Trott and Trott's actions.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as**

to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.

250. Defendants Bank of America, David Trott and Trott and Trott had malice when they did the above illegal and fraudulent actions.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct. With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

251. Defendants Bank of America, David Trott and Trott and Trott caused special damages to Plaintiff and her property as a direct result of their actions.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct. With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

252. By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.  With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

253.    By virtue of the acts described above and below, the Defendants Bank of America., David Trott and Trott and Trott acted knowingly; that is, the Defendants possessed actual knowledge that the information, statements and representations were false or :fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the information, statements and representations.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.  With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

254.    By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property over to themselves from plaintiff.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.  With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

255.    Defendants Bank of America, David Trott and Trott and Trott wrongfully and willingly created and filed :fraudulent and false documents against Plaintiffs property on her home, in the newspaper, in her land records, and at the courthouse causing the slander of Plaintiffs title.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.  With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

256.    By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott acted knowingly; that is, Defendants possessed actual knowledge that the information, statements and representations were false or :fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the infom1ation, statements and representations.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.  With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

257.    By virtue of the acts described above, th.e Defendants Bank of America, David Trott and Trott and Trott conspired with one or more persons and with each other: to present or cause to be presented to Plaintiff false or fraudulent claims for payment or approval; to make, use, or cause to be made or used, a false record or statement material to a false or :fraudulent claim; and, to make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the defendants plaintiff obliged and suffered and is suffering. Defendants acted with Malice in the slandering of Plaintiffs title.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.  With regard to the balance of the allegations, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

258.    Plaintiff has been damaged as a direct result of Defendants illegal actions and she requests compensation.

**ANSWER:**

This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.

## TWENTY SIXTH CAUSE OF ACTION CIVIL CONSPIRACY

259.    Plaintiff Alleges and re-alleges paragraphs 1-259 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiff rights through a civil conspiracy.

**ANSWER:**

To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.

260.    Defendants Bank of America, David Trott and Trott and Trott have engaged and are engaging in a course of conduct with the predominant purpose of causing injury to the plaintiff, notwithstanding that the conduct might otherwise be legal, and plaintiff has suffered and is suffering damages as a result.

**ANSWER:**

The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant. To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and,

therefore, denies same this Defendant denies any wrongdoing or illegal conduct.

261. By virtue of the acts described above, Defendants as to Bank of America N.A., knowingly presented or caused to be presented to Plaintiff fraudulent claims for payment or approval, and received such payments from plaintiff. In so doing, the Defendants Bank of America acted knowingly; that is, the Defendants possessed actual knowledge that the claims for payment were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the claims for payment; or acted in reckless disregard of the truth or falsity of the claims for payment.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant. To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same this Defendant denies any wrongdoing or illegal conduct.**

262. By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant. To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and,**

therefore, denies same this Defendant denies any wrongdoing or illegal conduct.

263.    By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott acted knowingly; that is, the Defendants possessed actual knowledge that the information, statements and representations were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the information, statements and representations; or acted in reckless disregard of the truth or falsity of the infommtion, statements and representations.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant.  To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same this Defendant denies any wrongdoing or illegal conduct.**

264.    By virtue of the acts described above and below, the Defendants Bank of America, David Trott and Trott and Trott have conspired together and with others and have made, used, or caused to be made or usied, a false record or statement material to an obligation to pay or transmit money or property to themselves from plaintiff.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant.  To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same this Defendant denies any wrongdoing or illegal conduct.**

265. By virtue of the acts described above, the Defendants Bank of America, David Trott and Trott and Trott conspired with one or more persons: to present or cause to be presented to Plaintiff false or fraudulent claims for payment or approval; to make, use, or cause to be made or used, a false record or s1atement material to a false or fraudulent claim; and, to make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the defendants.

