# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

Keturah Mixon,

                Plaintiff,

v.

DAVID TROTT; TROTT LAW, P.C
formerly known as Trott & Trott, P.C.;
Carrington Mortgage Services, LLC also
known Carrington Mortgage Holdings,
LLC; Bank of America Corporation all of
its successors and assigns also known as
Bank of America, N.A.;

                Defendants.

Case No. 1:18-cv-499

Hon. Paul L. Maloney
Magistrate Judge Phillip J. Green

---

Keturah Mixon
243 Devon Road
Battle Creek, MI 49015
*Plaintiff*

*In Pro Se*

Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
DICKINSON WRIGHT PLLC
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
agottlieb@dickinsonwright.com
agibbs@dickinsonwright.com

*Attorneys for Defendant Bank of America, N.A.*

---

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS

Defendant Bank of America, N.A., erroneously named as "Bank of America

Corporation all of its successors and assigns also known as Bank of America,

N.A." ("BANA"), moves this Court for an order dismissing with prejudice all claims against them in Keturah Mixon's ("Borrower") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As further discussed in the accompanying brief, Borrower has failed to state a claim upon which relief can be granted, and BANA is entitled to dismissal of the Complaint.

In accordance with W.D. Mich. LR 7.2(a) and this Honorable Judge's Information and Guidelines, the pre-motion conference is not required, as this case was referred to Magistrate Judge Ellen S. Carmody on June 5, 2018.

BANA respectfully requests that this Court enter an order:  (i) dismissing all of Borrowers' claims with prejudice; (ii) awarding BANA their costs and fees, including attorneys' fees; and (iii) granting BANA such other relief as the Court deems necessary or appropriate.

Respectfully submitted,

/s/ Aimee R. Gibbs
Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
Dickinson Wright PLLC
Attorneys for Bank of America, N.A.
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
agottlieb@dickinsonwright.com
agibbs@dickinsonwright.com

Dated:  June 28, 2018

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Keturah Mixon,

           Plaintiff,

v.

DAVID TROTT; TROTT LAW, P.C      Case No. 1:18-cv-499
formerly known as Trott & Trott, P.C.;
Carrington Mortgage Services, LLC also   Hon. Paul L. Maloney
known Carrington Mortgage Holdings,   Magistrate Judge Phillip J. Green
LLC; Bank of America Corporation all of
its successors and assigns also known as
Bank of America, N.A.;

           Defendants.

---

Keturah Mixon            Amy Sabbota Gottlieb (P67020)
243 Devon Road          Aimee R. Gibbs (P70255)
Battle Creek, MI 49015       DICKINSON WRIGHT PLLC
*Plaintiff*               2600 West Big Beaver Road, Suite 300
                  Troy, MI 48084
*In Pro Se*           (248) 433-7200
                  agottlieb@dickinsonwright.com
                  agibbs@dickinsonwright.com

                  *Attorneys for Defendant Bank of*
                  *America, N.A.*

---

## <u>BRIEF IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS</u>

## <u>ORAL ARGUMENT REQUESTED</u>

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED............................................................ viii

CONTROLLING AND MOST APPROPRIATE AUTHORITY .......................... xii

I.      INTRODUCTION ..................................................................................1

II.     STATEMENT OF FACTS .....................................................................1

III.    STANDARD OF REVIEW ....................................................................2

IV.     LEGAL ARGUMENT ...........................................................................3

        A. Borrowers' Complaint Should Be Dismissed In Its Entirety. ....................3

           1.  The Claims are Barred By Res Judicata and Collateral Estoppel .........3

               a.  Res Judicata Bars Borrower's Claims. ........................................3

               b.  Collateral Estoppel Also Precludes Borrower's Claims. ...........4

           2.  Borrower Cannot Attack The Assignment Of Mortgage. ....................5

           3.  Borrower's Tort Claims Are Barred by the Economic Loss
               Doctrine. .................................................................................................6

        B. The Twenty Seven Counts In Borrowers' Complaint Should
           Otherwise Be Dismissed As She Has Failed To State Any Claims
           For Relief. .................................................................................................7

           1.  Borrower Does Not Plead Fraud With Specificity.................................7

           2.  Borrowers' Equitable Claims Are Barred By Unclean Hands.............9

           3.  Borrower's RICO and Conspiracy Claims Fail as Borrower Has
               Failed to Allege an Enterprise or Unlawful Activity. .........................10

           4.  Borrower Has Failed to Allege the Existence of a Duty....................12

           5.  Plaintiff Has Not Properly Pled Breach of Contract and
               Otherwise Is Barred from Doing So Based on Her Prior
               Substantial Breach ..............................................................................14

6.   Borrower's Claims For Breach of the Implied Covenant of
     Good Faith and Fair Dealing Fail......................................................15

7.   Borrower Cannot Support Her Claim for Tortious Interference.........16

8.   Borrower's Emotional Distress Claims Fail as a Matter of Law ........17

9.   Borrower's FDCPA Claim (Count XIV) Fails as a Matter of
     Law ...................................................................................................19

10. Borrower's TCPA Claim (Count XXII) Is Time-Barred. ..................20

11. Borrower Cannot Assert a Claim for Violation of MCL
    600.3204 Against BANA Because BANA is Not the
    Foreclosing Party ...............................................................................21

12. Borrowers' Claims for Libel (Count XXIV) and Slander of
    Title (XXV) Each Require a False Statement .....................................21

13. Borrower's Claims for Violation of 18 U.S.C. §§ 873, 875(b)
    and 880 and 1038(b) Each Fail Because She Cannot Initiate a
    Criminal Prosecution. .........................................................................23

14. Borrower's Does Not Allege Sufficient Facts or Specific
    Statutory Violations to Support Her Claims Under 12 U.S.C.
    § 5481, et seq. ....................................................................................24

V.   CONCLUSION...............................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*800537 Ontario Inc. v. Auto Enterprises, Inc.*,
 113 F.Supp.2d 1116 (E.D. Mich. 2000) ............................................................11

*Alexander v. Sandoval*,
 532 U.S. 275 (2001)..............................................................................................24

*Amini v. Oberlin College*,
 259 F.3d 493 (6th Cir. 2001) .................................................................................2

*B&B Investment Group v Gitler*,
 229 Mich App 1 (1998) ........................................................................................22

*Barber v. SMH (US), Inc.*,
 202 Mich.App. 366, 509 N.W.2d 791 (1993)........................................................9

*Begala v. PNC Bank, Ohio, N.A.*,
 214 F.3d 776 (6th Cir. 2000) ...............................................................................11

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955 (2007)....................................................................2

*Bell v. Tennessee*,
 No. 11-cv-14, 2012 U.S. Dist. LEXIS 39086 (E.D. Tenn. Mar. 22,
 2012) ......................................................................................................................3

*Bender v. Southland Corp.*,
 749 F.2d 1205 (6th Cir. 1984) ...............................................................................7

