UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETURAH MIXON,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                Case No. 1:18-CV-499

DAVID TROTT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Bank of America's Motion to Dismiss. (ECF No. 36). Plaintiff initiated this action alleging various federal and state causes of action related to the foreclosure of her residence. Defendant Bank of America moves to dismiss Plaintiff's claims on the ground that such are precluded by the doctrine of res judicata. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Defendant's motion be **granted**.

## ANALYSIS

On May 8, 2015, Plaintiff filed a lawsuit against Bank of America and twenty (20) unidentified John Does alleging various claims concerning the allegedly fraudulent and/or invalid transfer of her mortgage to Bank of America and subsequent foreclosure of the property in question. *Mixon v. Bank of America*, 1:15-cv-486, ECF No. 1 (W.D. Mich.). On June 26, 2015, the undersigned recommended that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted. *Mixon v. Bank of America*, 1:15-cv-486, ECF No. 16 (W.D. Mich.). This

recommendation was adopted by the Honorable Janet T. Neff on July 17, 2015, and judgment entered in favor of Bank of America. *Mixon v. Bank of America*, 1:15-cv-486, ECF No. 17-18 (W.D. Mich.). Plaintiff initiated the present action on May 3, 2018, against Bank of America and other defendants alleging numerous violations of federal and state law related to the allegedly fraudulent and/or invalid transfer of her mortgage to Bank of America and subsequent foreclosure of her property. Defendant Bank of America argues that Plaintiff's present claims are subject to dismissal on res judicata grounds.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09.

Plaintiff's initial lawsuit was resolved on the merits thus satisfying the first element. With respect to the second element, Plaintiff has sued Bank of America in both actions. Regarding the third element, the claims asserted against Bank of America in the present action could have been (or were) asserted in Plaintiff's previous action. With respect to the fourth element, the Sixth Circuit has observed:

> Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same. In the words of the Supreme Court, "the now-accepted test in preclusion law for determining whether two suits involve the same

>    claim or cause of action *depends on factual overlap*.   Two suits are for
>    or [are] in respect to the same claim. . .if they are based on substantially
>    the same operative facts, regardless of the relief sought in each suit."

*Heike v. Central Michigan University Board of Trustees*, 573 Fed. Appx. 476, 482-83 (6th Cir., July 22, 2014) (citation omitted).

With respect to Defendant Bank of America, the underlying facts alleged in Plaintiff's lawsuits are, in all relevant respects, identical.   This element is, therefore, satisfied.   In sum, the Court finds that res judicata precludes Plaintiff from pursuing the claims asserted in the present action against Defendant Bank of America.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Bank of America's Motion to Dismiss</u>, (ECF No. 36), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 1, 2018         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge