UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETURAH MIXON,

    Plaintiff,　　　　　　　　　　　　　　　　Hon. Janet T. Neff

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 1:18-CV-499

DAVID TROTT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 42); Plaintiff's Motion for Summary Judgment, (ECF No. 44); Defendant's Motion for Summary Judgment and/or Dismissal, (ECF No. 48); and Defendant's Motion to Dismiss, (ECF No. 62). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Plaintiff's motions be **denied**, Defendants' motions be **granted**, and this matter **terminated**.

**I.**　　　　**Defendants' Motions to Dismiss**

On May 8, 2015, Plaintiff filed a lawsuit against Bank of America and twenty (20) unidentified John Does alleging various claims concerning the allegedly fraudulent and/or invalid transfer of her mortgage and subsequent foreclosure of the property in question. *Mixon v. Bank of America*, 1:15-cv-486, ECF No. 1 (W.D. Mich.). On June 26, 2015, the undersigned recommended that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted. *Mixon v. Bank of America*, 1:15-cv-486, ECF No. 16 (W.D. Mich.). This recommendation was adopted by

the Honorable Janet T. Neff on July 17, 2015. *Mixon v. Bank of America*, 1:15-cv-486, ECF No. 17-18 (W.D. Mich.). Plaintiff initiated the present action on May 3, 2018, against Bank of America, Trott Law, P.C., David Trott, and Carrington Mortgage Services, LLC alleging numerous violations of federal and state law related to the allegedly fraudulent and/or invalid transfer of her mortgage and subsequent foreclosure of her property.

On June 18, 2018, Plaintiff agreed to dismiss with prejudice her claims against Defendant David Trott. (ECF No. 26). On August 1, 2018, the undersigned recommended that Plaintiff's claims against Defendant Bank of America be dismissed. (ECF No. 56). Plaintiff's objections to this recommendation remain pending. Defendants Trott Law and Carrington Mortgage now move to dismiss Plaintiff's claims on various grounds, including that such are precluded by res judicata and collateral estoppel.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09.

Plaintiff's initial lawsuit was resolved on the merits thus satisfying the first element. With respect to the second element, both Trott Law and Carrington Mortgage are properly considered

to be in privity with Bank of America, against whom the prior action was asserted. In her complaint, Plaintiff alleges that Trott Law served as Bank of America's "foreclosure firm." (ECF No. 1 at PageID.10). As such, Trott Law is in privity with Bank of America. *See, e.g., Kimball v. Orlans Associates P.C.*, 651 Fed. Appx. 477, 481 (6th Cir., June 9, 2016). Carrington Mortgage, like Bank of America, was a servicer of Plaintiff's mortgage. (ECF No. 63 at PageID.1624-36). As such, Carrington Mortgage is considered to be in privity with Bank of America. *See, e.g., Saari v. Orlans Associates, P.C.*, 2011 WL 6130433 at *4 (W.D. Mich., Dec. 8, 2011) (privity is established where two parties possess "mutual or successive relationships to the same right of property").

Regarding the third element, the claims asserted in the present action against Defendants Trott Law and Carrington Mortgage could have been asserted in Plaintiff's previous action. With respect to the fourth element, the Sixth Circuit has observed:

> Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same. In the words of the Supreme Court, "the now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action *depends on factual overlap*. Two suits are for or [are] in respect to the same claim. . .if they are based on substantially the same operative facts, regardless of the relief sought in each suit."

*Heike v. Central Michigan University Board of Trustees*, 573 Fed. Appx. 476, 482-83 (6th Cir., July 22, 2014) (citation omitted). The underlying facts alleged in Plaintiff's lawsuits are, in all relevant respects, identical. This element is, therefore, satisfied.

In sum, the Court finds that res judicata precludes Plaintiff from pursuing the claims asserted in the present action against Defendants Trott Law and Carrington Mortgage. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment and/or Dismissal, (ECF No. 48), and Defendant's Motion to Dismiss, (ECF No. 62), both be granted.

**II.       Plaintiff's Motions**

Plaintiff moves for judgment on the pleadings, based on alleged deficiencies in Defendants' answers to her complaint, and summary judgment. However, because Plaintiff's claims are barred for the reasons discussed above, Plaintiff is not entitled to relief. Accordingly, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 42), and Plaintiff's Motion for Summary Judgment, (ECF No. 44), both be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Judgment on the Pleadings</u>, (ECF No. 42), be **denied**; <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 44), be **denied**; <u>Defendant's Motion for Summary Judgment and/or Dismissal</u>, (ECF No. 48), be **granted**; <u>Defendant's Motion to Dismiss</u>, (ECF No. 62), be **granted**; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: November 13, 2018             /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge