UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETURAH MIXON,

    Plaintiff,

v.

DAVID TROTT, et al.,

    Defendants.

_____/

Case No. 1:18-cv-499

HON. JANET T. NEFF

# OPINION AND ORDER

Plaintiff filed this case on May 3, 2018, alleging numerous federal and state causes of action against four Defendants, including Bank of America, N.A., a defendant in Plaintiff's earlier 2015 quiet title/mortgage loan case before this Court. This case is now before the Court on Plaintiff's pending objections to Reports and Recommendations of the Magistrate Judge, and related matters.[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons cited below, the Court makes the following determinations and issues this Opinion and Order closing this case.

### I. Plaintiff's Objections to Report and Recommendation (Pl. Obj., ECF No. 67; R&R, ECF No. 57)

On August 1, 2018, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant Defendant Bank of America's motion to dismiss (R&R, ECF No. 56; Def. Mot., ECF No. 36). The Magistrate Judge concluded that the present suit is barred

---

[1] Plaintiff is a restricted filer. She nonetheless has continued to submit numerous filings.

under res judicata by *Mixon v. Bank of America, et. al.*, No. 1:15-cv-486 (W.D. Mich. July 17, 2015).

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. District courts need not provide de novo review of frivolous or conclusive objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A court's review of generalized objections, blanket incorporation of previous filings, and the mere reiteration of arguments in response to a Report and Recommendation "renders the magistrate useless." *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997). Additionally, arguments not raised before the Magistrate Judge are not properly raised in an objection to a Report and Recommendation. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Bartlett v. Borgess Hospital*, No. 1:17-cv-1138, 2018 WL 4521936 at *1 (W.D. Mich. Sept. 21, 2018).

Plaintiff objects to "every letter and every word" of the Report and Recommendation (Pl. Obj., ECF No. 67 at PageID.1842). Because the Report and Recommendation analyzed only the res judicata issue, only that topic is appropriate for objection under W.D. Mich. LCivR 72.3(b). The considerable bulk of Plaintiff's filings concern other legal theories and allegations (*See* Pl. Obj., ECF No. 67). Plaintiff's argument that this suit is not barred by res judicata centers around Plaintiff's assertion that the previous judgment between the parties is void due to, among other things, fraud, a lack of standing, and "thousands" of new causes of action Plaintiff asserts she has alleged in the current suit (*see id*. at PageID.1845-1846, 1849, 1853).

Plaintiff's objection is denied.  Plaintiff's argument as to fraud is central to her complaint; yet her objection simply rehashes her complaint allegations and reveals no error on this issue. Plaintiff did not raise a lack of standing or a jurisdictional shortcoming in the original lawsuit before the Magistrate Judge, so the Court will not entertain these arguments now.  Even if she had, Plaintiff has not shown that Defendants' removal of the Michigan Quiet Title Action to this Court was improper.  Additionally, the "new causes of action" Plaintiff claims to allege do not eliminate the effect of the factual overlap or the underlying operative facts between the two cases (*see* R&R, ECF No. 56 at PageID.1275, citing *Heike v. Cent. Mich. Univ. Bd. of Trustees*, 573 F. App'x 476, 482-83 (6th Cir. 2014)).

The Court denies the objection and adopts the Report and Recommendation.  Defendant Bank of America's motion to dismiss is properly granted.

## II. Plaintiff's Notice of Non-Opposition by Defendant Bank of America (Pl. Notice, ECF No. 95)

Plaintiff filed a notice of non-opposition by Bank of America to several of her motions and objections made after the Magistrate Judge recommended granting Bank of America's motion to dismiss (Pl. Notice, ECF No. 95).  Defendant Bank of America filed a response, asserting that responding to Plaintiff's filings appeared "unnecessary or moot" after the Magistrate Judge recommended Bank of America's dismissal (Def. Notice, ECF No. 97).  As observed in the case Plaintiff cites, the local rule at issue permits courts discretion to excuse a non-response.  *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).  Given Plaintiff's prolific filings, continued response by Bank of America would be a waste of resources and cannot reasonably be deemed to have any adverse consequences.

### III. Plaintiff's Objections to Report and Recommendation (Pl. Obj., ECF No. 108; R&R, ECF No. 101)

On November 13, 2018, the Magistrate Judge issued a second Report and Recommendation (R&R, ECF No. 101), recommending that Plaintiff's motions for judgment on the pleadings (ECF No. 42) and for summary judgment (ECF No. 44) be denied; Defendant Trott Law's motion for summary judgment/and or dismissal (ECF No. 48) be granted; Defendant Carrington Mortgage Services' corrected motion to dismiss (ECF No. 62) be granted; and this action terminated. The Magistrate Judge made findings similar to those in the first Report and Recommendation (ECF No. 56), finding Plaintiff's claims against Defendants Trott Law and Carrington Mortgage Services barred by res judicata due to the aforementioned previous lawsuit (R&R, ECF No. 101 at PageID.2153-2155). The Magistrate Judge determined that because Plaintiff's claim is barred by res judicata, Plaintiff was not entitled to relief on her motions for judgment on the pleadings or summary judgment (*id*. at 2156).

Plaintiff has objected (Pl. Obj., ECF No. 108) to the Report and Recommendation in a nearly identical way as she did to the first Report and Recommendation, with few exceptions. Defendant Trott Law has filed a response arguing that Plaintiff's 65-page rambling and irrelevant filing fails to abide by Local Rule 72.3(b) and that sanctions should be imposed on Plaintiff (Def. Resp., ECF No. 110).[2] Defendant Carrington Mortgage Services has also filed a response to Plaintiff's objection, asserting that Plaintiff's rambling 65 page (plus exhibits) filing states nothing more than her dissatisfaction with the Magistrate Judge's well-reasoned findings and that Plaintiff simply reasserts her original allegations or asserts arguments not raised before the Magistrate Judge (Def. Resp., ECF No. 111).