**ANSWER:**

**The allegations stated above appear to be directed, in part, at Defendants other than this Defendant and, therefore, no response I required from this Defendant. To the extent a response is required, this Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same and this Defendant denies any wrongdoing or illegal conduct.**

266. Plaintiff obliged and suffered and is suffering damages as a direct result of defendants illegal actions.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

## TWENTY SEVENTH CAUSE OF

## ACTION MORTGAGE FRAUD

267. Plaintiff Alleges and re-alleges paragraphs 1-267 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if

set forth herein in full. Defendants have violated Plaintiffs rights through mortgage fraud.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates all prior denial to the allegations as stated.**

268.    By virtue of the acts described above and below, Defendants as to Bank of America N.A., knowingly presented or caused to be presented to Plaintiff fraudulent claims for payment or approval, and received such payments from plaintiff. In so doing, the Defendants acted knowingly; that is, the Defendants possessed actual knowledge that the claims for payment were false or fraudulent; acted in deliberate ignorance of the truth or falsity of the claims for payment; or acted in reckless disregard of the truth or falsity of the claims for payment.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

269.    By virtue of the acts described above, the Defendants Bank of America and Trott and Trott made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies**

same.   **To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

270.   By virtue of the acts described above and below, the Defendants have committed mortgage fraud against Plaintiff and her property.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

271.   As a direct result of Defendants illegal actions, Plaintiff has suffered and is suffering damages and she requests compensation.

**ANSWER:**

**To the extent the allegations refer to this Defendant, this Defendant denies the allegations as stated and denies any wrongdoing or illegal conduct.**

**TWENTY EIGHTH CAUSE OF ACTION NEGLIGENT MISREPRESENTATION**

272.   Plaintiff Alleges and re-alleges paragraphs 1-272 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants have violated Plaintiffs rights through negligent misrepresentation.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the denial of the above allegation and all prior denials to the allegations as stated.**

273.   By doing the acts as described above and below, Defendants (As to All) have

caused the plaintiff direct and personal harm, and or permitted the violation of Plaintiff's rights through negligent misrepresentation, thereby entitling Plaintiff to rec:over damages. The Defendants' negligence have caused and is causing Plaintiff to have mental, physical and emotional harm as a direct result of their illegal actions. It was foreseeable to the defendants' that their negligent conduct would cause and have caused the Plaintiff harm. Defendants' actions have made Plaintiff suffer emotional and mental distress that is so severe that it causes her severe physical symptoms and physical manifestations of headaches, weight gain, severe nervousness, and nightmares along with a list of other physical symptoms. Plaintiff's symptoms started immediately after defendants' actions started and they continue to this present day.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. The allegations appear to be opinion of the writer, or call for, a legal conclusion and, accordingly, require no response. To the extent a response is required, the allegations are denied.**

274.    Bank of America N.A., has threatened and is threatening Plaintiff with the foreclosure of her Property in order to coerce unreasonable and unconscionable payments from Plaintiff Keturah Mixon which were NEVER owed by Plaintiff.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any**

**wrongdoing or illegal conduct.**

275.    Defendants (As to All) were and is motivated by greed and selfishness, and intentionally and negligently made the various misrepresentations to PlaintiffKetuah Mixon as set forth directly above to cause ILLEGAL amounts to be paid to them by Plaintiff. Defendants have and are acting with malice in their illegal actions against Plaintiff and her property.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

276.    At all times relevant hereto, Defendants Bank of America N.A., knew or should have knO\vn that Plaintiff Keturah Mixon would rely on their representations as alleged directly above as made to Plaintiff Keturah Mixon.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.   To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

277.    At all times relevant hereto, Plaintiff Keturah Mixon relied on the representations of Bank of America N.A., and paid them monies that were not properly or timely credited to the FRAUDULENT loan. And defendants sent out misleading and

FRAUDULENT statements which did not reflect the timing and amount of payments actually made; among other misrepresentations.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

278. Bank of America N.A., received the wrongfully acquired payments, sought under duress, threat, and under fraudulent demands and has expended the proceeds in an effort to keep the fraudulent enterprise going, to receive illegal payments from Plaintiff and to steal Plaintiffs' home from her, to continue with their illicit activities.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.**

279. The defendants exercised their control over plaintiff. Defendants made bad faith threats to exercise remedies under the false mortgage creation and assignments of the same. Plaintiff has suffered and is suffering damages as a direct result of Defendants illegal actions and she requests compensation.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies**

same.   To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.