*Blazer Foods, Inc. v. Restaurant Properties, Inc.*,
 259 Mich. App. 241 (Mich. Ct. App. 2003) ........................................................16

*Bonner v Chicago Title Ins. Co*,
 194 Mich App 462 (1992) ....................................................................................23

*Brown v. Brown*,
 478 Mich. 545, 739 N.W.2d 313 (2007)..............................................................12

*Buczkowski v. McKay*,
   441 Mich. 96; 490 N.W.2d 330 (Mich. 1992) ...................................................12

*Carmack v. Bank of N.Y. Mellon*,
   No. 12-cv-116699, 2012 U.S. Dist. LEXIS 87470 (E.D. Mich. June
   25, 2012) ...........................................................................................................5

*Collins v. Detroit Free Press, Inc.*,
   245 Mich.App 27; 627 NW 2d 5 (2001)...........................................................21

*Converge, Inc. v. Topy Am., Inc.*,
   316 Fed. Appx. 401 (6th Cir. 2009)..................................................................14

*Coyer v. HSBC Mortg. Servs.*,
   *2011 U.S. Dist. LEXIS 42189* (E.D. Mich. Apr. 19, 2011) ........................12, 13

*Coyer v. HSBC Mortg. Servs.*,
   No. 10-cv-14339, 2010 U.S. Dist. LEXIS 142710 (E.D. Mich. Dec.
   8. 2010) .......................................................................................................12, 13

*Crews v. Fannie Mae*,
   No. 2:11-cv-11656, 2012 U.S. Dist. LEXIS 25237 (E.D. Mich.
   Feb. 8, 2012) ...................................................................................................13

*Directv, Inc. v. Treesh*,
   487 F.3d 471 (6th Cir. 2007) .............................................................................2

*Eaton Co Bd Of Co Rd Comm'rs v Schultz*,
   205 Mich App 371; 521 NW 2d 847 (1994) .......................................................3

*Elson v. Deutsche Bank Nat'l Trust Co.*,
   No. 11-14100, 2012 U.S. Dist. LEXIS 73220 (E.D. Mich. May 25,
   2012) .................................................................................................................13

*In re Estate of Bandemer*,
   2010 WL 3984653 (Mich. App. October 12, 2010) ...........................................18

*Fawaz v. Bus. Loan Express, LLC*,
   No. 05-73135, 2006 WL 1779411 (E.D. Mich. June 26, 2006)
   (Duggan, J.).......................................................................................................15

*FFOC Co. v. Invent A.G.*,
   882 F. Supp. 642 (E.D. Mich. 1994) ..................................................................7

*Fieger v. Michigan Supreme Court*,
  553 F.3d 955 (6th Cir. 2009) ...............................................................................10

*Fifth Third Bank v. Danou Tech. Park*,
  2012 Mich. App. LEXIS 528 (Mich. App. Mar. 20, 2012)................................14

*Fortson v. Fed. Home Loan Mortg. Corp.*,
  No. 12-CV-10043, 2012 U.S. Dist. LEXIS 49364 (E.D. Mich.
  April 9, 2012)....................................................................................................5

*Frank v. D'Ambrosi*,
  4 F.3d 1378 (6th Cir. 1993) .........................................................................10, 11

*Fry v. Ionia Sentinel-Standard*,
  101 Mich. App. 725; 300 N.W.2d 687 (Mich. Ct. App. 1980) .........................17

*Glieberman v Fine*,
  248 Mich 8 (1929) ............................................................................................22

*Graham v. Ford*,
  237 Mich. App. 670; 604 N.W.2d 713 (Mich. Ct. App. 1999) .........................17

*Hackley v Hackley*,
  426 Mich 582 (1986) ..........................................................................................4

*Harrison v Howe*,
  109 Mich 476 (1896) ........................................................................................22

*Hart v. Ludwig*,
  79 N.W.2d. 895 (Mich. 1956)..............................................................................6

*Hi-Way Motor Co. v. Int'l Harvester Co.*,
  398 Mich. 330 (Mich. 1976)................................................................................7

*Hurley v. Deutsche Bank Trust Co. Americas*,
  No. 07-11924, 2008 WL 373426 (E.D. Mich. Feb. 12, 2008) ..........................17

*Jerome v Michigan Mutual Auto Ins Co*,
  100 Mich. App. 685; 300 N.W.2d 371 (Mich. Ct. App. 1981) .........................17

*Johnson v. Trott & Trott*,
  829 F.Supp.2d 564 (W.D.Mich. 2011) ..............................................................19

*Johnson v. Working America, Inc.*,
   2012 U.S. Dist LEXIS 168798 ............................................................23

*Kogelshatz v. Gendernalik Funeral Home*,
   2010 WL 4628678 (Mich. App. Nov. 16, 2010) ................................18

*Lelito v. Monroe*,
   273 Mich. App. 416; 729 N.W.2d 564 (Mich. Ct. App. 2006) ..........12

*Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd.
   Holdings, L.L.C.*,
   399 F. App'x 97 (6th Cir. 2010, *cert. denied*, 131. S. Ct. 1696
   (2011) ...................................................................................................5

*Locricchio v. Evening News Ass'n*,
   438 Mich. 84 (1991) ...........................................................................21

*McKay v Palmer*,
   170 Mich App 288; 427 NW2d 620 (1988) ..........................................8

*Mino v. Clio School Dist.*,
   255 Mich. App. 60; 661 N.W.2d 586 (Mich. Ct. App. 2003) ............16

*Mixon v. Bank of America*,
   Case No. 1:15-cv-486 (W.D. Mich. 2014) ...........................................3

*Mohammed v. Union Carbide Corp.*,
   606 F. Supp. 252 (E.D. Mich. 1985) ..................................................11

*Mohlman v. Long Beach Mortg. Extinct Lender*,
   No. 12-10120, 2013 U.S. Dist. LEXIS 17074 (E.D. Mich. Feb. 18,
   2013) ...................................................................................................19

*Monat v State Farm Ins Co*,
   469 Mich 679; 677 NW 2d 843 (2004) .................................................4

*Montgomery v. Huntington Bank*,
   346 F.3d 693 (6th Cir. 2003) ..............................................................19

*Mudge v Macomb County*,
   458 Mich 87; 580 NW2d 845 (1998) ....................................................8

*Mulbarger v. Royal Alliance Assocs.*,
  10 Fed. Appx. 333 (6th Cir. 2001).........................................................................3

*Nelson v. Northwestern Sav. & Loan Ass'n*,
  381 N.W.2d 757 (Mich. Ct. App. 1985)..................................................................6

*New Freedom Mortgage Corp v Globe Mortgage Corp.*,
  281 Mich. App. 63; 761 N.W. 2d 832 (Mich. Ct. App. 2008) ...........................14

*Newman v. Trott & Trott, PC*,
  889 F. Supp. 2d 948 (E.D.Mich. 2012) ................................................................19