---

[2] The Court does not construe Defendant Trott's argument for sanctions (ECF No. 110 at PageID.2388-2389) as a motion for such. The Court will enforce Plaintiff's restricted filing status.

Because Plaintiff makes nearly identical arguments in her objections to both Reports and Recommendations, and the Magistrate Judge analyzed the same legal issue in each, Plaintiff's objection is denied for the same reasons discussed above. Insomuch as Plaintiff advances additional arguments, they do not change the result. The Magistrate Judge need not have mentioned Bank of America in this Report and Recommendation, and Bank of America was under no obligation to respond after the Magistrate Judge recommended dismissing that party in the August 1, 2018 Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b). Plaintiff's argument that this Report and Recommendation was premature was not raised before the Magistrate Judge, so the Court will not entertain it on objection to the Report and Recommendation. *See Waters*, 158 F.3d at 936. The Magistrate Judge properly concluded that the present suit is barred by res judicata as to Defendants Trott Law and Carrington Mortgage Services for the reasons articulated in the Report and Recommendation (*see* R&R, ECF No. 101).

The Court denies the objection and adopts the Report and Recommendation. Plaintiff's motion for judgment on the pleadings (ECF No. 42) and motion for summary judgment (ECF No. 44) are denied. Defendant Trott Law's motion for summary judgment/and or dismissal (ECF No. 48) and Defendant Carrington Mortgage Services' motion to dismiss (ECF No. 62) are granted. Defendants Trott Law and Carrington Mortgage Services are dismissed.

IV. **Plaintiff's "Motion to Have this Court Honor Her Constitutional Rights under the 5th, 7th, and 14th Amendments, and the Federal Rules of Civil Procedure Rule 38" (Pl. Mot., ECF No. 105)**

On November 19, 2018, after the Reports and Recommendations, Plaintiff filed a motion asking the Court to "honor her constitutional rights." Plaintiff asserts that the Magistrate Judge has denied her rights to a trial by jury, due process, equal protection, and "several other rights" (Pl. Mot., ECF No. 105 at PageID. 2279). The motion and accompanying brief (Pl. Br., ECF No. 106) are substantially similar to another motion and brief Plaintiff filed with the same title on August

5

17, 2018 (Pl. Mot., ECF No. 72; Pl. Br., ECF No. 73), that the Magistrate Judge denied (Order, ECF No. 100 at PageID.2151) (discussed below). The motion is denied for the same reasons the Magistrate Judge cited in her Order denying the first motion.

V. **Plaintiff's Objection to Magistrate Judge's Order (Pl. Obj., ECF No. 109; Order, ECF No. 100)**

On November 13, 2018, the Magistrate Judge issued an Order denying five separate non-dispositive motions filed by Plaintiff (Order, ECF No. 100). On November 19, 2018, Plaintiff filed an "objection" to this Order (Pl. Obj., ECF No. 109). Non-dispositive Orders of the Magistrate Judge are reviewed for clear error pursuant to W.D. Mich. LCivR 72.3(a). Each paragraph of Plaintiff's filing simply asks that each piece of the Order not be final until all prior outstanding issues have been resolved. Paragraph three also asks the Court to review and rule on all her motions de novo. Because Plaintiff fails to show clear error by the Magistrate Judge, the objection is denied.

VI. **Plaintiff's Motion to Stay the Magistrate Judge's Order (Pl. Mot., ECF No. 107; Order, ECF No. 100)**

On November 19, 2018, Plaintiff filed a motion to stay the Magistrate Judge's Order of November 13, 2018 (Pl. Mot., ECF No. 107; Order, ECF No. 100). Plaintiff seeks a stay of the Order pending resolution of all other outstanding matters (Pl. Mot., ECF No. 107). Plaintiff provides no justification for a stay; and in any event, because the Court has resolved all pending dispositive matters, the requested stay is moot.

VII. **Conclusion**

Accordingly, this Court adopts the Report and Recommendation of August 1, 2018 (ECF No. 56) and the Report and Recommendation of November 13, 2018 (ECF No. 101) as the Opinions of this Court. All relevant motions are decided as discussed herein. All claims in this

6

case having been resolved, Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 67) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 56) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Bank of America's Motion to Dismiss (ECF No. 36) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 108) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 101) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 109) to the Order of the Magistrate Judge (ECF No. 100) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Honor Her Constitutional Rights" (ECF No. 105) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 42) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 44) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Trott Law, P.C.'s Motion for Summary Judgment/Dismissal (ECF No. 48) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Carrington Mortgage Services, LLC's. Motion to Dismiss (ECF No. 62) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (ECF No. 107) the Order of the Magistrate Judge (ECF No. 100) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff is RESTRICTED from filing any additional motion in this case without first obtaining leave of the Court.  <u>Filing a motion without leave of the Court may expose Plaintiff to further sanctions</u>.  In seeking leave to file, Plaintiff must certify that (1) the argument she wishes to present is a new argument not previously considered by the Court; and (2) the new argument is not frivolous, untimely or taken in bad faith.  Failure to strictly comply with these terms will be sufficient grounds for the Court to summarily deny Plaintiff leave to file.


Dated: March 6, 2019                                      /s/ Janet T. Neff
                                                                            JANET T. NEFF
                                                                            United States District Judge