## DAMAGES THAT PLAINTIFF HAS SUFFERED AND IS SUFFERING AS A DIRECT RESULT OF DEFENDANTS'(As to All)ACTIONS

280.   Plaintiff Alleges and re-alleges paragraphs 1-280 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants (As to All) have violated several of Plaintiffs rights through their illegal actions and have caused and is causing Plaintiff damages.

**ANSWER:**

**To the extent any of the prior allegations refer to this Defendant, this Defendant incorporates the above and all prior denials to the allegations as stated.**

281.   Plaintiff's damages include: Pain and suffering, mental pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and anxiety. Plaintiff is suffering significant mental pain and suffering, severe anger, appetite gain, significant weight gain, diagnosed PTSD, lack of energy, mood swings, and sleep disturbances that all present Plaintiff with severe physical symptoms. Plaintiff has suffered and is also suffering damages including impaimlent to the Plaintiffs reputation and standing in the community, personal humiliation, shame, and disgrace. Plaintiff has lost and is still losing work; was and is being shunned by neighbors, friends, and family members. Defendants were unprivileged in their actions.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as**

to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.

282.    Plaintiff has suffered and is suffering injury caused by the Defendants including but not limited to improper negative reporting to credit bureaus resulting in monetary harm due to damaged credit and fees to fight Defendants foreclosure attempts from 2014 through the present.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

283.    Plaintiff has suffered irreparable damages as a direct result of all of her allegations that are in this complaint that defendants have directly and collectively caused. Plaintiff is requesting reimbursement for her damages and other treble, punitive, and special damages. The damages that Plaintiff has and is suffering due to defendants' fraudulent conspiracy and all other allegations are as follows:

1.    Plaintiff had to sell her home for $LOO so that defendants could not steal it from her.

Plaintiffs home is was worth $400,000.00. This amount has forever been lost by Plaintiff and has left her homeless. The sale of Plaintiffs home is evidenced by The Quit Claim Deed that is in the evidence section of this complaint.

2.      Plaintiff has had to become a patient of a psychiatrist to help her deal with the mental and emotional damage from defendants' actions. Plaintiff's medical records are attached in the exhibit section.

3.      Plaintiff has paid Bank of America monthly mortgage payments that were extorted from her and were never owed by her.

4.      Plaintiff has paid Bank of Amelica a lump sum payoff that they have requested to cure the fraudulent debt.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

**Punitive Damages**

284.      Plaintiff Alleges and re-alleges paragraphs 1-284 and all other paragraphs in this complaint as true. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants (As to All) have violated several of Plaintiffs rights through their illegal actions and have caused and is causing Plaintiff damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

285.    Plaintiff seeks punitive damages for Defendants' conduct outlined in her complaint. Punitive damages are available for Plaintiffs claim for tortious breach of the implied covenants of good faith and fair dealing, as well as all of her other claims.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

286.    Defendants acted with oppression, fraud and malice. Oppression is a conscious disregard for the rights of others constituting cruel and unjust hardship. Conscious disregard" is defined as "the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." Malice is conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights and safety of others. In order to establish that a defendant's conduct constitutes conscious disregard, the conduct must at a minimum "exceed mere recklessness or gross negligence." Defendants' illegal actions against Plaintiff exceed all of the requirements listed above.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