*Overstreet v. Lexington-Fayette Urban County Gov't*,
  305 F.3d 566 (6th Cir. 2002) ................................................................................9

*In Re Packaged Ice Antitrust Litig.*,
  723 F. Supp. 2d 987 (E.D. Mich. 2010) ...............................................................2

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993)............................................................................................10

*Roberts v. Auto-Owners Ins. Co.*
  422 Mich. 594, 374 N.W.2d 905 (1985).............................................................17

*Rouch v. Enquirer & News of Battle Creek (After Remand)*,
  440 Mich. 238; 487 NW 2d 205 (1992) ..............................................................21

*Rubke v. Capitol Bancorp Ltd*,
  551 F.3d 1156 (9th Cir. 2009) ..............................................................................8

*Rydzewski v. Bank of N.Y. Mellon*,
  No. 12-12047, 2012 U.S. Dist. LEXIS 129955 (E.D. Mich. Sept.
  12, 2012) ...............................................................................................................9

*Schmidt v. PennyMac Loan Services, LLC*,
  106 F. Supp. 3d 859 (2015) ................................................................................24

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
  472 U.S. 479 (1985)............................................................................................10

*Siecinski v. First State Bank of E. Detroit*,
  209 Mich. App. 459; 531 N.W.2d 768 (Mich. Ct. App. 1995) ...........................6

*Soto v. Wells Fargo Bank, N.A.*,
  No. 11-14064, 2012 WL 113534 (E.D. Mich. Jan. 13, 2012)
  (Cohn, J.)................................................................................................15

*Temborius v. Slatkin*,
  157 Mich. App. 587 (1986) ...................................................................11

*Terlecki v. Stewart*,
  278 Mich. App. 644, 754 N.W.2d 899 (Mich. Ct. App. 2008) ............9

*Thielen v. GMAC Mortg. Corp.*,
  671 F. Supp. 2d 947 (E.D. Mich. 2009) ................................................7

*Ulrich v. Federal Land Bank of St. Paul*,
  192 Mich. App. 194 (Mich. Ct. App. 1991) ........................................13

*United States v. Johnson*,
  440 F.3d 832 (6th Cir. 2006) ...............................................................12

*United States v. Nixon*,
  418 U.S. 683 (1974)..............................................................................23

*VanVorous v. Burmeister*,
  262 Mich App 467 (2004) .......................................................................4

*Webster v. Edward D. Jones & Co., L.P.*,
  197 F.3d 815 (6th Cir. 1999) ...............................................................14

*Zucco Partners, LLC v. Digimarc Corp.*
  552 F.3d 981 (9th Cir. 2009) .................................................................8

**Statutes**

12 U.S.C. § 5481, et seq...........................................................................24

15 U.S.C. § 1692a(6) ................................................................................19

18 U.S.C. § 873 ........................................................................................23

18 U.S.C. § 875(b) ....................................................................................23

18 U.S.C. § 880 ........................................................................................23

18 U.S.C. § 1038(b) ..................................................................................23

18 U.S.C. § 1961(4) ................................................................10

28 U.S.C. §1658(a) .................................................................20

18 USC §1962(a) ....................................................................10

18 USC §1962(b) ....................................................................10

18 USC §1962(c) ....................................................................10

MCL 565.108 ...........................................................................22

MCL 600.3204 ........................................................................20

MCL 600.5805(9) ...................................................................23

**Rules**

Fed. R. Civ. P. 9(b) ................................................................7

Fed. R. Civ. P. 12(b)(6) ................................................... xii, 2

MCR 2.113(F)(1)(a) ...............................................................2

## **STATEMENT OF ISSUES PRESENTED**

I.    Borrower previously filed a lawsuit alleging the same facts and based on the same theories in December 2014.  That case was dismissed with prejudice, and judgment was entered in favor of Bank of America, N.A. in July 2015. Are Borrower's claims barred by the doctrines of res judicata and collateral estoppel?

      BANA answers:  Yes.

      The Court should answer:  Yes.

II.   Borrower has no standing to attack the legality of the assignment of Borrower's mortgage loan.  As several of Borrower's claims rely on the allegedly improper assignment, should the Court dismiss Borrower's Amended Complaint in its entirety?

      BANA answers:  Yes.

      The Court should answer:  Yes.

III.  Should each of Borrower's tort claims be barred by the Economic Loss Doctrine?

      BANA answers:  Yes.

      The Court should answer:  Yes.

IV.   Should Borrower's claims for fraud (Count II), fraudulent misrepresentation Count IV), violation of Securities and Exchange Act, Rule 10b-5 (Count VI), mortgage fraud (Count XXVII), and negligent misrepresentation (Count XXVIII) be dismissed when she has failed to allege facts supporting the claim with requisite specificity?

      BANA answers:  Yes.

      The Court should answer:  Yes.

V.    Should Borrower's claims for declaratory relief (Count XV), injunctive relief (Count XVI), and unjust enrichment (Count XIX) be dismissed when she has failed to allege facts supporting the claim and because Borrower comes to this court with unclean hands?

BANA answers:  Yes.

The Court should answer:  Yes.

VI.    Should Borrower's claims for violation of RICO (Count I) and conspiracy (Count XXVI) be dismissed when she has failed to allege facts supporting the claim with requisite specificity?

BANA answers:  Yes.

The Court should answer:  Yes.

VII.   Should Borrower's claims for breach of fiduciary duty (Count III) and negligence (Count XII) be dismissed when she has failed to show any special relationship between herself and Defendant that would give rise to a duty?

BANA answers:  Yes.

The Court should answer:  Yes.

VIII.  Should Borrower's claim for breach of contract (Count X[1]) be dismissed when she has failed to allege facts supporting the claim and because of her prior material breach?

BANA answers:  Yes.

The Court should answer:  Yes.

IX.    Should Borrower's claims for breach of the implied covenant of good faith and fair dealing (Count XI and XX) be dismissed when she has failed to allege facts supporting the claim and because there is an express contractual relationship between the parties?

BANA answers:  Yes.

The Court should answer:  Yes.

---

[1] Borrower's Complaint does not include a Count IX.  For ease of reference, BANA has followed Borrower's numbering scheme.

X.    Should Borrower's claim for tortious interference with business relationships (Count XXI) be dismissed when she has failed to allege facts supporting the claim?

BANA answers:  Yes.

The Court should answer:  Yes.

XI.   Should Borrower's claims for negligent infliction of emotional distress (Count VII) and intentional infliction of emotional distress (Count XIII) be dismissed when she has failed to allege facts supporting the claims and because she has failed to allege that BANA's conduct was extreme or outrageous or that she witnessed harm to another?

BANA answers:  Yes.

The Court should answer:  Yes.

XII.  Should Borrower's claim for violation of the Fair Debt Collection Practices Act (Count XIV) be dismissed when she has failed to allege facts supporting the claim and because BANA is not a debt collector?