287. Based upon the substantial factual history in this complaint, and recognizing that Bank of America N.A., Carrington and Trott and Trott are large companies, Plaintiff alleges by clear and convincing evidence that Bank of America N.A., David Trott, Carrington and Trott and Tortt's business practices and its specific conduct toward Plaintiff constitutes oppression and a conscious disregard for Plaintiffs rights warranting punitive damages. Given the fact that a home is most Americans greatest asset and is such an integral part of any homeowner's personal well being, Plaintiff herein alleges and asks that the court finds that a homeowner is particularly vulnerable as a result of a tortious breach of the implied covenant of good faith and fair dealing oppressively committed by a large corporate companies such as Bank of America N.A., Carrington and Trott and Trott.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same. To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

288. Here, there was a willful and unconscionable failure to avoid needless and harmful consequences in refusing to honor or recognize the evidence that Plaintiff has REPEATEDLY presented to Bank of America N.A., Carrington and Trott and Trott, that they have NO interest in Plaintiffs home legally, and that furthermore, Plaintiff has already satisfied her mortgage debt twice. Bank of America N.A., David Trott, Carrington and Trott and Trott's conduct was made with a conscious disregard for the ham1 that it was and is causing Plaintiff. Further, there was and is a willful and deliberate failure by Bank of

America N.A., David Trott, Carrington and Trott and Trott to avoid these consequences. For these reasons, Plaintiff requests that the court finds that this is an appropriate case for punitive damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

289. In essence, Bank of America N.A., David Trott, Carrington and Trott and Trott chose to and are choosing to ignore all of Plaintiff's evidence that she had previously satisfied her mortgage debt in full, and they ignored the fact that they do not have and has never had ANY legal interest, beneficial, financial or otherwise in Plaintiff's property. Because Bank of America N.A., David Trott, Carrington and Trott and Trott are and was aware that a financially strapped homeowner was in no position to hold Bank of America N.A., David Trott, Carrington and Trott and Trott accountable for their fraudulence, they had unilaterally chosen and choose to ignore plaintiffs' evidence and her allegations against them. Given the obvious effects such a position would have upon any homeowner and the lack of any bargaining position to challenge Bank of America N.A., David Trott, Carrington and Trott and Trott's position, it is clear that there would be dramatic and harmful consequences to Plaintiff which would cause feelings of utter frustration, worthlessness, and shame -shame and fear over losing a home -- at the very time that the borrower was already experiencing an insurmountable loss of business income.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

290.    Bank of America N.A., David Trott, Carrington and Trott and Trott contributed to Plaintiffs credit problems, particularly when her only negative credit issues were related to this fraudulent mortgage, and is a factor in the shame, embarrassment, stress and frustration suffered by Plaintiff over the relevant time period. Taking all of these factors together, Plaintiff has demonstrated that Bank of America N.A., David Trott, Carrington and Trott and Trott have acted and are acting with conscious disregard of Plaintiffs rights and support an award of punitive, special and treble damages.

**ANSWER:**

**This Defendant, Trott, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies same.  To the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

**PRAYER FOR RELIEF**

291.    Plaintiff Alleges and re-alleges paragraphs 1-291 and all other paragraphs in this complaint as 1rue. Plaintiff repeats and re-alleges every allegation above and below as if set forth herein in full. Defendants (As to All) have violated several of Plaintiffs rights through their illegal actions and have caused and is causing Plaintiff damages.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

292.   WHEREFORE, Plaintiff, pursuant to the consumer protection laws and all other valid laws and statutes that pertain to and/or are listed in this complaint, respectfully request that judgment be entered in her favor and against Bank of America, David Trott, Carrington and Trott and Trott for each violation charged in this complaint, and requests that the Court:

A.   Permanently enjoin Bank of America, David Trott, Carrington and Trott and Trott along with any of their employees, agents, successors and or assignees from committing future violations against Plaintiff and against her property;

B.   Award such relief as the Court finds necessary to redress injuries to Plaintiff;

C.   Award such relief as the Court finds necessary to disgorge Bank of America of unlawful gams;

D.   Award Plaintiff the costs of bringing this action; and

E.   Award additional relief as the Court may determine to be just and proper.

**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and, accordingly, this Defendant makes no response. By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

293.    WHEREFORE, Plaintiff prays for judgment against Defendants with interest from the date of judgment at the legal rate, exemplary damages, attorney's fees, costs of court, and all further relief, both general and special, legal and equitable, to which Plaintiff may be entitled.