BANA answers:  Yes.

The Court should answer:  Yes.

XIII. Should Borrower's claim for violation of the Telephone Collection Practices Act (Count XXII) be dismissed when she has failed to allege facts supporting the claim and because it is time-barred?

BANA answers:  Yes.

The Court should answer:  Yes.

XIV.  Should Borrower's claim for violation of MCL 600.3204 (Count VIII) be dismissed when she has failed to allege facts supporting the claim?

BANA answers:  Yes.

The Court should answer:  Yes.

XV.   Should Borrower's claim for libel (Count XXIV) and slander of title (Count XXV) be dismissed when she has failed to allege false statements?

BANA answers:  Yes.

The Court should answer:  Yes.

XVI.   Should Borrower's claims for extortion and blackmail (Count V) and violation of 18 USC § 1038 (False Information and Hoaxes) (Count XXIII) be dismissed because, as a private citizen, she lacks standing to initiate a criminal proceeding?

BANA answers:  Yes.

The Court should answer:  Yes.

XVII. Should Borrower's claims for violation of the Consumer Protection Finance Act (Counts XVII and XVIII) be dismissed when she has failed to allege facts supporting the claim and because the statute does not allow for a private right of action?

BANA answers:  Yes.

The Court should answer:  Yes.

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITY</u>

Defendant brings this Motion and request relief pursuant to FED. R. CIV. P. 12(b)(6), and the additional authorities stated herein.

# I.     INTRODUCTION

This is Borrower Keturah Mixon's ("Borrower") second bite at the apple. Borrower stopped making payments on her mortgage loan six years ago.  Rather than curing the default, she instead brought suit—twice—seeking to challenge the foreclosure of her loan.  Borrower alleges that the Assignment of Mortgage was fraudulent, and that her loan has been paid off.  Based on the identical arguments, Borrower now brings twenty-eight baseless counts against Bank of America, N.A. ("BANA").  Both of her lawsuits are based on this same theory, and her prior suit was dismissed with prejudice.  As such, her claims are barred by res judicata and collateral estoppel.  Her claims each fail independently as well.

# II.     STATEMENT OF FACTS

On January 28, 2010, Borrower Keturah Mixon obtained a mortgage loan (the "Loan").  *See* **Exh. A**, Note; **Exh. B,** Mortgage.  On July 2, 2011, the Mortgage was assigned by MERS to BAC Home Loans Servicing, LP ("Assignment of Mortgage").  *See* **Exh. C**, Assignment.

Borrower subsequently defaulted and, because she failed to cure the default, Carrington Mortgage Services, LLC sent a Notice of Intent to Foreclose on November 9, 2016.  *See* Exh. 4 to Complaint**,** Notice.  Borrower alleges that Defendants' efforts to collect on the note and enforce the security interest are improper because her loan was purportedly paid off and amount to extortion and

blackmail.  In support of that assertion, she alleges that the Note evidencing her loan was stamped "PAID," and that a Satisfaction of Mortgage was recorded.  *See* Exh. I to Complaint.  Borrower fails to allege any facts and provides no evidence to support her claims.  In fact, the exhibits to her complaint belie her assertion and, instead, demonstrate that her loan was past due, and the authenticity of the Satisfaction of Mortgage has been called in to question.  *See*, Exh. 7 to Complaint.

### III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading.  Fed. R. Civ. P. 12(b)(6).  The Court need not accept as true "legal conclusions or unwarranted factual inferences."  *In Re Packaged Ice Antitrust Litig.,* 723 F. Supp. 2d 987, 1002 (E.D. Mich. 2010) (quoting *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007)).  Instead, Rule 12(b)(6) requires that a complaint "contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citation omitted).  In considering a Rule 12(b)(6) motion, a court may consider "matters of public record."  *See* MCR 2.113(F)(1)(a); *see also Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).  The Court is not bound to accept as true "unwarranted" allegations in a complaint on a 12(b)(6) motion, such as those allegations that contradict documents referenced or that are otherwise subject to judicial notice.  *Bell v.*

*Tennessee,* No. 11-cv-14, 2012 U.S. Dist. LEXIS 39086, *17 (E.D. Tenn. Mar. 22, 2012) (quoting *Mulbarger v. Royal Alliance Assocs.*, 10 Fed. Appx. 333, 335 (6th Cir. 2001)) (**Exh. E**).[2]

## IV.    LEGAL ARGUMENT

### A.    Borrowers' Complaint Should Be Dismissed In Its Entirety

#### 1.    The Claims are Barred by Res Judicata and Collateral Estoppel

Borrower has already litigated the same or similar claims arising out of identical facts in a prior lawsuit filed in 2014.  *Mixon v. Bank of America*, U.S. District Court for the Western District of Michigan, Case No. 1:15-cv-486.  The claims raised in the instant Complaint should be dismissed with prejudice based on res judicata and collateral estoppel.

#### a.  Res Judicata Bars Borrower's Claims

The doctrine of res judicata bars a subsequent suit between the same parties when the evidence or essential facts remain the same.  *Eaton Co Bd Of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW 2d 847 (1994).  The doctrine applies if:  (1) the former suit must have been decided on the merits; (2) the issues in the second action were or could have been resolved in the former one; and (3) both actions must involve the same parties or their privies.  *Id.*  Michigan follows a "broad rule" of res judicata which bars not only claims actually litigated in the

---

[2] Unpublished authorities are attached as Exhibit E.

prior action, but every claim arising out of the same transaction which the parties could have raised but failed to do.   *Hackley v Hackley*, 426 Mich 582, 585 (1986). Borrower's prior lawsuit was brought against BANA, arose out of the same transaction and facts, and was decided on the merits, resulting in the Court entering Judgment in favor of BANA.   Because the claims raised in this suit stem from Plaintiff's theory that collection on the Note and foreclosure on the Mortgage are improper because the loan was paid in full, the current claims could, and should, have been raised in the previous suit.   *See*, **Exh. D**, Report and Recommendation, and Order adopting same.   Based on res judicata, Borrower's claims are barred.

### b.  Collateral Estoppel Also Precludes Borrower's Claims

Collateral estoppel precludes relitigation of issues between the same parties. *VanVorous v. Burmeister*, 262 Mich App 467 (2004).   Where "a question of fact essential to the judgment [has] been actually litigated and determined by a valid and final judgment," collateral estoppel bars a litigant from pursuing the same issue again.   *Id*. (citing *Monat v State Farm Ins Co*, 469 Mich 679, 682; 677 NW 2d 843 (2004)).   "Mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action."   *Id*. at 683-684. The central issues raised in the Complaint (whether foreclosure is improper because the loan has been

paid in full) have been litigated between Borrower and BANA.  Collateral estoppel also bars Borrower's claims.  *VanVorous*, 262 Mich App at 468.