Enter a judgment declaring the acts and practices of all defendants complained of herein to constitute fraud, together with an award of monetary damages and other available relief on those claims;

Treble damages and the cost of the suit, including attorneys' fees, pursuant to 18 § 1964(c);"A damages action m1der the [the Fair Housing Act] sounds basically in tort-the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach. Plaintiffs damages arise out of the fraudulent practices and acts of Bank of America and Trott and Trott who have prepared fraudulent documents with the intent to use these fraudulent documents and with the intent that a Third Person would rely on these documents as valid documents to proceed to foreclosure. In truth and in fact Plaintiff would show this Court that Bank of America, David Trott, Carrington and Trott and Trott and their agents, employees and officers are involved in a conspiracy of fraud to wrongfully deprive Plaintiff of the subject property. Plaintiff alleges that the Defendants Bank of America, David Trott, Carrington and Trott and Trott have conspired and are conspiring with each other and with others to fraudulently deprive the Plaintiff of the subject property. Plaintiff hereby seeks an immediate permanent restraining order and permanent injunction restraining Defendants Bank of America, David Trott, Carrington and Trott and Trott from continuing to pursue any foreclosure against the subject property because if such is not issued Plaintiff will be irreparably harmed again. Plaintiff requests the Court, after notice and hearing, to

dispense with the issuance of a bond, to make temporary orders and issue any appropriate temporary injunctions for the preservation of the property as deemed necessary and equitable. Plaintiff hereby makes a request for attorney's fees, expenses and costs of court from Defendants Bank of America David Trott, Carrington and Trott and Trott jointly and severally, including their attorneys if the evidence shows that they were part of the fraud and conspiracy.

WHEREFORE, the PlaintiffKc:turah Mixon claims as against Defendant Bank of America N.A.: 1. Money damages in the amount of the lost value of the residence in an amount of not less than $400,000.00; $212,986.78 which is the amount that Bank of America extorted from Plaintiff to cure the amount that they blackmailed her into paying to cure the debt associated with the fraudulent assignment of mortgage and fraudulent loan modification that Bank of America illegally recorded into Plaintiff's land records and to stop their first foreclosure attempt. 2. Interest; 3. Consequential Damages; 4. Penalties, in the form of treble damages in the amount of $ 1,199,997.00; 5. Pain and suffering as a result of suffering a hypertensive crisis and mental illnesses as a result of the illegal and unlawful actions of All of these defendants: 6. Attorneys' fees and costs resulting from the attempted foreclosures and bad faith of Bank of America, David Trott, Carrington Mortgage Services LLC and Trott during the pendency of the fraudulent loan and fraudulent loan modification; and 7. Such other relief in equity or at law as the Court deems appropriate, including an Order granting Plaintiff Keturah Mixon title to the Property free and clear of any mortgage, loan modification or lien of any kind as filed and recorded by Bank of America N.A., David Trott, Trott and Trott.**ANSWER:**

**The allegations in this paragraph, in part, are not directed to this Defendant, and,**

**accordingly, this Defendant makes no response.  By way of further response, to the extent the allegations refer to this Defendant, this Defendant denies any wrongdoing or illegal conduct.**

Dated: June 20, 2018

Respectfully Submitted,
TROTT & TROTT, P.C.


    /s/ Richard Welke
Richard Welke (P44403)
Attorney for Defendant, Trott

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KETURAH MIXON,

          Plaintiff,

v.

DAVID TROTT, TROTT LAW P.C.
(f/k/a Trott and Trott P.C.),
CARRINGTON MORTGAGE SERVICES,
LLC, (a/k/a Carrington Mortgage Holdings
LLC), and BANK OF AMERICA
(a/k/a Bank of America N.A.)

          Defendants.