### 2.    Borrower Cannot Attack The Assignment Of Mortgage

Borrower's Complaint is based on the argument that the Assignment of Mortgage (from MERS to BAC Home Loans Servicing, LP) was legally defective because her loan had been paid in full.   However, Borrower's assertion is not plausible.  First, the Assignment at issue was recorded in 2011.  *See*, **Exh. C.**  The purported Satisfaction of Mortgage was not recorded until 2014.  *See*, Exh. I to Complaint**.**  In addition, the Satisfaction has been determined to be invalid and contains indicia of forgery. *See*, Exh. 7 to Complaint.

Furthermore, as a matter of law, Borrower has no standing to challenge the Assignment of Mortgage.  Borrower is not a party to the Assignment and cannot collaterally attack it.  *See e.g., Carmack v. Bank of New York Mellon*, 2012 U.S. Dist. LEXIS 87470 at *6-7 (*citing Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 399 F. App'x 97, 102 (6th Cir. 2010, *cert. denied*, 131. S. Ct. 1696 (2011)) (**Exh. E**); *Fortson v. Fed. Home Loan Mortg. Corp.*, No. 12-CV-10043, 2012 U.S. Dist. LEXIS 49364, at *10 (E.D. Mich. April 9, 2012) (**Exh. E**).  MERS and/or BANA, as successor in interest to BAC Home Loans Servicing, LP, are the parties with the appropriate interest in the MERS-to-

BAC Home Loans Servicing, LP assignment.   Borrower's claims fail for this reason as well.

### 3. Borrower's Tort Claims Are Barred by the Economic Loss Doctrine

To the extent Borrowers' tort claims have not been defeated by arguments set forth above, they fail because Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists unless a duty, separate and distinct from the contractual obligation, is established. *See Hart v. Ludwig,* 79 N.W.2d. 895, 898-899 (Mich. 1956); *Nelson v. Northwestern Sav. & Loan Ass'n,* 381 N.W.2d 757, 759 (Mich. Ct. App. 1985).   Specifically, the economic loss doctrine applies here based on the existing contractual relationship between the parties, as is evidenced by the Note and the Mortgage.   It is well-established that "in a contractual setting, a tort action must rest on a breach of duty distinct from the contract …"   *Siecinski v. First State Bank of E. Detroit,* 209 Mich. App. 459, 465; 531 N.W.2d 768 (Mich. Ct. App. 1995).   In this case, Borrower does not have a basis to assert a tort claim against BANA in light of the contractual relationship (i.e., the Mortgage and the Note) between the parties, nor does Borrower allege that BANA breached a duty distinct from the contract (*see* Section 4 below).

**B.    The Twenty Seven Counts In Borrowers' Complaint Should Otherwise Be Dismissed, As She Has Failed To State Any Claims For Relief**

Each count in the Complaint individually fails and should be dismissed.

**1.    Borrower Does Not Plead Fraud With Specificity**

Borrower brings five claims sounding in fraud:  fraud—false statements (Count II), fraudulent misrepresentation (Count IV), violation of Securities Exchange Act §10(b) and Rule 10(b)(5) (Count VI), mortgage fraud (Count XXVII), and negligent misrepresentation (Count XXVIII).  In order to state a claim for fraud, Borrower is required to plead:  (1) that BANA made a material misrepresentation; (2) that it was false; (3) that when they made it, they knew that it was false or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that they made it with the intention that it should be acted upon by Borrower; (5) that Borrower acted in reliance upon it; and (6) that she thereby suffered injury.  *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (Mich. 1976) (internal quotations omitted).  The absence of any one of these elements is fatal to recovery.  *Id.*  Under Rule 9(b), Borrowers "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which [they] relied."  *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).  The Complaint, or any relevant part thereof, may be dismissed for failure to state a claim if the particularity requirement is not met.  *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994).    To state a claim for negligent

7

misrepresentation, the plaintiff must plead and prove that the plaintiff justifiably relied to his detriment:  (1) on information provided without reasonable care; and (2) by one owing a duty to the plaintiff.  *Thielen v. GMAC Mortg. Corp.,* 671 F. Supp. 2d 947, 956-57 n.9 (E.D. Mich. 2009) (dismissing claims for negligent misrepresentation where, at best, allegations constituted recitations of the elements).

To bring a claim for violation of Securities and Exchange Act, Rule 10b-5, Borrower must also plead similar elements and "a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the … pleading requirements of Federal Rule of Civil Procedure 9(b)."  *Zucco Partners, LLC v. Digimarc Corp*. 552 F.3d 981, 990-992 (9th Cir. 2009).  The heightened pleading requirements of Rule 9(b) apply to all claims that sound in fraud.  *See Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009).

Borrower fails to allege any specific representations made by BANA. Borrower further fails to allege any specific facts to show that she acted in reliance on any purported misrepresentation or that she has suffered any damages and, as set forth in Section B.4, she fails to allege any facts to support an argument that BANA owed her a duty.  As such, Borrower's fraud-based claims should, therefore, each be dismissed.

8

### 2.    Borrowers' Equitable Claims Are Barred By Unclean Hands

The Michigan Supreme Court has held that "[t]he clean hand maxim is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Mudge v Macomb County,* 458 Mich 87, 109, n 23; 580 NW2d 845 (1998). *McKay v Palmer,* 170 Mich App 288, 293; 427 NW2d 620 (1988) (barring plaintiff's quiet title suit on the doctrine of unclean hands).   Borrower has failed to make the payments due under her Note and Deed of Trust.   In addition, Borrower continues to assert claims based on a document that has been deemed invalid and contains indicia of forgery.   Borrower also admits she engaged in a fraudulent transfer of her home in order to avoid foreclosure.   Complaint, ¶ 87.   She has come to this Court with unclean hands and, therefore, cannot invoke the equitable remedies of declaratory relief, injunctive relief, and unjust enrichment.

Borrower's equitable claims each fail individually as well for the following reasons:

- Borrower's unjust enrichment claim fails because there are express contracts between the parties—the Note and Mortgage.   The court will not imply a contract in such instances.   *Barber v. SMH (US), Inc.,* 202 Mich. App. 366, 375, 509 N.W.2d 791 (1993); *Rydzewski v. Bank of N.Y.*

*Mellon*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955 at *12 (E.D. Mich. Sept. 12, 2012). (**Exh. E**).

- Borrower's injunctive relief claim fails because she is unlikely to succeed on the merits of any of her claims for the reasons set forth in this Motion. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Injunctive relief is also not a separate cause of action but, rather, a type of relief that the Court may grant. *See, e.g., Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (Mich. Ct. App. 2008).

- Borrower's declaratory relief claims fail, as there is no actual controversy between the Parties. *See Fieger v. Michigan Supreme Court*, 553 F.3d 955 (6th Cir. 2009).

For these reasons, Borrower's claims for declaratory relief (Count XV), injunctive relief (Count XVI), and unjust enrichment (Count XIX) should be dismissed.