Case No. 1:18-cv-499

Honorable Janet T. Neff

Honorable Ellen S. Carmody

| |
|---|
| **DEFENDANT TROTT LAW, P.C.'S AFFIRMATIVE/SPECIAL DEFENSES** |

---

Keturah Mixon
243 Devon Road
Battle Creek, MI 49015
Telephone: (269) 339-9337
*In Pro Per*

Thomas G. Costello (P42973)
David G. Michael (P68508)
Attorneys for Defendant Carrington
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tcostello@lipsonneilson.com
dmichael@lipsonneilson.com

Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
Dickinson Wright, PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
Telephone: (248) 433-7200
agottlieb@dickinsonwright.com
*Attorneys for Defendant Bank of America, N.A.*

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
Miller, Canfield, Paddock and Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098-6358
Telephone: (248) 267-3381
Fax: (248) 879-2001
Email: cranmer@millercanfield.com
allen@millercanfield.com
*Attorneys for David Trott*

Richard Welke (P44403)
Jeffrey R. Raff (P55761)
Trott Law PC
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334-5422
Telephone: (248) 723-5765
rwelke@trottlaw.com
jraff@trottlaw.com
*Attorneys for Trott Law P.C.*

---

## DEFENDANT TROTT LAW, P.C.'S
## AFFIRMATIVE/SPECIAL DEFENSES

Now comes the Defendant, Trott Law, P.C., by and through its attorneys, Trott Law,

P.C. by Richard Welke, and for its Affirmative and/or Special Defenses, state as follows:

1.      Defendant will rely upon all affirmative defenses available pursuant to FRCP 8,

FRCP 9, FRCP 12 and FRCP 56.

2.      Defendant reserves the right to file a Counter-Claim, Cross-Claim or Third-Party

Complaint, if appropriate, and as discovery dictates.

3.      Plaintiff is not entitled to any relief because of her actions, inactions, contributory

negligence, and comparative negligence.

4.      The Court lacks jurisdiction of the subject matter.

5.      The party asserting the claim lacks the legal capacity to sue.

6.      The claim is barred because of release, payment, prior judgment, immunity

granted by law, statute of limitations, statute of frauds, an agreement to arbitrate (demand is

hereby made to arbitrate this matter), infancy or other disability of the moving party, or

assignment or other disposition of the claim before commencement of the action.

7.      The opposing party has failed to state a claim on which relief can be granted.

8.      Except as to the amount of damages, there is no genuine issue as to any material

fact, and Defendant is entitled to judgment or partial judgment as a matter of law.

9.      Defendant also relies on the affirmative defenses of accord and satisfaction,

arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy,

duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, fraud, immunity granted by law; want or failure of consideration or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or non-delivery, no affirmative duty; as appropriate.

10.     Plaintiff's claims are barred by the equitable doctrine of estoppel.

11.     Plaintiff has unclean hands.

12.     Plaintiff's claims are barred by the doctrine of laches.

13.     Plaintiff's alleged damages, if any, are the result of the actions and/or omissions of parties and/or persons other than this Defendant.

14.     Plaintiff has, at all relevant times, notice, actual and/or constructive, of any contested issue in this matter.

15.     Plaintiff has failed to mitigate her damages, if any.

16.     That Defendant will rely upon any affirmative defense and/or exemption/exception to any alleged violation of any federal and/or state statute cited in the Complaint that is contained in the statute therein or in the common law interpreting same as it relates to the matter presently before this court, including but not limited to the specific causes of action referenced below:

a.     Claims of Equitable Tolling, Discovery Rule Re: Statutes of Limitations, specifically referenced in paragraphs 65-67.

b.      Claims of Defendants Fiduciary Duty to Plaintiff (Defendants Created Relationship by Illegal Force), specifically referenced in paragraphs 68-75.