### 3. Borrower's RICO and Conspiracy Claims Fail, as Borrower Has Failed to Allege an Enterprise or Unlawful Activity

Borrower brings two counts for conspiracy: Count I for violation of RICO and Count XXVI for conspiracy. To state a valid RICO claim, plaintiffs must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 472 U.S.

10

479, 496 (1985); *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993); 18 USC §1962(a), (b), (c).  A RICO enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4). "To satisfy the enterprise requirement, an association-in-fact must be an ongoing organization, its members must function as a continuing unit, and it must be separate from the pattern of racketeering activity in which it engages."  *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993).  "A properly pled RICO claim must cogently allege activity 'that would show on-going, coordinated behavior among the defendants that would constitute an association-in-fact.'"  *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 781 (6th Cir. 2000), quoting *Frank*, *supra*.  To be found liable under RICO, "a defendant must have not only participated in the scheme, but must have also participated in the operation of management of the enterprise itself."  *800537 Ontario Inc. v. Auto Enterprises, Inc.*, 113 F.Supp.2d 1116, 1121 (E.D. Mich. 2000).

Similarly, a conspiracy claim requires:  (1) a combination of two or more persons; (2) by some concerted action; (3) to accomplish a criminal or unlawful purpose or to accomplish a lawful purpose by criminal or unlawful means. *Temborius v. Slatkin*, 157 Mich. App. 587, 600 (1986).  An allegation of civil conspiracy "must be coupled with a substantive theory of liability in order to

sustain a cause of action." *Mohammed v. Union Carbide Corp.,* 606 F. Supp. 252, 257 (E.D. Mich. 1985).

Here, Borrower fails to allege any facts establishing an ongoing organization or control of the purported enterprise by Defendants. Rather, Borrower makes the bald assertion that Defendants are an enterprise and, then, alleges a string of supposed racketeering activities independently conducted by Defendants. *See* Complaint, ¶¶ 78, 80.

Borrower also fails to allege racketeering or any criminal or unlawful purpose. Merely collecting a debt and/or enforcing a security interest is not criminal or unlawful. For each of these reasons, Borrower's RICO and conspiracy claims should be dismissed. *See United States v. Johnson*, 440 F.3d 832, 840 (6th Cir. 2006).

### 4.    Borrower Has Failed to Allege the Existence of a Duty

Borrower brings two counts that sound in negligence and rely on the existence of a duty owed. Specifically, to establish a *prima facie* case of negligence (Count XII) under Michigan law, a plaintiff has the burden of showing "(1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the duty caused the plaintiff injuries, and (4) that the plaintiff suffered damages." *Lelito v. Monroe*, 273 Mich. App. 416, 418-19; 729 N.W.2d 564, 566 (Mich. Ct. App. 2006); *Brown*, 478 Mich. 545,

553 (2007), citing *Buczkowski v. McKay*, 441 Mich. 96, 100-101; 490 N.W.2d 330 (Mich. 1992).

Similarly, in order to plead a claim for breach of fiduciary duty (Count III), Borrower must plead a special relationship giving rise to a duty. *Coyer v. HSBC Mortg. Servs.*, No. 10-cv-14339, 2010 U.S. Dist. LEXIS 142710, *12 (E.D. Mich. Dec. 8. 2010) (finding that "a mortgagee does not owe any fiduciary duty to the mortgagor") (adopted by *Coyer v. HSBC Mortg. Servs., 2011 U.S. Dist. LEXIS 42189* (E.D. Mich. Apr. 19, 2011). (**Exh. E**)

Here, Borrower fails to assert that BANA owed Borrower a specific duty, let alone allege how BANA breached any such duty. Instead, Borrower only generally alleges that BANA violated its duty to the public at large and "owed a duty to Keturah Mixon" and lists a litany of loan servicing activities to support that contention. Complaint, ¶ 160. However, loan servicers do not owe a special duty to borrowers. As a general rule, lenders, mortgagees, and mortgage servicers do not have an independent legal duty to exercise reasonable care in relation to a borrower. *See Elson v. Deutsche Bank Nat'l Trust Co.,* No. 11-14100, 2012 U.S. Dist. LEXIS 73220, *30 (E.D. Mich. May 25, 2012) (citing *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 194, 199-200 (Mich. Ct. App. 1991) (**Exh. E**); *Crews v. Fannie Mae*, No. 2:11-cv-11656, 2012 U.S. Dist. LEXIS 25237, *20 (E.D. Mich. Feb. 8, 2012); (**Exh. E**); *Coyer v. HSBC Mortg. Servs.*, No. 10-cv-

14339, 2010 U.S. Dist. LEXIS 142710, *12 (E.D. Mich. Dec. 8. 2010) (adopted by *Coyer v. HSBC Mortg. Servs., 2011 U.S. Dist. LEXIS 42189* (E.D. Mich. Apr. 19, 2011) (**Exh. E**).   Thus, Borrower's negligence claim is properly dismissed as a matter of law.

### 5.   Borrower Has Not Properly Pled Breach of Contract and Is Barred from Doing So Based on Her Prior Substantial Breach

To state a claim for breach of contract in Michigan, a plaintiff is required to allege:  (1) the existence of a valid contract; (2) the terms of the contract; (3) breach of the contract; and (4) an injury caused by the breach.  *See Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999), *see also New Freedom Mortgage Corp v Globe Mortgage Corp.*, 281 Mich. App. 63, 69; 761 N.W. 2d 832, 837 (Mich. Ct. App. 2008) ("Damages are an element of a breach of contract action").  In this case, Borrower claims that BANA refused to properly credit payments made to her loan and accepted payments that were extorted from her.  Complaint, ¶¶ 146-47.  These allegations are conclusory and simply fail to allege the terms of the contract that was purportedly breached or how BANA breached the contract.  Moreover, Plaintiff's claim for breach of contract is wholly inconsistent with her allegations that there never was a contract.  (*See, e.g.* Complaint, ¶¶ 5, 19, 20, 167)  Even if Plaintiff's allegations were correct, which they are not, there is no allegation or other reason to infer that Plaintiff suffered any money damages due to the alleged breach.

14

Borrower is also barred from alleging breach of contract against BANA as Borrower committed the first material breach of the Mortgage contract.  Michigan law is clear that the party that commits the first substantial breach of contract cannot maintain an action against the other contracting party for a subsequent failure to perform.  *Converge, Inc. v. Topy Am., Inc.*, 316 Fed. Appx. 401, 408 (6th Cir. 2009).   Borrower cannot allege breach of contract as to actions which allegedly occurred after Borrower defaulted on her loan.  *See Fifth Third Bank v. Danou Tech. Park,* 2012 Mich. App. LEXIS 528 at *28 (Mich. App. Mar. 20, 2012) (defendant committed a substantial breach of contract by failing to repay plaintiff the outstanding obligation owed to it and, therefore, defendant forfeited the right to pursue an action concerning the mortgage).  (**Exh. E**).  Borrower's claim for breach of contract (Count X) should be dismissed.