c.      Claims of Violation of Racketeer Influenced and Corrupt Organizations Act, RICO Violations 18§ U.S.C. 1333; 1334, 18 U.S.C. §§ 1961 (1), 18 U.S.C. §1962(C), 18§ U.S.C. 1961-1968; 18§ U.S.C. 1964(c), specifically referenced in paragraphs 76-105.

d.      Claims of Common Law Fraud, specifically referenced in paragraphs 106-108.

e.      Claims of 29 U.S.C. §1109 (Breach of Fiduciary Duty), specifically referenced in paragraphs 109-114.

f.      Claims of Fraudulent Misrepresentation, specifically referenced in paragraphs 115-122.

g.      Claims of Extortion and Blackmail 18 U.S. Code Chapter 41 § 880 and 873 and 875(d), specifically referenced in paragraphs 123-129.

h.      Claims of Violation of §10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants (as to plaintiffs' promissory note), The Securities Exchange Act of 1934 for Violation of §10(B) of the 1934 Act and Rule 10B-5 Against All Defendants, specifically referenced in paragraphs 130-138.

i.      Claims of Negligent Infliction of Emotional Distress, specifically referenced in paragraphs 139-140.

j.      Claims of Violation of MCL 600.3204, specifically referenced in paragraphs 141-143.

k.    Claims of Breach of Contract (Tort) (illegally forced fraudulent contract), specifically referenced in paragraphs 144-151.

l.    Claims of Breach of Covenant of Good Faith and Fair Dealing, specifically referenced in paragraphs 152-158.

m.    Claims of Negligence, specifically referenced in paragraphs 159-164.

n.    Claims of Intentional Infliction of Emotional Distress (Conversion), specifically referenced in paragraphs 165-173.

o.    Claims of Violation of 15 U.S.C. § 1692 (2)(A) 15 U.S.C. § 1692 (D)(E)(4)(5)(F)(10) 1692 (all) Fair Debt Collection Practices Act, specifically referenced in paragraphs 174-186.

p.    Claims for Declaratory Relief, specifically referenced in paragraphs 187-191.

q.    Claims for Claim for Injunctive Relief, specifically referenced in paragraphs 192-196.

r.    Claims for Violations of the Consumer Financial Protection Act of 2010 12 U.S.C. §5481 et. Seq. (CFPA) with respect to loan servicing, specifically referenced in paragraphs 197-199.

s.    Claims for Violations of the Consumer Financial Protection Act of 2010 12 U.S.C. §5481 et seq. (CFPA) with respect to foreclosure processing, specifically referenced in paragraphs 200-202.

t.    Claims for Violation of 12 U.S.C. §5565 Unjust Enrichment, specifically referenced in paragraphs 203-209.

u.      Claims for Tortious Breach of Implied Covenants, specifically referenced in paragraphs 210-216.

v.      Claims for Tortious interference with Plaintiffs business relationship, specifically referenced in paragraphs 217-220.

w.      Claims for Twenty Second Cause of Action Violation of TCPA (as to Bank of America) 47 U.S.C. §227 47 U.S.C. §227(c)(5)(B), specifically referenced in paragraphs 221-227.

x.      Claims for Violation of 18 U.S. Code § 1038 – False information and hoaxes, specifically referenced in paragraphs 228-235.

y.      Claims for Defamation of Character (Libel) 28 U.S. Code § 4101, specifically referenced in paragraphs 236-244.

z.      Claims for Slander of Title, specifically referenced in paragraphs 245-258.

aa.     Claims for Civil Conspiracy, specifically referenced in paragraphs 259-266.

bb.     Claims for Mortgage Fraud, specifically referenced in paragraphs 267-271.

cc.     Claims for Negligent Misrepresentation, specifically referenced in paragraphs 272-279.

17.     Defendant sent, forwarded and posted all notices to the Plaintiff in a timely manner that satisfied all applicable laws, statutes, rules and regulations.