### 6.    Borrower's Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing Fail

Borrower brings two claims for breach of the implied covenant of good faith and fair dealing (Counts XI and XX.)  Here, there is a contractual relationship between the Parties governed by the Note and Mortgage.  In cases such as this, where the parties' contract unmistakably expresses the parties' respective rights, District Courts have observed that Michigan law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing.  *E.g.*, *Soto v. Wells Fargo Bank, N.A.*, No. 11-14064, 2012 WL

113534, at *5 (E.D. Mich. Jan. 13, 2012) (Cohn, J.) ( **Exh. E**); *Fawaz v. Bus. Loan Express, LLC*, No. 05-73135, 2006 WL 1779411, at *6 (E.D. Mich. June 26, 2006) (Duggan, J.) (**Exh. E**).  As such, Borrower cannot bring an implied covenant claim.

### 7.    Borrower Cannot Support Her Claim for Tortious Interference

The elements of both tortious interference with a business relationship and tortious interference with prospective business advantage are:  (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant; (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the plaintiff.  *Mino v. Clio School Dist.,* 255 Mich. App. 60, 78; 661 N.W.2d 586 (Mich. Ct. App. 2003); *see also Blazer Foods, Inc. v. Restaurant Properties, Inc.,* 259 Mich. App. 241, 254 (Mich. Ct. App. 2003).

Borrower has not alleged any valid business expectancy.  She appears to allege only that the collection efforts and foreclosure caused harm to her "professional reputation" and will make it more difficult for her to maintain her interior design business. *See* Complaint, ¶¶ 218-20.  Nor does Borrower allege that Bank of America had knowledge of any valid business expectancy or that Bank of America intentionally interfered with any valid expectancy.  Finally, Borrower does not allege any facts showing how she was purportedly damaged.  Because

Borrower has failed to allege any of the elements of a claim for tortious interference with business relations or tortious interference with prospective economic advantage, Count XXI should be dismissed with prejudice, and any amendment would be futile.

### 8.    Borrower's Emotional Distress Claims Fail as a Matter of Law

Borrower's Intentional Infliction of Emotional Distress ("IIED") claim must be dismissed because Plaintiff cannot establish any, let alone all, of the elements of a *prima facie* claim of IIED.  To establish IIED, a plaintiff must demonstrate "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress."  *Graham v. Ford*, 237 Mich. App. 670, 674; 604 N.W.2d 713 (Mich. Ct. App. 1999).  The plaintiff must show conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Fry v. Ionia Sentinel-Standard*, 101 Mich. App. 725; 300 N.W.2d 687 (Mich. Ct. App. 1980).

A claim of IIED cannot be maintained where the alleged damages arise from commercial contracts.  *See Jerome v Michigan Mutual Auto Ins Co*, 100 Mich. App. 685, 689; 300 N.W.2d 371 (Mich. Ct. App. 1981).  An intentional infliction of emotional distress claim will rarely survive in the contractual setting because a tort action for intentional infliction of emotional distress must rest on a breach of

duty distinct from contract. *Roberts v. Auto Owners Ins. Co.,* 422 Mich. 594, 603 (1985) ("The failure to pay a contractual obligation or insurance benefits does not amount to outrageous conduct, even if it is done in bad faith or willfully").  In this case, Borrower executed binding contracts— the Note and Mortgage—which gave Defendants the ability to exercise the power of sale if the Borrower defaulted on the Note.  *See* **Exh. A**, Note; **Exh. B**, Mortgage.  Although Borrower alleges that she has suffered mental, physical, and emotional harm by the actions of the Defendants, District Courts have found that this does not reach the level necessary to state a claim under IIED.  *See Hurley v. Deutsche Bank Trust Co. Americas,* No. 07-11924, 2008 WL 373426, *6 (E.D. Mich. Feb. 12, 2008).  (**Exh. E**)

The IIED claim is completely inapplicable to this fact pattern because an IIED claim must be "predicated upon the plaintiff's witnessing negligent injury to an immediate family member and suffering severe mental distress resulting in actual physical harm."  *In re Estate of Bandemer*, 2010 WL 3984653, *4 (Mich. App. October 12, 2010) (**Exh. E**); *see also Kogelshatz v. Gendernalik Funeral Home*, 2010 WL 4628678, *4 (Mich. App. Nov. 16, 2010) (**Exh. E**).  No injury to any family member was alleged and, even if it had been, no facts could possibly implicate BANA.

### 9.      Borrower's FDCPA Claim (Count XIV) Fails as a Matter of Law

Borrower alleges that BANA is subject to the Fair Debt Collection Practices Act ("FDCPA"), claiming BANA is a "debt collector".  (Complaint, ¶ 176).  First, Plaintiff's allegations under the FDCPA fail, as Borrower has not identified any specific act by BANA which constitutes a violation of the statute, nor has she alleged that BANA's conduct amounted to debt collection.  This alone provides sufficient grounds for dismissing these claims.

Borrower's FDCPA claim also fails as a matter of law because BANA is not a debt collector as defined under the FDCPA, and the FDCPA is not applicable to BANA, as BANA is identified as a "servicing agent" of the mortgage.  (Complt. ¶ 19).  Under the FDCPA, a "debt collector" is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another* … [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6) (emphasis added).   "[C]reditors are not subject to the FDCPA when collecting their accounts."  *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).   "[T]he law is well-settled … that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."  *Mohlman v. Long Beach*

*Mortg. Extinct Lender*, No. 12-10120, 2013 U.S. Dist. LEXIS 17074 at *12 (E.D. Mich. Feb. 18, 2013). (**Exh. E**). In addition, foreclosure does not constitute debt collection under the Act. *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948, 960-61 (E.D.Mich. 2012); *Johnson v. Trott & Trott,* 829 F.Supp.2d 564 (W.D.Mich. 2011).

### 10. Borrower's TCPA Claim (Count XXII) Is Time-Barred

The Telephone Consumer Protection Act ("TCPA") makes it unlawful for a person to make a call using any "automatic telephone dialing system" or an "artificial or prerecorded voice" to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call. The TCPA provides an exception for calls made for emergency purposes and for calls made "with the prior express consent of the called party." TCPA claims are subject to a four-year statute of limitations. 28 U.S.C. §1658(a).

Borrower seek damages for BANA's alleged violation of the TCPA by making numerous calls to Plaintiff's cell phone using a predictive dialer without Plaintiff's prior express consent. However, each of the enumerated causes of action occurred on or before January 19, 2012 (Complaint, ¶ 226), more than six years before Borrower filed suit. Borrower cannot save her claim by summarily alleging that there were "hundreds of similarly situation calls consistently for the next five years …" *Id.* The claim is time-barred and should be dismissed.