18.     Plaintiff's claim is barred by the doctrine of res judicata due to judgments/rulings in prior case(s).

19.     Plaintiff's claim is barred by the doctrine of collateral estoppel due to judgments/rulings in prior case(s).

20.     Plaintiff's claim is barred by a prior judgment.

21.     To the extent Plaintiff establishes that this Defendant made errors or omissions, the errors were bona fide and were otherwise unintentional notwithstanding the maintenance of procedures reasonably adopted to avoid them.

22.     Plaintiff's pleadings are in violation of FRCP 11.

23.     Plaintiff's claims are barred by the equitable doctrine of judicial estoppel for the reason that the claims, as plead in the instant Complaint, were known or reasonably should have been known and were not raised in the Bankruptcy proceedings filed by the Plaintiffs.

24.     Defendant responded appropriately to all requests and dealings with the Plaintiff and engaged in no wrongful or unlawful conduct.

25.     Defendant acted in good faith at all times in all dealings with the Plaintiff in a manner that satisfied all applicable laws, statutes, rules and regulations.

26.     Defendant responded appropriately to all requests and engaged in no wrongful or unlawful conduct.

27.     Defendant complied with all contracts between the parties and with the applicable foreclosure statutes.

28.     Plaintiff's claim of estoppel fails as a matter of law.

29.     Any affirmative defense, which is not raised in a defendant's answer or in its motion for summary judgment may be deemed waived. F.R.C.P. 8;   *Overseas Motors, Inc. v Import Motors, Ltd.,* 375 F Supp 499 (1974, ED Mich), aff'd, 519 F2d 119 (1975, CA6 Mich),

cert den, 423 US 987, 46 L Ed 2d 304, 96 S Ct 395 (1975).   Any listed affirmative/special defense, which is subsequently determined to have no factual or legal basis, will be withdrawn.

     30.    Defendant reserves the right to amend and/or supplement its defenses, as they become known through discovery or otherwise.

Dated:  June 20, 2018

Respectfully submitted,
TROTT LAW, P.C.

/s/ Richard Welke
Richard Welke (P44403)
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KETURAH MIXON,

        Plaintiff,

v.

DAVID TROTT, TROTT LAW P.C.
(f/k/a Trott and Trott P.C.),
CARRINGTON MORTGAGE SERVICES,
LLC, (a/k/a Carrington Mortgage Holdings
LLC), and BANK OF AMERICA
(a/k/a Bank of America N.A.)

        Defendants.

Case No. 1:18-cv-499
Honorable Janet T. Neff
Honorable Ellen S. Carmody

---

Keturah Mixon
243 Devon Road
Battle Creek, MI 49015
Telephone: (269) 339-9337
*In Pro Per*

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
Miller, Canfield, Paddock and Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098-6358
Telephone: (248) 267-3381
Fax: (248) 879-2001
Email: cranmer@millercanfield.com
allen@millercanfield.com
*Attorneys for David Trott*

Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
Dickinson Wright, PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
Telephone: (248) 433-7200
agottlieb@dickinsonwright.com
*Attorneys for Defendant Bank of America,*
*N.A.*

Richard Welke (P44403)
Jeffrey R. Raff (P55761)
Trott Law PC
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334-5422
Telephone: (248) 723-5765
rwelke@trottlaw.com
jraff@trottlaw.com
*Attorneys for Trott Law P.C.*

---

## CERTIFICATE OF SERVICE

Karolyn A. Hanna hereby certify that on June 20, 2018, she electronically filed the

attached Defendant Trott Law, P.C.'s Answer to Plaintiff's Verified Complaint,

Affirmative/Special Defenses and this Certificate of Service with the Clerk of the Court using

the ECF system and further certifies that a copy of same was mailed via first class mail, by

placing same in an envelope with sufficient postage thereon, and depositing same in the

United States mail in Farmington Hills, MI to:

Keturah Mixon
243 Devon Road
Battle Creek, MI  49015


I declare under the penalty of perjury that the statements above are true to the best of my

information, knowledge, and belief.

/s/ Karolyn A. Hanna
Karolyn A. Hanna, Legal Secretary
khanna@trottlaw.com