### 11.    Borrower Cannot Assert a Claim for Violation of MCL 600.3204 Against BANA

Borrower alleges that Defendants, other than Carrington, are violating MCL 600.3204 by foreclosing when her loan has been paid in full.  Complaint, ¶ 143. However, as previously stated, Borrower does not provide any plausible factual support for her assertion that she paid off her loan, and the Satisfaction of Mortgage that she produced has been deemed to be invalid.  Exh. 7 to Complaint. In addition, both BANA's and Carrington's records indicate that the loan is in default.  *See, e.g.* Complaint Exhs. 1, 3-6, F.  Moreover, Borrower does not point to any specific statutory violation by BANA and does not explain why, if her loan was paid in full, it would be improper for BANA to initiate foreclosure, but not Carrington.  Without plausible factual support for her assertion that her loan has been paid, this claim (Count VIII) fails and should be dismissed.

### 12.    Borrower's Claims for Libel (Count XXIV) and Slander of Title (XXV) Each Require a False Statement

To prove libel, Borrower is required to establish:  (1) a false and defamatory statement concerning the [Borrower]; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication.  *Collins v. Detroit Free Press, Inc.,* 245 Mich. App 27, 32; 627 NW 2d 5 (2001), quoting *Rouch v. Enquirer &*

*News of Battle Creek (After Remand),* 440 Mich. 238, 251; 487 NW 2d 205 (1992).

It requires a false statement or implication and places the burden on a plaintiff to

prove the elements of a defamation claim. *See Locricchio v. Evening News Ass'n,*

438 Mich. 84, 133 (1991)

In Michigan, slander of title claims have a statutory and common-law basis.

The elements of slander of title under the common law are well-settled: (a) a false

statement of the defendant affecting the plaintiff's right in the property; (b) malice;

and (c) special damages. *See B&B Investment Group v Gitler,* 229 Mich App 1, 8

(1998); *Harrison v Howe,* 109 Mich 476, 478-479 (1896); *Glieberman v Fine ,* 248

Mich 8, 12 (1929). The statutory basis is found under MCL 565.108, which

provides:

> "No person shall use the privilege of filing notices hereunder for the
> purpose of slandering the title to land, and in any action brought for
> the purpose of quieting title to land, if the court shall find that any
> person has filed a claim for that reason only, he shall award the
> plaintiff all the costs of such action, including such attorney fees as
> the court may allow to the plaintiff, and in addition, shall decree that
> the defendant asserting such claim shall pay to plaintiff all damages
> that plaintiff  may have sustained as the result of such notice of claim
> having been so filed for record."

The elements of slander of title under MCL 565.108 are the same as those under

the common law. *See B&B Investment Group, supra.*

In support of her libel and slander of title claims, Borrower alleges that

BANA made "fraudulent claims for payment or approval," and that BANA knew

the claims were false. (Complaint, ¶¶ 237-38). Her slander of title adds an allegation that BANA "filed a fraudulent lien" on her property. *Id.*, ¶ 246. However, neither of these allegations constitutes a false statement that would support her claims. First, Borrower acknowledges in her Complaint that she obtained a loan secured by her property (Complaint, ¶¶ 21, 23). Second, Borrower provides no factual support for her assertion that the Mortgage was fraudulent. In addition, given that Borrower has acknowledged that she obtained a loan, any claim for payment would also be a true statement, as Plaintiff acknowledges that she owed money to her Lender. *Id.*

Finally, to the extent that Borrower is basing her claim for slander of title on the recordation of either the Mortgage in 2008 or the Assignment in 2011, her claim is barred by the statute of limitations. A claim for slander of title must be brought within one year. MCL 600.5805(9); *see also Bonner v Chicago Title Ins. Co*, 194 Mich App 462, 471 (1992) (holding "the one-year period of limitation for an action charging libel or slander applies to an action for slander of title").

### 13. Borrower's Claims for Violation of 18 U.S.C. §§ 873, 875(b) and 880 and 1038(b) Each Fail Because She Cannot Initiate a Criminal Prosecution

Borrower brings claims for extortion and blackmail – violation of 18 U.S.C. §§ 873, 875(b), and 880 (Count V) and false information and hoaxes – violation of 18 U.S.C. 1038(b) (Count XXIII). Each of these claims fails because they are

brought under criminal statutes, and she has no authority to bring a federal criminal prosecution.  See, *United States v. Nixon*, 418 U.S. 683, 693 (1974) (decision to prosecute a case rests exclusively with executive branch); *Johnson v. Working America, Inc.*, 2012 U.S. Dist LEXIS 168798.  (**Exh. E**)

### 14. Borrower Does Not Allege Sufficient Facts or Specific Statutory Violations to Support Her Claims Under 12 U.S.C. § 5481, et seq.

Borrower also asserts claims under 12 U.S.C. § 5481, *et seq.* (Counts XVII and XVIII).  However, the statute cited recites the definitions for terms used in the Consumer Finance Protection Act, and Borrower does not point to any specific provision of the Act that she alleged was violation.  Nor does Borrower provide any factual allegations regarding the specific violations she is asserting.

Moreover, rules promulgated by the CFPA are only enforceable in an administrative proceeding brought by the CFPB or a state regulator and do not provide for a private right of action.  *Schmidt v. PennyMac Loan Services, LLC*, 106 F. Supp. 3d 859, 869 (2015) (holding that statutes that direct federal agencies to issue rules and regulations rarely create private rights of action.); *see also Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) (no private right of action unless expressly creates one.)  Therefore, Borrower's claims brought under 12 U.S.C. § 5481, *et seq.* (Counts XVII and XVIII) must be dismissed.

## V.    CONCLUSION

Borrower has failed to state any claims against BANA upon which relief can be granted.  Accordingly, and as set forth above, BANA respectfully requests the entry of an order:   (i) dismissing all of Borrower's claims with prejudice; (ii) awarding BANA its costs and fees, including attorneys' fees; and (iii) awarding BANA such other relief as the Court deems necessary or appropriate.

Respectfully submitted,

*/s/ Aimee R. Gibbs*
Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
Dickinson Wright PLLC
Attorneys for Bank of America, N.A.
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
agottlieb@dickinsonwright.com
agibbs@dickinsonwright.com

Dated:  June 28, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 28, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will provide notification to all counsel of record.  A copy of this document was also emailed and overnight mailed to Plaintiff on June 28, 2018

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:  */s/Aimee R. Gibbs*
Amy Sabbota Gottlieb (P67020)
Aimee R. Gibbs (P70522)
DICKINSON WRIGHT PLLC
2600 West Big Beaver Road, Suite 300
Troy, Michigan 48084-3312
(248) 443-7286
*Attorneys for Defendant Bank of America, N.A.*
agottlieb@dickinsonwright.com
agibbs@dickinsonwright.com

ANNARBOR 21348-319 245648v1

26